Aaron T. Winn (SBN 229763)
**DUANE MORRIS** LLP
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:  619.744.2200
Facsimile:  619.744.2201
E-mail:  atwinn@duanemorris.com

Attorney for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, ANGELINA MAGAÑA, and NORMA RODRIGUEZ, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br><br>EQUITY RESIDENTIAL, a real estate investment trust, ERP OPERATING LIMITED PARTNERSHIP, a partnership, EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION, EQUITY RESIDENTIAL MANAGEMENT, L.L.C., EQR-WOODLAND PARK A LIMITED PARTNERSHIP, EQR-WOODLAND PARK B LIMITED PARTNERSHIP, and DOES FOUR through TWO HUNDRED AND FIFTY inclusive,<br><br>　　　　Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:** Defendants Equity Residential, ERP Operating Limited Partnership, Equity Residential Properties Management Corporation, Equity Residential Management, L.L.C., EQR-Woodland Park A Limited Partnership, and EQR-Woodland Park B Limited Partnership (collectively "Defendants") hereby remove Alameda County Superior Court Case No. RG14739053, *Munguia-Brown v. Equity Residential*, to this Court. This removal is based on 28 U.S.C. sections 1332, 1441, 1446, and 1453.

## PROCEDURAL HISTORY & VENUE

1. On September 3, 2014, plaintiffs Javanni Munguia-Brown, Angelina Magaña, and Norma Rodriguez filed a class action complaint in Alameda County Superior Court against defendants Equity Residential, ERP Operating Limited Partnership, and Equity Residential Properties Management Corporation. On March 23, 2015, plaintiffs filed a First Amended Complaint, which added three additional defendants: Equity Residential Management, L.L.C., EQR-Woodland Park A Limited Partnership, and EQR-Woodland Park B Limited Partnership.

2. Plaintiffs allege that Defendants own, lease, or manage residential properties throughout California, and that Defendants imposed illegal late fees on plaintiffs and other tenants who failed to timely pay rent.

3. The Complaint and First Amended Complaint, along with all other process, pleadings, and orders served on the defendants are attached hereto as Exhibits 1 through 22 (described below).

| Exhibit Number | Document |
| --- | --- |
| Exhibit 1 | Summons and Complaint |
| Exhibit 2 | Defendants' Answer and Affirmative Defenses |
| Exhibit 3 | Court's Order Designating Case as Complex |
| Exhibit 4 | Joint Case Management Conference Statement |
| Exhibit 5 | Court's Case Management Order |

| | |
|---|---|
| Exhibit 6 | Stipulation and [Proposed Order] Permitting Filing of Plaintiffs' First Amended Complaint |
| Exhibit 7 | Order Permitting Filing of Plaintiffs' First Amended Complaint |
| Exhibit 8 | Plaintiffs' First Amended Complaint |
| Exhibit 9 | Defendants' Answer and Affirmative Defenses |
| Exhibit 10 | Stipulated Protective Order |
| Exhibit 11 | Joint Discovery Case Management Conference Statement |
| Exhibit 12 | Notice of Related Case |
| Exhibit 13 | Case Management Order |
| Exhibit 14 | Plaintiffs' Consent to Electronic Service |
| Exhibit 15 | Joint Case Management Conference Statement |
| Exhibit 16 | Defendants' Consent to Electronic Service |
| Exhibit 17 | Plaintiffs' Notice of Motion and Motion to Compel Further Responses |
| Exhibit 18 | Defendants' Opposition to Plaintiffs' Motion to Compel Further Responses |
| Exhibit 19 | Plaintiffs' Reply In Support of Motion to Compel Further Responses |
| Exhibit 20 | Order Re Motion to Compel |
| Exhibit 21 | Joint Discovery Case Management Conference Statement |
| Exhibit 22 | Notice of Reassignment |

4. The Alameda Superior Court is located within the Northern District of California. *See* 28 U.S.C. § 84(a). Thus, the Northern District of California is the proper venue. *See* 28 U.S.C. § 1441(a).

**GROUNDS FOR REMOVAL**

5. The Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA), gives federal district courts original jurisdiction over class actions in which (1) the number of putative class members exceed 100, (2) the amount in controversy exceeds $5,000,000, and (3) any proposed class member and any defendant are citizens of different states.

1  2  This action satisfies each of these requirements, and none of the exceptions to removal apply to this case.

### There are more than 100 putative class members.

6. According to plaintiffs, Defendants own or manage over 25,000 apartment units in California. *See* Exhibit 8, First Amended Complaint (FAC) ¶ 1. Plaintiffs seek to represent "[a]ll persons who are or were tenants of Defendants' properties in the State of California at any time from four years prior to the date of filing of this complaint through the date of judgment who have been subjected to Defendants' Excessive Late Fees." *Id.* at ¶ 51. This putative class encompasses "hundreds or thousands of tenants." *Id.* at ¶ 52.

### There is minimal diversity.

7. Plaintiffs are citizens of California. *See* Exhibit 8, FAC ¶¶ 26-28. Thus, CAFA's minimal diversity requirement is satisfied if any defendant is a citizen of a state other than California. 28 U.S.C. § 1332(d)(2)(A). Several defendants are citizens of states other than California. Defendant Equity Residential Properties Management Corporation, for example, is a corporation organized under the laws of the State of Delaware, with its principal place of business in Illinois. Defendant Equity Residential Management, L.L.C. is also a Delaware company with its principal place of business in Illinois. Because plaintiffs are citizens of California and at least one defendant is a citizen of a state other than California, this case satisfies CAFA's minimal diversity requirement. *See* 28 U.S.C. § 1332(d)(2)(A).

### The amount in controversy exceeds $5,000,000

8. When assessing the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a complete verdict in favor of plaintiffs. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)); *see also* 28 U.S.C. §§ 1332(d). Consequently, "a removing defendant is *not* obligated to research, state, and prove the plaintiff's

claims for damages." *Coleman v Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (E.D. Cal. 2010). Moreover, a notice of removal "need not contain evidentiary submissions," but merely a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 554 (2014); see also 28 U.S.C. § 1446(a) (notice of removal need only contain a "short and plain statement of the grounds for removal").

9. Here, plaintiffs seek restitution of all late fees charged to Defendants' California tenants from September 3, 2010 through the date of any judgment. Although plaintiffs do not allege a specific number of tenants who meet their class definition, a review of defendants' records shows that the proposed class implicates more than 66,000 tenancies. Plaintiffs also do not allege an amount in controversy. But an analysis of Defendants' records shows that plaintiffs' claims implicate more than $10,000,000 in late fee charges. Thus, while Defendants believe that plaintiffs have not been damaged and are not entitled to recover any damages, the *potential* damages at issue—i.e., the amount in controversy—is more than $10,000,000. This well exceeds CAFA's jurisdictional minimum.

## TIMELINESS OF REMOVAL

10. 28 U.S.C § 1446(b) requires removal within thirty days of defendants' receipt of a "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." If a defendant has not received some pleading or other paper that, on its face, would make the case removable, a defendant may remove at any point after it "discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013).

11. Neither plaintiffs' initial pleading nor any subsequent "pleading, motion, order, or other paper" include allegations that would make the case removable. Thus, the two 30-day removal windows set forth in 28 U.S.C. § 1446(b) have not yet been triggered. Rather, Defendants are removing based upon their own investigation,

which shows that the amount in controversy exceeds $5,000,000, that there is minimal diversity, and that the class size exceeds 100 plaintiffs.  The notice of removal is thus timely.  *See Roth*, 720 F.3d at 1123.

## NOTICE TO STATE COURT & PLAINTIFFS

12. Counsel for Defendants certify that in accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon plaintiffs' counsel and filed with the clerk of the Alameda County Superior Court.

Dated: March 11, 2016     **DUANE MORRIS LLP**

By:/s/Aaron T. Winn
  Aaron T. Winn
  Attorneys for Defendants

DM2\6553264.1