# EXHIBIT 1

 **CT Corporation**

**Service of Process
Transmittal**
09/04/2014
CT Log Number 525638560

**TO:**    James Fiffer
Equity Residential
Two North Riverside Plaza, Suite 400
Chicago, IL 60606

**RE:**    **Process Served in California**

**FOR:**   Equity Residential Properties Management Corp. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Javanni Munguia-Brown, et al., Pltf. vs. Equity Residential, et al. including Equity Residential Properties Management Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Civil Case Cover Sheet |
| **COURT/AGENCY:** | Alameda County - Superior Court - Alameda, CA
Case # RG14739053 |
| **NATURE OF ACTION:** | Seeking injunctive relief, declaratory relief and damages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/04/2014 at 15:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jason H. Tarricone
Community Legal Services in East Palo Alto
1861 Bay Road
East Palo Alto, CA 94303
650-326-6440 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/05/2014, Expected Purge Date: 09/10/2014
Image SOP
Email Notification, James Fiffer jfiffer@eqrworld.com
Email Notification, Susan Zumph szumph@eqrworld.com
Email Notification, Romelle Frazer rfrazer@eqrworld.com
Email Notification, Helen Din hdin@eqrworld.com |
| **SIGNED:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |

Page 1 of  1 / KB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

9/[?]/14 @B i[?]

*12823509*

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Equity Residential Properties Management Corporation, And Does One
Through Two Hundred And Fifty Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Javanni Mungia-Brown, Angelina Magana, And Norma Rodriguez,
individually and on behalf of others similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
ALAMEDA COUNTY

SEP 03 2014

By _Guin Barbaro_, Exec. Off/Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Alameda- Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER: *(Número del Caso):* C 147390083

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Linda M. Dardarian; Laura L. Ho; Megan E. Ryan; GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000, Oakland, CA 94612

DATE: *(Fecha)* SEP 03 2014

Clerk, by _Guin Barbaro_, *(Secretario)* , Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Equity Residential Properties Management Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   Jason H. Tarricone (SBN 247506)
    jason@clsepa.org
2   Margaret McBride (SBN 294066)
    mmcbride@clsepa.org
3   COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
    1861 Bay Road
4   East Palo Alto, CA 94303
    Tel:  (650) 326-6440
5   Fax:  (866) 688-5204

6   Linda M. Dardarian (SBN 131001)
    ldardarian@gbdhlegal.com
7   Laura L. Ho (SBN 173179)
    lho@gbdhlegal.com
8   Megan E. Ryan (SBN 264922)
    mryan@gbdhlegal.com
9   GOLDSTEIN, BORGEN, DARDARIAN & HO
    300 Lakeside Drive, Suite 1000
10  Oakland, CA  94612
    Tel:  (510) 763-9800
11  Fax:  (510) 835-1417

12  Attorneys for Plaintiffs

13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                    FOR THE COUNTY OF ALAMEDA

16  JAVANNI MUNGUIA-BROWN, ANGELINA      Case No.: RG14739053
    MAGAÑA, and NORMA RODRIGUEZ,
17  individually and on behalf of others similarly   COMPLAINT FOR INJUNCTIVE RELIEF,
    situated,                                         DECLARATORY RELIEF, AND
18                                                    DAMAGES; CLASS ACTION
            Plaintiffs,                               [CAL CODE CIV. PROC. § 382]
19  vs.
                                                     (1)   VIOLATION OF CAL. CIV. CODE
20  EQUITY RESIDENTIAL, a real estate investment           § 1671;
    trust, ERP OPERATING LIMITED
21  PARTNERSHIP, a partnership, EQUITY           (2)   UNLAWFUL, UNFAIR, AND
    RESIDENTIAL PROPERTIES MANAGEMENT                  FRAUDULENT BUSINESS
22  CORPORATION, and DOES ONE through TWO              PRACTICES (BUS. & PROF. CODE
    HUNDRED AND FIFTY inclusive,                       §§ 17200-17208);
23                                              (3)   REASONABLE ATTORNEYS' FEES
            Defendants.                                AND COSTS
24

25

26

27

28

511232.28

COMPL. FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF & DAMAGES; CLASS ACTION

ENDORSED
FILED
ALAMEDA COUNTY

SEP - 3 2014

CLERK OF THE SUPERIOR COURT
By_____
                    Deputy

1    Javanni Munguia-Brown, Norma Rodriguez, and Angelina Magaña ("Plaintiffs"), on behalf of

2    themselves and all others similarly-situated (hereinafter "Class Members"), upon information and

3    belief, complain and allege as follows:

## INTRODUCTION

4

5    1.    Defendants Equity Residential, ERP Operating Limited Partnership, Equity Residential

6    Properties Management Corporation, and Does One through Two Hundred and Fifty (hereinafter

7    collectively referred to as "Defendants"), own, lease, and manage residential properties throughout the

8    country.  In California, Defendants own or manage over 25,000 individual rental units.  Defendants

9    have uniform late rent fee policies and practices across all of their California residential rental

10    properties.  Defendants' policy and practice is to charge tenants flat-rate fees of at least $50 for the late

11    payment of rent, even if Defendants receive the rent as little as one day late (past the grace period) and

12    incur no damages as a result.  This flat late fee is a liquidated damages penalty that violates California

13    law because it is excessive and bears no relation to any actual damages incurred by Defendants when

14    rent is paid late.  Moreover, Defendants' policy and practice is also to impose late fees on tenants for

15    accrued balances of late fees or other charges, although this policy and practice is not explained in the

16    terms of Defendants' rental leases.  That practice results in Defendants imposing late rent fees even

17    when the tenants make timely rent payments in accordance with their respective lease agreements.

18    Defendants also fail to advise tenants they have incurred and continue to accumulate unpaid late rent

19    fees until many months of late fees have accrued.  As a result, tenants are often unaware they have

20    accrued a balance with Defendants and are not afforded the opportunity to pay that balance in a timely

21    manner.  Defendants then continue to charge tenants additional fees for their late payment of that

22    accrued balance of which the tenant is unaware.  Plaintiffs bring this action to challenge these policies

23    and practices on behalf of themselves and all other similarly-situated residents of Defendants'

24    residential rental properties in California.

25    2.    Defendants' late rent fees exceed any reasonable measure of Defendants' actual

26    damages sustained as a result of their tenants' late rent payments, constituting liquidated damages in

27    violation of California Civil Code § 1671(d).  For example, when Defendants charge a $50 late fee

28    when a tenant has paid a rent of $1,200 two days late, this amounts to an interest rate of 760 percent

1

511232.28

1   per annum. By contrast, a 10 percent annual interest rate in this example would dictate a daily late fee

2   of approximately thirty-three cents. The unreasonableness of the late fee penalty is further

3   demonstrated by the fact that Defendants charge these fees whether the rent is one day late or two

4   weeks late. These late fee penalties are hereinafter referred to as "Excessive Late Fees."

5         3.      Defendants' violation of California Civil Code § 1671(d) is an unlawful business

6   practice which causes Plaintiffs and other tenants financial injury. As such, Defendants' policy and

7   practice of charging Excessive Late Fees violate California's Unfair Competition Law, Business and

8   Professions Code § 17200, et seq. (hereinafter referred to as the "UCL").

9         4.      Defendants' policy and practice of charging Excessive Late Fees is also an unfair

10  business practice under the UCL. California law establishes a presumption that "the detriment caused

11  by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the

12  obligation, with interest thereon." Cal. Civ. Code § 3302. Pursuant to Civil Code section 3289(b), the

13  applicable rate is fixed at 10 percent per annum. Defendants' Excessive Late Fees represent exorbitant

14  interest rates for tenants' failure to pay the amount of rent due. Defendants' violation of California

15  Civil Code § 1671(d), failure to timely advise tenants of accrued balances, and practice of charging

16  tenants additional fees for their late payment of fees, rather than rent, are likewise unfair practices

17  under the UCL.

18        5.      Defendants further implement a policy and practice of accepting on time rent payments

19  in full and applying such payments to tenants' existing balances, rather than to the full amount of rent

20  due that month. Defendants then assess another late fee against the tenant for alleged failure to pay the

21  current month's rent in full. For instance, if a tenant has paid the rent a few days late in two different

22  months, and has a $100 balance consisting of two late fees, Defendants will charge that tenant a new

23  late fee in every month that follows, even if the tenant is paying the full rent on time. Defendants do

24  not, either orally or in their lease agreements, disclose to tenants that such rent payments are applied to

25  other charges in a way that results in a new late fee each month. Defendants also have failed to inform

26  tenants that they have balances that result in additional late fee charges each month. Failure to inform

27  tenants and the charging of additional late fees when rent is paid on time constitute an unlawful, unfair,

28  and fraudulent business practice under California's Unfair Competition Law.

2

511232.28

6.    Plaintiffs and Class Members currently reside or, during the past four years, have resided in Defendants' rental properties. They have paid Excessive Late Fees to Defendants in accordance with Defendants' unlawful, unfair, and fraudulent late fee policies and practices. As a result, Plaintiffs and Class Members have suffered injury in fact.

7.    Plaintiffs seek to represent themselves and similarly-situated persons who have rented a residential unit in California from Defendants and have been assessed a late fee by Defendants at any time from four years prior to the filing of this action through the date of class certification. Pursuant to California Civil Code § 1671(d) and California Business & Professions Code § 17203, Plaintiffs seek restitution of Excessive Late Fees that Defendants have collected. Plaintiffs also seek a declaratory judgment, pursuant to California Code of Civil Procedure § 1060 and California Business & Professions Code § 17203, that Defendants' late fee policies and practices are prohibited within the state of California. Plaintiffs also seek injunctive relief enjoining Defendants' ongoing unlawful, unfair, and fraudulent business practices, as alleged herein, pursuant to California Business & Professions Code § 17203. Defendants' violations of California Civil Code §1671(d) and Business and Professions Code §.17200, *et seq.*, are continuing.

## JURISDICTION AND VENUE

8.    Jurisdiction is proper in this Court, with respect to each cause of action, under the California Constitution, Article VI, § 10.

9.    This Court has jurisdiction over the Plaintiffs' claims for restitution arising from Defendants' enforcement of contractual liquidated damages provisions in violation of California Civil Code § 1671(d).

10.    This Court also has jurisdiction over the Plaintiffs' claims for restitution and injunctive and declaratory relief arising from Defendants' unlawful, unfair, and/or fraudulent business practices under California's Unfair Competition Law ("UCL"), Business and Professions Code §§ 17202 and 17203.

11.    The Court has jurisdiction over EQUITY RESIDENTIAL because EQUITY RESIDENTIAL conducts business within the state of California through its agent, EQR OPERATING LIMITED PARTNERSHIP.

511232.28

12.   The Court has jurisdiction over EQR OPERATING LIMITED PARTNERSHIP because it conducts business within the state of California directly and through its agent, EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION.

13.   The Court has jurisdiction over EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION because it conducts business within the state of California.

14.   The Court has jurisdiction over Doe Defendants because they conduct business within the state of California.

15.   Venue is proper in this Court pursuant to California's Code of Civil Procedure § 395(a). None of the Defendants reside in California. Defendants may thus be sued in any county in California.

## THE PARTIES

16.   EQUITY RESIDENTIAL is a real estate investment trust organized under the laws of the state of Maryland, with its principle executive offices located at Two North Riverside Plaza, Chicago, Illinois. EQUITY RESIDENTIAL is the sole general partner of ERP OPERATING LIMITED PARTNERSHIP, and owns over 90 percent of ERP OPERATING LIMITED PARTNERSHIP. EQUITY RESIDENTIAL conducts its business primarily through ERP OPERATING LIMITED PARTNERSHIP and its subsidiaries. EQUITY RESIDENTIAL has exclusive control of the day-to-day management of ERP OPERATING LIMITED PARTNERSHIP. EQUITY RESIDENTIAL is hereinafter individually referred to as "EQR."

17.   ERP OPERATING LIMITED PARTNERSHIP was formed to conduct EQR's residential property business and holds substantially all of EQR's assets. ERP OPERATING LIMITED PARTNERSHIP is herein referred to as "ERP." ERP is registered to do business in the state of California with the Secretary of State and owns and operates, or has owned and operated, EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION, which is or has been the primary property management company for all EQR properties. ERP and/or EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION own and operate single-purpose limited liability companies that acquire residential rental properties throughout the state. Through those limited liability companies, ERP and EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION own or manage over 25,000 residential rental units throughout the

4

511232.28

1   State of California, including Plaintiffs' and Class Members' residences.  Equity Residential, 2012

2   Annual Report, F-22 (2012).  EQUITY RESIDENTIAL PROPERTIES MANAGEMENT

3   CORPORATION is herein referred to as "EQRPMC."

4       18.    Defendants own and lease residential properties throughout California and throughout

5   Alameda County.

6       19.    Defendants DOES ONE through TWO HUNDRED AND FIFTY inclusive are sued

7   herein pursuant to California Code of Civil Procedure § 474.

8       20.   Plaintiff Javanni Munguia-Brown is a current tenant of Defendants' residential property

9   in East Palo Alto, California.  Her tenancy is subject to Defendants' late fee penalty assessment policy.

10  Defendants have assessed and may continue to assess Excessive Late Fees against Plaintiff Munguia-

11  Brown subject to Defendants' unlawful late fee policies and practices set forth herein.

12      21.    Plaintiff Norma Rodriguez is a current tenant of Defendants' residential property in East

13  Palo Alto, California.  Her tenancy is subject to Defendants' late fee policies and practices.

14  Defendants have assessed and may continue to assess Excessive Late Fees against Plaintiff Rodriguez

15  subject to Defendants' late fee policies and practices set forth herein.

16      22.    Plaintiff Angelina Magaña is a current tenant of Defendants' residential property in East

17  Palo Alto, California.  Her tenancy is subject to Defendants' late fee penalty assessment policy.

18  Defendants have assessed and may continue to assess Excessive Late Fees against Plaintiff Magaña

19  subject to Defendants' unlawful late fee policies and practices set forth herein.

20                              **FACTUAL BACKGROUND**

21      23.   Defendants own, lease, and manage residential properties throughout California, and

22  have done so since at least four years prior to the filing of this complaint.

23      24.    Plaintiff Javanni Munguia-Brown has been a tenant in an EQR-owned apartment in East

24  Palo Alto since 2008.  Her apartment is within a residential rental property owned and managed by

25  Defendants.

26      25.    Plaintiff Javanni Munguia-Brown's lease requires that she pay rent by the first of each

27  month, but allows a four-day grace period.  Her lease also specifies that the landlord will assess a $100

28

511232.28

1  late fee if her rent payment is received after the fourth day of the month in which rent is due.

2  Defendants have assessed her a late fee of $50 per month on multiple occasions.

3       26.    Plaintiff Norma Rodriguez has been a tenant in an EQR-owned apartment in East Palo

4  Alto for over 10 years.  Her apartment is within a residential rental building owned and managed by

5  Defendants.

6       27.    Plaintiff Norma Rodriguez's lease requires that she pay rent by the first of each month,

7  but allows a four-day grace period.  Her lease also specifies that the landlord will assess a $50 late fee

8  if her rent payment is received after the 5th day of the month in which rent is due if she is late more

9  than once (the first time the fee is $25).  Defendants have assessed her a late fee of $50 per month on

10  multiple occasions.

11       28.    Plaintiff Angelina Magaña has been a tenant in an EQR-owned apartment in East Palo

12  Alto since 2006.  Her apartment is within a residential rental property owned and managed by

13  Defendants.

14       29.    Plaintiff Angelina Magaña's lease requires that she pay rent by the first of each month,

15  but allows a five-day grace period.  Her lease also specifies that the landlord will assess a late fee of

16  6% of her monthly rent if her rent payment is received after the fifth day of the month in which rent is

17  due.  Defendants have assessed her a late fee of $50 per month on multiple occasions.

18  **Imposition of Excessive Late Fees**

19       30.    Defendants' policy and practice, throughout California, is to assess residential tenants a

20  flat fee of a minimum of $50 for the late payment of rent regardless of the amount of rent owed or the

21  length of time which elapses from the time rent is due and the time that the tenant pays that rent.  A

22  tenant's failure to timely pay rent constitutes "a breach of an obligation to pay money only" pursuant

23  to Civil Code section 3302, as held by the California Supreme Court in *Knight v. Marks*, 183 Cal. 354,

24  357 (1920) and other published decisions.

25       31.    Plaintiff Javanni Munguia-Brown's lease with Defendant provided her rent was due on

26  the first day of the month, with a grace period of four days.  Defendants acknowledge receiving

27  Plaintiff Javanni Munguia-Brown's full February 2012 rent, including past late fees, on February 9,

28  2012.  Defendants assessed a $50 late fee against Plaintiff Munguia-Brown, though she paid her

511232.28

1    monthly rent only four days past the grace period. This resulted in an interest rate of 324 percent per

2    annum based on the rent of $1,409.75 being late by four days. Defendants again assessed a $50 late

3    fee in April 2012 after Ms. Munguia-Brown paid her rent in full on April 13, 2012, eight days late. On

4    April 13, 2012, she paid this $50 late fee. Defendants charged Ms. Munguia-Brown multiple other

5    Excessive Late Fees in other months as well.

6          32.     Plaintiff Norma Rodriguez's lease with Defendants provided her rent was due on the

7    first day of the month, with a grace period of five days. Defendants acknowledge that they received

8    her full rental payment for August 2012 on August 6, one day after the five-day grace period. On

9    August 7, 2012, after receiving rent a single day past the grace period, Defendants assessed a $50

10   "Auto Late Fee" against Ms. Rodriguez. This resulted in an interest rate of 1,824 percent per annum

11   based on the rent of $1,000.80 being late by one day. This happened again in January 2013 when

12   Defendants assessed a $50 fee for Ms. Rodriguez's payment of rent just two days after the grace

13   period.

14         33.     Plaintiff Angelina Magaña's lease with Defendant provided her rent was due on the first

15   day of the month, with a grace period of five days. Defendants acknowledge receiving Plaintiff

16   Angelina Magaña's full December 2012 rent on December 8, 2012. Defendants assessed a $50 late fee

17   against Plaintiff Magaña, though she paid her monthly rent only three days past the grace period. This

18   resulted in an interest rate of 644 percent per annum based on the rent of $944.38 being late by three

19   days. Defendants also assessed a $50 late fee in November 2012 when Ms. Magaña paid her rent five

20   days after the grace period, representing an interest rate of 386 percent per annum on Plaintiff's then

21   $944.38 rent. Defendants charged Ms. Magaña multiple other Excessive Late Fees in other months as

22   well.

23         34.     Defendants' collection of a flat fee of $50 for delays of as little as one to several days in

24   their receipt of tenants' rent payments does not reflect a reasonable estimate of Defendants' damages

25   caused by the delay. Defendants' actual damages sustained by its late receipt of rent due are neither

26   impracticable nor extremely difficult to fix. As the California Supreme Court has held, "[w]hen a

27   tenant fails to pay rent as provided in the lease, the amount of damage is not extremely difficult to fix,

28   and it certainly is not impracticable to fix the amount of such damage." *Jack v. Sinsheimer*, 125 Cal.

7

511232.28

1   563, 566 (1899). The California Supreme Court reiterated this presumption again in *McCarthy v.*

2   *Tally*, 46 Cal. 2d 577, 583 (1956), where the Court cited other California cases and explained that

3   "[o]rdinarily, provisions for liquidated damages will not lie for failure to pay rent as provided in the

4   lease." More recently, in *Garrett v. Coast & Southern Federal Savings & Loan Association*, 9 Cal. 3d

5   731, 741 n.11 (1973), the California Supreme Court again stated that "[d]amages resulting because of

6   the wrongful withholding of money are fixed by law [in Civil Code § 3302] and other damages . . .

7   such as administrative and accounting costs, would not appear to present extreme difficulty in

8   prospective fixing."

9       35.   Defendants' late fee is an arbitrary amount which functions as a penalty. Any marginal

10   interest accumulated or other damages that Defendants sustain due to the delay in rent payments or due

11   to collecting late rent are definite and easily ascertainable, as the California Supreme Court has long

12   held. Moreover, when Defendants seek to collect late rent payments by filing an unlawful detainer

13   action, they seek to collect the attorney's fees and costs of filing the action from tenants, demonstrating

14   that this cost is not among the damages that result when rent is paid late. On information and belief,

15   Defendants have never made a reasonable endeavor to estimate a fair average compensation for the

16   losses sustained when a tenant pays rent late.

17       **Successive Imposition of Excessive Late Fees, Without Notice**

18       36.   Defendants routinely fail to timely advise tenants that they have been assessed

19   Excessive Late Fees at the time the charge is incurred. Defendants record fees as a debt on tenants'

20   rent ledger or account without notifying tenants that they have accrued such debt. Upon receiving

21   tenants' subsequent monthly rent payments, Defendants' apply that payment to the previously recorded

22   debt, rather than the rent due for the month in which payment is made. Defendants then consider that

23   month's rent as not paid in full and again assesses another Excessive Late Fee despite tenants' full and

24   timely monthly rent payment. As a result, tenants unknowingly incur repeated Excessive Late Fees

25   without being given a warning that they should pay those penalties or the opportunity to contest those

26   penalties. Plaintiffs have each accrued such successive penalties and paid wrongfully assessed fees.

27       37.   On February 28, 2014, Plaintiff Javanni Munguia-Brown paid Defendants her complete

28   rental payment for the month of March 2014 plus additional money. On March 7, 2014, Defendants

COMPL. FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF & DAMAGES; CLASS ACTION

511232.28

1  assessed Ms. Munguia-Brown a $50 "Auto Late Fee" despite her having made a complete and timely

2  rental payment for that month because she had a balance of previously assessed fees and other

3  charges.``

4        38.    In June 2014, this happened again.  Plaintiff Javanni Munguia-Brown paid Defendants

5  her complete rental payment for June on May 30, 2014, but was short $2.02 for the City of East Palo

6  Alto's administrative fee.  On June 7, 2014, Defendants assessed Ms. Munguia-Brown a $50 "Auto

7  Late Fee" despite her having made a complete and timely rental payment for that month because she

8  had a balance of previously-assessed late fees and other charges.  It was not until around June of 2014

9  that Defendants decided to tell Ms. Munguia-Brown that she was incurring late fees every month

10  because she was carrying a balance.  Plaintiff Munguia-Brown's lease does not explain that

11  Defendants will charge her a late fee when she pays within the grace period if she owes previously-

12  assessed late fees or other charges.

13        39.    Plaintiff Munguia-Brown paid hundreds of dollars in late fees over the months of

14  January 2012, February 2012, April 2012, and August 2013.

15        40.    On July 4, 2012, Plaintiff Norma Rodriguez paid Defendants her complete rent payment

16  for that month.  On July 7, 2012, Defendants assessed Plaintiff Norma Rodriguez a $50 "Auto Late

17  Fee" despite her having made a complete rental payment for that month during the five day grace

18  period set forth in her lease agreement.  Defendants assessed this late fee despite a timely rent payment

19  because Ms. Rodriguez had a balance of $100 in previously-assessed late fees.

20        41.    In September 2012, this happened again. Plaintiff Rodriguez paid Defendants her

21  complete rental payment for September on September 4, 2012, but was short $0.55 for the City of East

22  Palo Alto's administrative fee.  On September 7, 2012, Defendants assessed Ms. Rodriguez a $50

23  "Auto Late Fee" despite her having made a complete and timely rental payment for that month because

24  she had a balance of previously-assessed late fees.  Ms. Rodriguez received a receipt for this rental

25  payment that explicitly stated the payment was "FOR RENT" for the days of "9.1.12 to 9.30.12."

26  Despite issuing her this receipt, Defendants applied her payment to her prior late fees in order to assess

27  a new late fee despite her timely payment.  Plaintiff Rodriguez only received notice that Defendants

28  had assessed these Excessive Late Fees after several late fees had accumulated in mid-September 2012

9

511232.28

1   and the balance exceeded $200.  Plaintiff Rodriguez's lease does not explain that Defendants will

2   charge her a late fee when she pays within the grace period if she owes previously-assessed late fees or

3   other charges.

4        42.     Plaintiff Norma Rodriguez paid Defendants $180 of accumulated late fees in October

5   2012.

6        43.     On May 4, 2013, Plaintiff Angelina Magaña paid Defendants her complete rental

7   payment for that month.  On May 7, 2013, Defendants assessed Ms. Magaña a $50 "Auto Late Fee"

8   despite her having made a complete and timely rental payment for that month.  Plaintiff Magaña

9   received no notice that Defendants had assessed this late rent fee.  Defendants did not advise Plaintiff

10  Magaña they were assessing late fees when she was paying her rent on time because she was carrying a

11  balance consisting primarily of late fees from prior months. Plaintiff Magaña's lease does not explain

12  that Defendants will charge her a late fee when she pays within the grace period if she owes

13  previously-assessed late fees or other charges.

14       44.     Plaintiff Angelina Magaña paid hundreds of dollars in accumulated late fees in

15  September 2012, October 2012, November 2012, and August 2013.

16                          **CLASS ACTION ALLEGATIONS**

17       45.     This action is maintainable as a class action pursuant to California Code of Civil

18  Procedure § 382 for Defendants' violations of California Civil Code § 1671(d) and California Business

19  and Professions Code §§ 17200.  Plaintiffs are representative of other tenants at Defendants' properties

20  throughout California and are acting on behalf of their interests.  The similarly situated tenants are

21  known to Defendants and are readily identifiable and locatable through Defendants' own business

22  records.  The Class that Plaintiffs seek to represent is defined as follows:

23           All persons who are or were tenants of Defendants' properties in the
             State of California at any time from four years prior to the date of filing
24           of this complaint through the date of judgment who have been subjected
             to Defendants' Excessive Late Fees.
25

26       Throughout the Class Period, Class Members were tenants of Defendants' properties and

27  subjected to the Excessive Late Fee policies and procedures of Defendants.  As such, Class Members,

28  and each of them, were subjected to Excessive Late Fees pursuant to California Civil Code § 1671(d).

                                            10

511232.28

1  These liquidated damages provisions violate California law in that (1) determination of Defendants'

2  actual damages would not be "impracticable or extremely difficult," Cal. Civ. Code § 1671(d), and

3  (2) the amounts selected by Defendants in these contracts of adhesion do not represent a reasonable

4  endeavor to estimate fair compensation for the loss sustained.  Class Members have also been

5  subjected to Defendants' unfair business practices pursuant to California Business and Professions

6  Code § 17200, et seq.  Throughout the Class Period, Class Members have been subject to Defendants'

7  policy and practice of applying tenants' rent payments to their previous balances without notifying the

8  tenants and, as such, causing tenants to incur additional Excessive Late Fees.  Throughout the Class

9  Period, Class Members have additionally been subjected to Defendants' deceptive practices of

10  charging such late fees without adequate notice, without informing tenants that their payments may not

11  cover the entire amount owed if prior late fees are pending, and not disclosing to tenants that

12  Defendants' policy is to charge additional late fees for tenants' failure to pay previously assessed late

13  fees.  This practice of charging late fees on top of an accumulated balance of late fees is sometimes

14  referred to as "pyramiding" and federal law prohibits banks from engaging in the same scheme.  See 12

15  C.F.R. § 227.15(a); 12 C.F.R. § 226.36(c)(ii).

16  **Numerosity of Class**

17      46.    The potential members of the class as defined are so numerous that joinder of all Class

18  Members is impracticable.  Although the precise number of such tenants is unknown, Plaintiffs believe

19  that hundreds or thousands of tenants who rent or have rented Defendants' properties and have been

20  assessed late fees by Defendants would fall within the putative Class.  The exact number would be

21  easily ascertained from Defendants' own business records, which are presently within Defendants'

22  control.

23  **Existence and Predominance of Common Questions of Fact and Law**

24      47.    There are questions of law and fact common to the class that predominate over any

25  questions affecting only individual members of the class including, without limitation, whether, as

26  alleged herein, Defendants have:

27          a.      Included late fees in their standard lease agreements that equate to unlawful

28  liquidated damages;

11

511232.28

1            b.     Charged such late fees, as liquidated damages, when determining the actual

2    amount of damages is neither impracticable nor extremely difficult;

3            c.     Selected a late fee amount without embarking on the required reasonable

4    endeavor to estimate whether it would represent fair compensation for the loss sustained;

5            d.     Engaged in unlawful business practices that violate California Civil Code

6    § 1671;

7            e.     Engaged in unfair business practices by charging tenants fees for unpaid

8    balances without informing them of those balances or of the fee being charged;

9            f.     Engaged in unfair business practices by applying tenants' rent payments to their

10    previous balances without notifying the tenants and, as such, causing tenants to incur additional

11    Excessive Late Fees;

12            g.     Engaged in fraudulent business practices by applying tenants' rent payments to

13    their previous balances without notifying the tenants and, as such, causing the tenants to incur

14    additional Excessive Late Fees.

15    **Typicality**

16        48.    The claims of the Plaintiffs are typical of the claims of the class they seek to represent.

17    Plaintiffs and Class Members are or were tenants of Defendants' owned, leased, or managed

18    properties.  Plaintiffs and Class Members have the same rights to not be subjected to Excessive Late

19    Fees under California Civil Code § 1671.  Plaintiffs and all Class Members were subjected to the same

20    violations of their rights under California Law by Defendants and have suffered damages, including

21    Excessive Late Fees, resulting from Defendants' wrongful conduct.  In addition, Plaintiffs and Class

22    Members are entitled to equitable relief, as permitted by law, because Defendants' actions and

23    violations of state statutes have harmed Class Members, will continue to harm Class Members, and

24    constitute unlawful and unfair business practices, especially when compared to those of competitors

25    that comply with California Law.

26    **Adequacy of Representation**

27        49.    Class Representative Plaintiffs will fairly and adequately represent and protect the

28    interests of the Class Members.  Plaintiffs' interests are not in conflict with those of the Class

511232.28

1    Members. Plaintiffs' counsel are competent and experienced in litigating large class actions and other

2    complex litigation matters, including housing-related matters like this case.

3       **Superiority of Class Action**

4       50.    A class action is superior to other available means for the fair and efficient adjudication

5    of this controversy. Each Class Member is entitled to recovery as each has been subjected to or

6    damaged by reason of Defendants' illegal, unfair, and/or fraudulent policies and/or practices of

7    including liquidated damages clauses in their standard lease agreements that equate to Excessive Late

8    Fees; charging Excessive Late Fees as liquidated damages when determining the actual amount of

9    damages is neither impracticable nor extremely difficult; selecting a Late Fee amount without

10    embarking on the required reasonable endeavor to estimate whether it would represent fair

11    compensation for the loss sustained; engaging in business practices that were and are unlawful as they

12    violate California Civil Code § 1671; engaging in business practices that were and are unfair by

13    charging tenants fees for unpaid balances without informing them of those balances or of the fee being

14    charged and by applying rent payments to previous balances without notifying the tenants and, as such,

15    causing additional late fees to be charged; and, likewise engaging in business practices that were

16    fraudulent by applying rent payments to previous balances without notifying the tenants and causing

17    additional late fees to be charged.

18       51.    The damages suffered by individual Class Members are small compared to the expense

19    and burden of individual prosecution of this litigation. Individual plaintiffs may lack the financial

20    resources to vigorously prosecute a lawsuit against Defendants to recover such small amount of

21    damages. This is particularly true since Defendants typically seek to enforce their Excessive Late Fee

22    Policy by having collection agencies collect the Excessive Late Fees as debts from former tenants.

23    Low-income tenants dependent on local rent stabilization ordinances to maintain affordable housing

24    are especially hard hit by Defendants' practice of charging unlawful late fees. *See* John Gittelsohn and

25    Healther Perlberg, *In Silicon Valley, a New Investment: Eviction,* Bloomberg.com, Apr. 7, 2014

26    (Defendants own more than 70% of the rent controlled apartments in East Palo Alto, give 300 residents

27    a month eviction notices, and have filed 236 unlawful detainer actions since December 2011).

28

13

511232.28

1     52.    In addition, class litigation is superior because it will obviate the need for unduly

2  duplicative litigation that might result in inconsistent judgments about Defendants' policies and

3  practices.

### FIRST CAUSE OF ACTION

#### UNLAWFUL LIQUIDATED DAMAGES
(California Civil Code § 1671)

6     53.    Plaintiffs hereby incorporate Paragraphs 1 through 53 above as though fully set forth

7  herein.

8     54.    During the Class Period, Plaintiffs and Class Members had contractual agreements with

9  Defendants to lease real property for use as a dwellings by Plaintiffs, Class Members, or those

10  dependent upon Plaintiffs or Class Members for support, pursuant to California Civil Code

11  § 1671(c)(2).

12     55.    California Civil Code § 1671(d) provides that "a provision in a contract liquidating

13  damages for the breach of the contract is void except that the parties to such a contract may agree

14  therein upon an amount which shall be presumed to be the amount of damage sustained by a breach

15  thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the

16  actual damage."

17     56.    During the Class Period, based on information and belief, any actual damages

18  Defendants sustained as a result of Plaintiffs' and Class Members' late payment of rent are neither

19  impracticable nor extremely difficult to fix.  Neither is Defendants' flat-rate late rent fee the result of a

20  reasonable effort to estimate fair compensation for Defendants' actual damages sustained due to its late

21  receipt of rent from Plaintiffs or Class Members.

22     57.    Defendants' Excessive Late Fee is accordingly void pursuant to California Civil Code

23  § 1671(d).  Plaintiffs and Class Members are entitled to restitution of all fees Defendants have assessed

24  against tenants for the late payment of rent pursuant to their respective contractual provisions, and

25  other relief as specifically prayed for herein.

14

511232.28

### SECOND CAUSE OF ACTION

#### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
#### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

58.     Plaintiffs hereby incorporate Paragraphs 1 through 58 above as though fully set forth herein.

59.     California Business and Professions Code §§ 17200, *et seq.*, prohibits businesses from engaging in unlawful, unfair, or fraudulent business practices. Defendants' policy and practice of imposing and collecting Excessive Late Fees from Plaintiffs and Class Members as alleged in the First Cause of Action above constitute unlawful acts prohibited by California Civil Code § 1671 and, as such, are also prohibited by the UCL (Cal. Bus. & Prof. Code §§ 17200-17208).

60.     This practice is also unfair as Defendants fail to timely notify tenants of Defendants' Excessive Late Fee practices or that tenants have incurred such fees. Thereafter, without affording tenants the opportunity to address those fees, Defendants continue to impose additional fees based on the balances of which tenants are unaware.

61.     Defendants' practice is likewise fraudulent as Defendants' residential lease agreements do not clarify that Defendants may choose to apply a rent payment to an existing balance, causing the current rent being paid to be deemed late and leading to cumulative late fees without tenants' knowledge.

62.     Plaintiffs and Class Members have suffered injury in fact and lost money or property pursuant to California Business and Professions Code § 17204 as a result of these unlawful and/or unfair business acts or practices.

63.     As a result of these unlawful acts, Defendants have reaped unfair benefits and illegal profits, at the expense of Plaintiffs and all similarly situated tenants and former tenants of Defendants. Plaintiffs and Class Members are therefore entitled to an order of restitution requiring Defendants to restore to Plaintiffs and Class Members the money which Defendants have acquired by means of their unlawful, unfair, and/or fraudulent business practices, including excessive late fees and accrued interest. All such remedies are cumulative of relief available under other laws, pursuant to California Business and Professions Code § 17205.

511232.28

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Class Members, seek the following relief against Defendants and each of them as follows:

A.    That the Court determine that this action may be maintained as a class action under California Code of Civil Procedure § 382, and define the Class as requested herein;

B.    That the Court find and declare, pursuant to California Code of Civil Procedure § 1060, that Defendants' flat rate late fees and policies and practices of assessing such late fees against Plaintiffs and Class Members is unlawful pursuant to California Civil Code § 1671(d);

C.    That the Court find and declare, pursuant to California Code of Civil Procedure § 1060, that Defendants' late fees and policies and practices of assessing such late fees against Plaintiffs and Class Members is unlawful, unfair, and/or fraudulent under the UCL, Business and Professions Code §§ 17200, *et seq.*;

D.    That Plaintiffs and the class be awarded restitution of all unlawful Late Fees collected by Defendants, and interest thereon, pursuant to Code of Civil Procedure § 1060 and Business and Professions Code §§ 17200, *et seq.*; Civil Code § 3827;

E.    That the Court award any and all appropriate injunctive relief to prevent further repetition of the alleged unlawful, unfair, and fraudulent practices;

F.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure § 1021.5, the terms of the lease agreements between Class Members and Defendants, and any other applicable law; and,

G.    That the Court award such other and further relief as this Court may deem appropriate.

Dated: September 3, 2014                    Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

Laura Ho

Attorneys for Plaintiffs

COMPL. FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF & DAMAGES; CLASS ACTION

511232.28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Linda M. Dardarian SBN 131001 ldardarian@gbdhlegal.com; Laura L. Ho SBN 173179 Megan E. Ryan SBN 264922 mryan@gbdhlegal.com GOLDSTEIN, BORGEN, DARDARIAN & HO 300 Lakeside Drive, Suite 1000, Oakland, CA 94612 TELEPHONE NO: 510-763-9800   FAX NO: 510-835-1417 ATTORNEY FOR *(Name):* Plaintiff | ENDORSED FILED ALAMEDA COUNTY SEP - 3 2014 CLERK OF THE SUPERIOR COURT By _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson

CASE NAME:
Javanni Mungia-Brown et. al v. Equity Residential

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER RG14739905 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[⊠] Eminent domain/Inverse condemnation (14)
[⊠] Wrongful eviction (33)
[☒] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*  Two
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 3, 2014

Laura L. Ho
_____
(TYPE OR PRINT NAME)        ► _____
                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov