Aaron T. Winn (SBN 229763)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-mail: atwinn@duanemorris.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EQUITY RESIDENTIAL, et al., <br><br> Defendants. | Case No. 16-cv-01225-JSW <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY THIS ACTION** <br><br> Date: June 10, 2016 <br> Time: 9:00 a.m. <br> Place: Courtroom 5, 2nd Fl. <br> Judge: Hon. Jeffrey S. White |

## NOTICE OF MOTION TO STAY PROCEEDINGS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 10, 2016 at 9:00 a.m. or as soon thereafter as the matter can be heard in Courtroom 5 of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, CA 94612, defendants Equity Residential, ERP Operating Limited Partnership, Equity Residential Properties Management Corporation, Equity Residential Management, L.L.C., EQR-Woodland Park A Limited Partnership, and EQR-Woodland Park B Limited Partnership will and hereby do move the Court for an order staying this action pending the outcome of the class certification motion in *Razuki v. Equity Residential Management, L.L.C.*, S.D. Cal. Case No. 3:15-cv-01057-BEN-JLB, which involves the same defendants, the same putative class members, and the same subject matter as this action.

This motion is based on this notice of motion, the supporting memorandum of points and authorities, the Declaration of Aaron Winn, Defendant's Request for Judicial Notice, and such other written or oral argument as may be presented at or before the time this motion is heard and taken under submission by the Court.

## RELIEF REQUESTED

Defendants seek an order staying this action pending a determination of the class certification question in *Razuki v. Equity Residential Management, L.L.C.*, S.D. Cal. Case No. 3:15-cv-01057-BEN-JLB.

Dated:  April 14, 2016        DUANE MORRIS LLP

By:/s/ Aaron Winn
   Aaron T. Winn
   Attorneys for Defendants

1

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

This case concerns the same claims, the same putative class, and the same defendants as *Razuki v. Equity Residential Management, L.L.C.*, S.D. Cal. Case No. 3:15-cv-01057-BEN-JLB, a case pending in the Southern District of California. Like this case, *Razuki* challenges the late fee provisions in defendants' residential lease agreements and seeks restitution and injunctive relief on behalf of all California tenants. *See* Def's Request for Judicial Notice (RJN), Ex. 1 (*Razuki* Amended Complaint); RJN Ex. 2 (*Razuki* Order granting motion to dismiss in part).

While this case and *Razuki* are virtually identical, *Razuki* is further along. Whereas the initial case management conference in this case is scheduled for June 10, class certification briefing is due in *Razuki* by June 6, 2016. *See* RJN, Ex. 3 (*Razuki* Scheduling Order). Because federal courts are expected "to apply principles of comity to each other's class certification decisions when addressing a common dispute," *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2382 (2011), it would be a waste of limited judicial resources—not to mention a significant burden on defendants—to litigate this action when class certification briefing is already underway in an identical class action pending in another district. To eliminate the inefficiency and burden of prosecuting the same putative class allegations in two different courts, the Court should stay this action pending a ruling on the class certification motion in *Razuki*.

## II. PROCEDURAL HISTORY

This case was initially filed in Alameda County Superior Court in September 2014. Defendants removed the case to the Northern District of California on March 11, 2016,

Nearly ten months earlier, in May 2015, a different plaintiff filed a virtually identical class action in the Southern District of California. That

case—*Razuki v. Equity Residential Management, L.L.C.*—makes the same allegations (defendants' late fees are unlawful), against the same core defendants, on behalf of the same putative class (all California tenants). *See* RJN, Ex. 1. Thus, plaintiffs in this action would be a member of the putative class in *Razuki*, and vice versa.

Some informal coordination has already happened. For example, to ensure that counsel for plaintiffs in *Razuki* have the benefit of the discovery produced in this case (prior to its removal), defendants have provided plaintiff's counsel in *Razuki* with copies of all the discovery produced in this action. *See* Winn Declaration ¶ 3.

On March 23, 2016, following pleading challenges, amendments to the complaint, and an Early Neutral Evaluation, the *Razuki* court issued a scheduling order. It requires plaintiff to file his class certification motion by June 6, 2016. *See* RJN, Ex. 3 (Scheduling Order).

The next day—on March 24, 2016—this Court issued scheduled the initial case management conference in this action for June 10, 2016 (four days after plaintiff's class certification briefing is due in *Razuki*). *See* Doc. No. 9.

Counsel in both actions agree that some type of coordination is necessary. But the parties disagree regarding *how* to best coordinate the two matters. Because *Razuki* is further along—with class certification briefing due before the parties in this action even attend the initial case management conference—defendants believe that the most efficient option is to stay this action until the *Razuki* court rules on plaintiff's class certification motion. Plaintiffs disagree, thus necessitating this motion to stay.

**III.   THE COURT SHOULD STAY THIS ACTION.**

The Court has broad discretion to stay an action "pending resolution of independent proceedings which bear upon the case" when it is "efficient for its own docket and the fairest course for the parties." *Dependable Highway Exp.,*

3

*Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (district courts have "broad discretion to stay proceedings").

When considering whether to grant a stay, the Court should weigh three factors: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMax, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

**A.    The balance of hardships favors a stay.**

Temporarily staying this action would cause no harm to the parties. But denying the requested stay would create significant hardship for defendants, who would be forced to simultaneously litigate the same putative class claims in two different courts. And the considerable time and expense involved in litigating duplicate class claims will likely be completely wasted because resolution of the class certification question in *Razuki* will materially alter this case. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2382 (2011) (federal courts should "apply principles of comity to each other's class certification decisions when addressing a common dispute"). Thus, while staying the litigation will not significantly prejudice the parties, denying the stay will require the parties to duplicate efforts and expend resources on issues that may rendered moot by the class certification ruling in *Razuki*.

**B.    A stay will promote the "orderly course of justice."**

"[C]onsiderations of judicial economy are highly relevant" when determining whether to issue a stay. *Gustavson v. Mars, Inc.*, 2014 WL 6986421, *3 2014 U.S. Dist. LEXIS 171736, *10 (N.D. Cal. Dec. 10, 2014). So if

4

1 proceeding with an action risks wasting judicial resources, courts routinely
2 grant stays. *See e.g., Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir.
3 2005) ("We recognize the importance of the district court having the ability to
4 control its own docket, particularly in this time of scarce judicial resources and
5 crowded dockets."); *Meints v. Regis Corp.*, 2010 WL 3058300, 2010 U.S. Dist.
6 LEXIS 78194 (S.D. Cal. Aug. 2, 2010) (granting motion to stay putative class
7 action pending resolution of duplicative parallel class action).

8     Here, the instant action is virtually identical to *Razuki*. Because of the
9 near complete overlap between the two cases, pressing forward with this action
10 promises waste and inefficiency. For example, nearly every substantive issue
11 encompassed by the case management conference—e.g., the scope of discovery,
12 alternative dispute resolution options, trial plans, substantive motions, etc.—
13 will be directly impacted by the class certification ruling in *Razuki*. Litigating
14 these same issues twice will inevitably create the very duplication and
15 inefficiency that public policy abhors. *See  In re Galena Biopharma, Inc.*, 83 F.
16 Supp. 3d 1033, 1042 (D. Or. 2015) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265,
17 268 (9th Cir. 1962) (courts should exercise discretion to stay proceedings in a
18 manner that "promote[s] economy of time and effort for itself, for counsel, and
19 for litigants").

20     Staying this action will not only eliminate the risk of inconsistent rulings
21 and wasted resources, it will also allow the Court and the parties to "streamline
22 [the] case by identifying controlling legal principles, and identifying the scope of
23 discovery" going forward. *See Provo v. Rady Children's Hosp.*, 2015 WL
24 6144029, *2, 2015 U.S. Dist. LEXIS 100491, *5 (S.D. Cal. July 29, 2015).

25     In short, all three *Landis* factors strongly favor a stay.

## IV. CONCLUSION

Because this case concerns the same claims, same putative classes, and same core defendants as *Razuki*, and because *Razuki* is procedurally further along than this action, the Court should stay this action pending a ruling on class certification in *Razuki*.

Dated: April 14, 2016                    DUANE MORRIS LLP

                                         By:/s/ Aaron Winn
                                             Aaron T. Winn
                                             Attorneys for Defendants