1
2  Aaron T. Winn (SBN 229763)
   **DUANE MORRIS LLP**
3  750 B Street, Suite 2900
   San Diego, CA 92101-4681
4  Telephone:  619.744.2200
   Facsimile:  619.744.2201
5  E-mail:  atwinn@duanemorris.com

6  Attorneys for Defendants

7

8            **UNITED STATES DISTRICT COURT**

9           **NORTHERN DISTRICT OF CALIFORNIA**

10                   **OAKLAND DIVISION**

11

12 | JAVANNI MUNGUIA-BROWN, et al.,   | Case No. 16-cv-01225-JSW
13 |            Plaintiffs,

14 | v.                               | **DEFENDANTS' REQUEST
                                       | FOR JUDICIAL NOTICE IN
15 | EQUITY RESIDENTIAL, et al.,      | SUPPORT OF MOTION TO
                                       | STAY**
16 |            Defendants.

17                                      Date:   June 10, 2016
18                                      Time:   9:00 a.m.
                                        Place:  Courtroom 5, 2nd Fl.
19                                      Judge:  Hon. Jeffrey S. White

20

21 TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

22         Pursuant to Federal Rule of Evidence Section 201, Defendants Equity

23 Residential, ERP Operating Limited Partnership, Equity Residential Properties

24 Management Corporation, Equity Residential Management, L.L.C., EQR-

25 Woodland Park A Limited Partnership, and EQR-Woodland Park B Limited

26 Partnership (collectively "Defendants") request that the Court take judicial

27 notice of the following documents:

28

(a)    The Amended Complaint filed in *Razuki v. Equity Residential Mgmt., L.L.C.*, S.D. Cal. Case No. 3:15-cv-01057-BEN-JLB ("*Razuki*") (*Razuki* Doc. No. 11), which is attached hereto as **Exhibit 1**.

(b)    The *Razuki* court's order granting in part defendants' motion to dismiss (*Razuki* Doc. No. 26), which is attached hereto as **Exhibit 2**.

(c)    The *Razuki* court's scheduling order (*Razuki* Doc. No. 32), which is attached hereto as **Exhibit 3**.

The Court "must" take judicial notice of the above-referenced documents because they are proceedings in other courts that are directly relevant to Defendants' motion to stay.  *See* Fed. R. Evid. 201(c)(2); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs and transcripts form another proceeding); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (taking judicial notice of amended complaint in another proceeding); *US ex rel. Robinson Rancheria v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of proceedings in other courts); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987) (taking judicial notice "of pleadings, orders and other papers on file" in other proceeding).

Dated:  April 14, 2016                    DUANE MORRIS LLP


By:/s/ Aaron Winn
    Aaron T. Winn
    Attorneys for Defendant

2

# EXHIBIT 1

**NICHOLAS & TOMASEVIC, LLP**
  Craig M. Nicholas (SBN 178444)
  Alex M. Tomasevic (SBN 245598)
  Mei-Ying M. Imanaka (SBN 280472)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: mimanaka@nicholaslaw.org

Attorneys for Plaintiff,
Homan Razuki

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMAN RAZUKI, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>EQUITY RESIDENTIAL MANAGEMENT, LLC, a Delaware limited liability company; EQUITY RESIDENTIAL, a Maryland real estate investment trust; ERP OPERATING LIMITED PARTNERSHIP, an Illinois limited partnership,<br><br>          Defendants. | **CASE NO. 3:15-CV-01057-BEN-JLB**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1. VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**<br><br>**2. NEGLIGENCE**<br><br>**3. UNJUST ENRICHMENT**<br><br>**4. CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Homan Razuki, by and through his attorneys, brings this action against defendants Equity Residential Management, LLC, a Delaware limited liability company, Equity Residential, a Maryland real estate investment trust, and ERP Operating Limited Partnership ("ERP"), an Illinois limited partnership.[1]  Plaintiff alleges, on information and belief, except for information based on personal knowledge, as follows:

## INTRODUCTION

1.    This is a consumer class action on behalf of a class of individuals who have been damaged by Defendants' violations of California Civil Code § 1671(d) ("Section 1671").  As explained more fully below, Defendants' standard form leases include an illegal provision Defendants use to charge Plaintiff, and those similarly situated, a penalty of five (5) percent of the monthly rent if the rent is not paid within four days of the due date (e.g., by the 4th of the month).  Defendants used this provision to charge Plaintiff Homan Razuki what is, in effect, an annual interest rate of about *80%*.

2.    Defendants do this in order to generate new revenue and increase profitability.  However, Section 1671 and relevant case law outlaws virtually all late fees in residential rental agreements and, in particular, exorbitant fees such as this one.

3.    Defendants acted knowingly, willfully, and intentionally.

## JURISDICTION AND VENUE

4.    The Court has jurisdiction under 28 U.S.C. § 1332(d), as the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which a named Plaintiff is a citizen of a State different than at least one defendant.

5.    Based upon information and belief, Plaintiff alleges that Defendants' revenue is in large part due to Defendants illegal late fee charges. Based upon the high tenant capacity of Defendants' California based rental properties, Plaintiff is informed, believes,

---

[1] Equity Residential Management, LLC, Equity Residential, and ERP Operating Limited Partnership will collectively be referred to as "Defendants" unless separate treatment is intended.

and alleges the Class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d) for a diversity jurisdiction class action.

6.     The Court has personal jurisdiction over Defendants because Defendants conduct business in the County of San Diego, State of California. Therefore, Defendants have sufficient minimum contacts with this State, and otherwise purposely avail themselves of the markets in this State through the promotion, sale, and marketing of their products in this State, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial District; (ii) the conduct complained of occurred within this judicial District, as Plaintiff rented property and paid late fees on such rental in this District; (iii) Defendants conducted and do substantial business in the County of San Diego, State of California; and (iv) Defendants are subject to personal jurisdiction in this District.

## PARTIES

8.     Plaintiff Homan Razuki was, at all times relevant, a resident of San Diego County, in the State of California.

9.     Defendant Equity Residential Management, LLC owns, controls, and/or manages the residential rental property located at 1281 9th Avenue, San Diego, California 92101, known as "Vantage Pointe Apartments," and is a Delaware limited liability company.  Equity Residential Management, LLC lists its registered agent of service of process as The Corporation Trust Company located at 1209 Orange Street, Wilmington, DE 19801.  Upon information and belief, Equity Residential Management, LLC is the owner, manager, parent company, and/or alter ego of Vantage Pointe Apartments and controls Vantage Pointe Apartments' day-to-day operations.

10.    Defendant Equity Residential is a Maryland real estate investment trust and, upon information and belief, also has ownership interest in, controls, and/or manages Vantage Pointe Apartments located at 1281 9th Avenue, San Diego, CA 92101. Equity Residential's registered agent for service of process is The Corporation Trust Incorporation located at 351 West Camden Street, Baltimore, Maryland 21201 with a principal place of business at 711 Mayton Court, Belair, Maryland 21201. Upon information and belief, Equity Residential is the parent company and/or alter ego of Vantage Pointe Apartments and also controls Vantage Pointe Apartments' day-to-day operations. Equity Residential is the general partner of ERP Operating Limited Partnership and owns an approximate 96.2 % ownership interest in ERP Operating Limited Partnership.

11.    Defendant ERP Operating Limited Partnership is an Illinois limited partnership with C.T. Corporation System as its registered agent for service of process. Upon information and belief, all of Equity Residential and ERP Operating Limited Partnership's, and those entities and subsidiaries owned or controlled by Equity Residential and ERP Operating Limited Partnership, property ownership, development, and related business operations are conducted through ERP Operating Limited Partnership.

12.    Upon information and belief, Equity Residential and ERP Operating Limited Partnership are the parent companies and/or alter-egos of the residential property located at 1281 9th Avenue, San Diego, CA 92101, known as Vantage Pointe Apartments.

13.    Defendants leased residential premises to Plaintiff in one of the apartment buildings Defendants owned, operated, maintained, managed and/or controlled in San Diego County. Defendants are, and at all times mentioned was a "person" or "persons" pursuant to California Business and Professions Code section 17201. Defendants are, and at all times mentioned were, entities that have entered into and performed contracts in the State of California, and are the lessor under the terms of the leases at issue. Defendants do business within the State of California and within this District.

14.    At all times mentioned in this complaint, Defendants owned, operated, maintained, managed, and/or controlled multiple apartment buildings throughout the State of California.

## LEGAL BACKGROUND

15.    California Civil Code section 1951.5 ("Section 1951.5") provides that "[s]ection 1671, relating to liquidated damages, applies to a lease of real property." Section 1671, which provides that liquidated damages can only be charged when the damages are difficult to assess, has been interpreted to mean that late fees in the form of liquidated damages cannot be charged in residential lease situations unless the landlord can establish that such damages are impracticable or extremely difficult to prove and that the amount is a reasonable estimation of actual damages incurred. This interpretation was set forth by a California Appellate Court in the case *Orozco v. Casimiro,* 121 Cal.App.4th Supp. 7, 11-12 (2004).

16.    Here, damages related to late payment of rent were not impracticable or extremely difficult to prove and Defendants' charging Plaintiff and other tenants five (5) percent of the monthly rent as of the fifth day of the rental month, is unreasonably high and illegal.  Defendants' lease provision is void and the charges to Plaintiff and those similarly situated are a violation of California law because they are an improper penalty.

## FACTUAL ALLEGATIONS

17.    On or about February 19, 2015, Plaintiff entered into a lease agreement with Defendants creating a residential tenancy between Plaintiff, the tenant, and Defendants, the landlords ("2015 Lease").  The 2015 lease included a provision whereby Plaintiff would pay Defendants five (5) percent of the monthly rent on the fifth day, at a minimum of $50.00, if the rent was not paid by the fourth day that rent was due under the lease. Plaintiff is informed and believes and thereon alleges that the same or similar standard form lease was uniformly entered into with tenants similarly-situated to Plaintiff. Plaintiff is further informed and believes that Defendants use the same or similar standard form

lease in the ordinary course of their residential leases, in all of their California properties, and have used such forms consistently throughout the relevant class period.

18.    Pursuant to the 2015 Lease, Plaintiff was required to pay, and paid, late fees of five percent of the monthly rent assessed on the fifth day the rent was not paid to Defendants. Plaintiff has, therefore, sustained damages as a result of Defendants' unlawful practice, which occurred within four years of the filing of this Complaint.  Plaintiff was penalized, and paid, about $94.25 pursuant to Defendants' illegal late-fee policies.

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this lawsuit on behalf of himself and the proposed Class members under California Code of Civil Procedure, Section 382, and California Civil Code, Sections 1752, 1780, and 1781.  The proposed Class consists of: all of Defendants' current and former California tenants who, beginning four years prior to the filing of this lawsuit, were or will be charged flat fees that constitute an improper penalty under California Civil Code section 1671 for paying rent late.

20.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.  Specifically excluded from the proposed Class are Defendants, their  officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by the Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their  officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

21.    Defendants' conduct has imposed a common injury on the members of the Class. Defendants have acted, and refused to act, on ground generally applicable to the Class, which makes final injunctive relief with respect to each claim as a whole appropriate.

22.    The representative Plaintiff faithfully represents, and is a member of, the Class.

23.    ***Numerosity.***  The members of the Class are so numerous that their individual joinder is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains hundreds of members.  The precise number of Class members is unknown to Plaintiff.  The true number of Class members is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, or by published notice.

24.    ***Existence and Predominance of Common Questions and Answers of Law and Fact.***  There is a well-defined community of interest in the questions and answers of law and fact involved affecting the members of the Class.  The questions and answers of law and fact common to the Class predominate over questions and answers affecting only individual class members, and include, but are not limited to, the following:

a. Whether Plaintiff and the members of the Class are or were current or former tenants of Defendants.

b. Whether Plaintiff and the members of the Class paid illegal excessive late fees to Defendants.

c. Whether the late fees charges paid by Plaintiff and the members of the Class were unlawful and constitute an improper penalty under Civil Code section 1671.

d. Whether Plaintiff and the members of the Class are entitled to damages.

25.    ***Typicality.***  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and each member of the Class were victims of the same violations of Section 1671.  Further, Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving the Defendants unlawful charging of late fees charges as illegal penalties in their respective leases.

26.    ***Adequacy of Representation.***  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel highly experienced in handling class action litigation, including that which involves consumer protection from unfair business

practices, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

27. **Superiority.** A class action is a superior method for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendants. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

28. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the Defendants;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

FIRST AMENDED CLASS ACTION COMPLAINT

29.    Unless the Class is certified, Defendants will retain monies received as a result of their conduct taken against the members of the Class and the Plaintiff. Unless a class-wide injunction is issued, Defendants will continue to commit the violations alleged, and members of the Class will continue to be harmed.

30.    Plaintiff knows of no difficulty likely to be encountered in the management of this litigation that would preclude its maintenance as a class action.  Because the action is brought as a California class action, the court need only apply a single set of California laws as they relate to Defendants' handling of late rent payments.

31.    Plaintiff has incurred, and will incur, expenses for attorney's fees and costs in bringing this action. These attorney's fees and costs are necessary for the prosecution of this action and will result in a benefit to each of the members of the Class and the public.

32.    Plaintiff is informed and believes, and based thereon alleges, that certain members of the Class are "senior citizens" or "disabled persons" as defined in California Civil Code section 1761(f) and (g), and therefore are entitled to treble damages under California Civil Code Section 3345.

## CAUSES OF ACTION

### COUNT I

### (Violation of California's Unfair Competition Law,

### Cal. Bus. & Prof. Code §§ 17200, et seq.)

33.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs set forth above.

34.    Plaintiff brings this cause of action on behalf of himself and all others similarly situated, pursuant to the Act, which prohibits any unlawful, unfair, and fraudulent business act or practice.

35.    Business & Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

36.    Defendants have violated section 17200's prohibition against engaging in unlawful acts and practices by, among other things, violating Section 1671, charging excessive interest rates, and by violating the common law.

37.    Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices.    Such conduct is ongoing and continues to this date.

38.    Defendants' actions also constitute "unfair" acts prohibited by section 17200.

39.    Plaintiff and each member of the Class have suffered and continue to suffer an injury in fact.  They have lost and will continue to lose money as a result of Defendants' behavior.

40.    Unless enjoined by this Court, Defendants will continue to engage in the unlawful and/or unfair business practices, as alleged above, in violation of the Act, and will render judgment in this action ineffectual. Plaintiff and members of the Class have no adequate remedy at law in that Defendants will continue to engage in unlawful and/or unfair business practices, as alleged above, in violation of the Act, thus engendering a multiplicity of judicial proceedings. In addition, given the relatively modest amount of damages to Plaintiff and each class member, little incentive exists for individual tenants to sue Defendants.

41.    As a direct and proximate result of the aforementioned acts, Defendants received and continue to hold funds belonging to Plaintiff and members of the Class, which were acquired by means of unlawful or unfair business practices. Pursuant to the Act, including California Business and Professions Code Section 17203, and pursuant to the equitable powers of this Court, Plaintiff prays that Defendants be ordered to identify, locate, and repay to Plaintiff and all the members of the Class, all funds acquired by means of any act or practice declared by this Court to be unlawful or unfair.

42.    Because this cause of action focuses on Defendants' business practices as described above, individual matters of proof relating to the leases, the condition of the apartments, and any issue of reasonableness are irrelevant to liability. Proof of each

tenant's right to the return of improperly charged late fees, and to injunctive relief can be determined through an accounting after liability is established.

43.   Plaintiff and the members of the Class are entitled to an award of attorney's fees and costs in prosecuting this action against Defendants under Section 17200 and other applicable law, in part, because:

i.   A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendants to comply with the requirements of Section 1671 and California's Unfair Competition Law.

ii.   This action will result in a significant benefit to the general public by bringing to a stop unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants.

iii.   Unless this action is prosecuted, the members of the Class will not recover those monies, and many consumers would not be aware that they were victimized by Defendants' wrongful acts and practices.

iv.   Unless this action is prosecuted, Defendants will continue to violate Section 1671 and the California Unfair Business Practices Act.

v.   An award of attorney's fees and costs is necessary for the prosecution of this action and will result in a substantial benefit to Plaintiff and the members of the Class they seek to represent and to consumers in general.

## COUNT II

### (Negligence)

44.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs set forth above.

45.   Plaintiff brings this cause of action on behalf of himself and all others similarly situated.

46.   Defendants engaged in a common course of conduct by negligently selecting and supervising their agents so as to improperly charge late fees to Plaintiff and members of the Class.

47.     As a direct and legal result of the negligence of Defendants, Plaintiff and the members of the Class were damaged in an amount according to proof.

## COUNT III

### (For Unjust Enrichment)

48.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs set forth above.

49.     Defendants have been unjustly enriched because they knowingly gained and retained money in an inequitable manner at the expense of their tenants and are thus accountable to the Plaintiff and Class members to restore such money, and are holding in constructive trust such monies for the benefit of Plaintiff and the Class.

50.     Defendants may not in good conscience and equity retain the benefits from their wrongful conduct and those monies belong instead to Plaintiff and members of the Class.

51.     Plaintiff requests individually, and on behalf of all Class Members, that Defendants be required to disgorge all amounts wrongfully and unjustly obtained and be enjoined from continuing their deceptive acts and practices.

## COUNT IV

### (For Conversion)

52.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs set forth above.

53.     Defendants wrongfully took possession of certain and calculable sums of money belonging to Plaintiff and other members of the Class by characterizing these moneys as late fees, as set forth above.

54.     Plaintiff and other members of the Class did not knowingly consent to an illegal rent penalty scheme.

55.     Plaintiff and other members of the Class have suffered harm as a result of Defendants' wrongful taking and withholding of their property.  Further, Plaintiff and the

members of the Class have been, and continue to be, to their further damage, unable to use the funds Defendants wrongfully took.

56.    Plaintiff requests individually and on behalf of all Class members damages in an amount to be proven at trial.

57.    Defendants converted Plaintiff and Class members' funds knowingly and intentionally, and with full knowledge that their late fee scheme was illegal, therefore entitling Plaintiff and all Class members to an award of punitive damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Class, prays for judgment as follows:

1.  Any and all available equitable relief including, but not limited to, restitution of all illegal late fees collected;

2.  Injunctive relief;

3.  Declaratory relief finding that Defendants have engaged in unfair, unlawful, or fraudulent business acts or practices in violation of the California Business & Professions Code § 17200 *et seq.*;

4.  An order certifying the Class;

5.  Actual damages suffered by Plaintiff and members of the Class for all causes of action where actual damages are recoverable;

6.  As to each cause of action, an award of reasonable attorney's fees, expenses, and costs of suit incurred, in an amount according to proof;

7.  For interest at the maximum rate allowed by law;

8.  For punitive damages for all causes of action where punitive damages are recoverable; and

9.  For such other and further relief as the Court may deem proper.

FIRST AMENDED CLASS ACTION COMPLAINT

## JURY DEMAND

Plaintiff hereby demands a trial by jury for each and every claim for which he has a right to jury trial.

Respectfully submitted,

Dated:  July 13, 2015                    NICHOLAS & TOMASEVIC, LLP


By:    _s/ Mei-Ying Imanaka_____
        Craig Nicholas
        Alex Tomasevic
        Mei-Ying Imanaka

        Attorneys for Plaintiff

EXHIBIT 2

1

2     FILED

3     2016 JAN 26   0911:23

4        TH

5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   HOMAN RAZUKI, individually and on behalf of all others similarly situated, | Case No.:  15-CV-1057-BEN (JLB) |
| 12 | **ORDER:** |
| 13                                    Plaintiff, | |
| 14   v. | **(1) DENYING EQR AND ERP-OP'S MOTION TO DISMISS** |
| 15   EQUITY RESIDENTIAL MANAGEMENT, LLC; EQUITY | **(2) GRANTING ERM'S MOTION TO DISMISS** |
| 16   RESIDENTIAL; ERP OPERATING LIMITED PARTNERSHIP; | |
| 17                                    Defendants. | **(3) DENYING ERM'S MOTION TO STRIKE** |
| 18 | |

19

20        Before this Court are three motions filed by the Defendants pursuant to Federal

21   Rule of Civil Procedure 12.  Defendant Equity Residential Management, LLC ("ERM")

22   filed a Motion to Dismiss Counts II, III, and IV of the First Amended Complaint ("FAC")

23   and a Motion to Strike.  (Docket Nos. 17, 18.)  Defendants Equity Residential ("EQR")

24   and ERP Operating L.P. ("ERP-Op") filed a Motion to Dismiss, arguing they are

25   improper defendants.  (Docket No. 16.)  EQR and ERP-Op also join in ERM's motions.

26                              **BACKGROUND**

27        On July 13, 2015, Plaintiff Homan Razuki filed the FAC, alleging claims of unfair

28   business practices, negligence, unjust enrichment, and conversion under California law.

1

15cv1057

1    (Docket No. 11.)

2    According to the FAC,[1] ERM and EQR own, control, manage, and/or are the alter

3    egos of Vantage Pointe Apartments in San Diego.  (FAC ¶¶ 9-10.)  EQR is the general

4    partner of ERP-Op.  (FAC ¶ 10.)  All Defendants are also alleged to be the alter egos of

5    the Vantage Pointe Apartments property.  (FAC ¶¶ 9, 10, 12.)

6    Plaintiff asserts that he signed a lease agreement with Defendants.  (FAC ¶¶ 13,

7    17.)  The lease contained a late fee provision, which provided that the lessee must pay a

8    late fee in the amount of five percent of his monthly rent, not less than $50, if he did not

9    pay his rent on time.  (FAC ¶ 17.)  Plaintiff attests that he was charged a $94.25 late fee,

10   which he paid.  (FAC ¶ 18.)  Finally, Plaintiff claims that Defendants use the same or

11   similar standard form leases for all of their California properties.  (FAC ¶ 17.)

12   Based on the premise that the assessed late fees are a violation of California Civil

13   Code § 1671, Plaintiff brings this class action lawsuit on behalf of all current and former

14   California tenants of Defendants within the last four years.  (FAC ¶ 19.)

15   **LEGAL STANDARD**

16   **I.    Motion to Dismiss**

17   Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint

18   if, taking all factual allegations as true, the complaint fails to state a plausible claim for

19   relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v.*

20   *Twombly*, 550 U.S. 544, 556-57 (2007).  Dismissal is appropriate if the complaint fails to

21   state enough facts to raise a reasonable expectation that discovery will reveal evidence of

22   the matter complained of, or if the complaint lacks a cognizable legal theory under which

23   relief may be granted. *Twombly*, 550 U.S. at 556.  "Threadbare recitals of the elements

24   of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

25   556 U.S. at 678.

26   _____

27   [1] Unless otherwise noted, the following background is drawn from the allegations in the

28   FAC.  The Court is not making any factual findings, instead only summarizing the
      relevant facts alleged for purposes of evaluating Defendants' motions.

15cv1057

1    **II.    Motion to Strike**

2         Federal Rule of Civil Procedure 12(f) authorizes a court to strike from a pleading

3    "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

4    "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money

5    that must arise from litigating spurious issues by dispensing with those issues prior to

6    trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  In ruling

7    upon a motion to strike, a court must view the pleadings in a light most favorable to the

8    nonmoving party.  *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D.

9    Cal. 2000).  Motions to strike are not favored, and will not be granted unless the "matter

10   to be stricken could have no possible bearing on the subject matter of the litigation."

11   *Chan v. Chancelor*, No. 09-cv-1839, 2011 WL 5924281, at *2 (S.D. Cal. Nov. 28, 2011)

12   (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal.

13   2004)).

14   **DISCUSSION**

15        The Court's subject matter jurisdiction over this case is based upon diversity

16   jurisdiction under 28 U.S.C. § 1332(d).  The Court will therefore apply California law to

17   Plaintiff's substantive claims.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

18   **I.    EQR and ERP-Op's Motion to Dismiss[2]**

19        Defendants argue that they are not the legal title holders to Vantage Pointe

20   Apartments, nor do they serve as agents in charge of the day-to-day operational activities

21   for the property.  (Docket No. 16, Mot. at 1-2.)  As such, they argue that they are

22   improper Defendants and must be dismissed.  Plaintiff argues that legal title is irrelevant

23   to his case and that he has sufficiently pleaded his claims.

24        Here, in addition to being the alter egos of each other and the subject property,

25   Plaintiff alleges that EQR and ERP-Op own and/or manage Vantage Pointe Apartments.

26

27

28   [2] The Court declines to incorporate by reference the extrinsic evidence provided by the parties.

3

1   The same property at which Plaintiff was charged a late fee. He also claims that EQR

2   and ERP-Op use the same standard form lease agreement at other California properties.

3   It is reasonable to expect that discovery will reveal evidence of these allegations. *See*

4   *Twombly*, 550 U.S. at 556.

5        Taking the facts alleged in the FAC as true, these allegations are sufficient to

6   connect EQR and ERP-Op to the alleged violations. Accordingly, the motion to dismiss

7   is **DENIED.**

8   **II.    ERM's Motion to Dismiss**

9        A. <u>Negligence</u>

10       Plaintiff claims the Defendants acted negligently by "selecting and supervising

11  their agents so as to improperly charge late fees to Plaintiff." (Compl. ¶ 44.) Defendants

12  argue that this negligence claim fails because they do not owe a duty to Plaintiff.

13  Plaintiff contends that Defendants owe a general duty of care.

14       In California, people have a duty "to use ordinary care to prevent others being

15  injured as the result of their conduct." *Rowland v. Christian*, 69 Cal. 2d 108, 112 (1968).

16  "[T]he care required must be in proportion to the danger to be avoided and the

17  consequences that might reasonably be anticipated." *Warner v. Santa Catalina Island*

18  *Co.*, 44 Cal. 2d 310, 317 (1955). A plaintiff's claim for negligence must show a (1) duty,

19  (2) breach of duty, (3) causation, and (4) damages. *Ladd v. Cnty. of San Mateo*, 12 Cal.

20  4th 913, 917 (1996). Whether a duty exists is a question of law. *Artiglio v. Corning Inc.*,

21  18 Cal. 4th 604, 614 (1998).

22       Here, Defendants use and enforce a standard form lease agreement. Presumably,

23  each tenant agrees to the late fee provision before moving into the property. The danger

24  here is having to pay a late fee. Even if the late fee provision—to which Plaintiff

25  agreed—were unenforceable, no duty of care should be required where the danger is

26  minimal and the Plaintiff can avoid it completely. *C.f. Krongos v. Pac. Gas & Electric*

27  *Co.*, 7 Cal. App. 4th 387, 393 (1st Dist. 1992) ("Generally, if a danger is so obvious that a

28  person could reasonably be expected to see it, the condition itself serves as a warning,

1   and the landowner is under no further duty to remedy or warn of the condition."). This

2   Court is not aware of any precedent, nor have the parties provided any, which provides

3   for tort remedies for the alleged negligent performance of a contract. No duty exists here.

4   *See Avila v. Citrus Cmty. Coll. Dist.*, 38 Cal. 4th 148, 160 (2006) ("The existence of duty

5   is not an immutable fact of nature but only an expression of the sum total of

6   considerations of policy which lead the law to say that the particular plaintiff is entitled to

7   protection.") (internal citations, quotation marks, and emphasis omitted). The motion to

8   dismiss Count II is therefore **GRANTED**.

9        B. Unjust Enrichment

10       Defendants argue that Plaintiff's unjust enrichment claim should be dismissed

11   because it is no longer recognized as a cause of action. Plaintiff contends that because

12   courts are split on whether unjust enrichment is a claim, it should be allowed to proceed.

13       California does not recognize unjust enrichment as a cause of action. *Graham-Sult*

14   *v. Clainos*, 756 F.3d 724, 750 (9th Cir. 2013) (citing *Durell v. Sharp Healthcare*, 183

15   Cal. App. 4th 1350, 1370 (4th Dist. 2010) ("There is no cause of action in California for

16   unjust enrichment.") (citations omitted)); *see also Melchior v. New Line Prods., Inc.*, 106

17   Cal. App. 4th 779, 793 (2d Dist. 2003) ("The phrase 'Unjust Enrichment' does not

18   describe a theory of recovery, but an effect: the result of a failure to make restitution

19   under circumstances where it is equitable to do so.").

20       Plaintiff fails to cite recent persuasive or binding authority in support of his

21   position. Accordingly, the motion to dismiss Count III is **GRANTED**.

22       C. Conversion

23       Defendants argue that Count IV must be dismissed because no special relationship

24   exists to support Plaintiff's claim for conversion. Plaintiff argues that a special

25   relationship is not required.

26       Conversion occurs when someone wrongfully exercises dominion over the

27   personal property of another. *Steele v. Marsicano*, 102 Cal. 666, 669 (1894). To

28   establish a claim for conversion, the plaintiff must show "the plaintiff's ownership or

15cv1057

1  right to possession of the property at the time of the conversion; the defendant's

2  conversion by a wrongful act or disposition of property rights; and damages." *Farmers*

3  *Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 451 (3d Dist. 1997) (quoting *Oakdale Vill. Grp.*

4  *v. Fong*, 43 Cal. App. 4th 539, 543-44 (3d Dist. 1996)).

5       Where the subject property of a conversion claim is money, the claim may proceed

6  in limited circumstances where the sum of money is specific and identifiable. *Haigler v.*

7  *Donnelly*, 18 Cal. 2d 674, 681 (1941); *Baxter v. King*, 81 Cal. App. 192, 194 (1st Dist.

8  1927). Conversion of money claims are permitted where "an agent accepts an

9  identifiable sum of money to be paid to another but fails to make that payment." *In re*

10  *Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1179-80 (S.D. Cal. 2010) (citing *PCO,*

11  *Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th

12  384, 396 (2d Dist. 2007)).

13       Here, Plaintiff alleges Defendants unlawfully converted the sum of $94.25. The

14  sum is specific and identifiable. However, the facts of the instant case are unlike the facts

15  of cases where conversion claims have been allowed to proceed. *See Haigler*, 18 Cal. 2d

16  at 681; *Fischer v. Machado*, 50 Cal. App. 4th 1069, 1072-74 (3d Dist. 1996) (sales agent

17  liable for conversion when he failed to turn over money to principal); *Weiss v. Marcus*,

18  51 Cal. App. 3d 590, 599 (2d Dist. 1975). In this case, Plaintiff leased an apartment from

19  Defendants and was aware of the late fee provision in his lease agreement. After paying

20  his rent late, Plaintiff was charged and did pay the late fee pursuant to his agreement. No

21  third party is involved in this case. This case is more similar to the overcharge cases

22  where courts have dismissed conversion of money claims. *See Williamson v. Reinalt-*

23  *Thomas Corp.*, No. 11-cv-3548, 2012 WL 1438812, at *4-5 (N.D. Cal. Apr. 25, 2012)

24  (plaintiff sought recovery of an undisclosed five dollar fee charged during tire

25  replacement service); *Util. Consumers' Action Network v. Sprint Solutions, Inc.*, No. 07-

26  cv-2231, 2008 WL 1946859, at *8 (S.D. Cal. Apr. 25, 2008) (court dismissed conversion

27  claim where plaintiff sought refund of overpayments of cell phone bills). The motion to

28  dismiss Count IV is therefore **GRANTED**.

15cv1057

1   **III.   ERM's Motion to Strike**

2          Defendants argue that Paragraph 32 of the FAC should be stricken as impertinent

3   and immaterial.  More specifically, they contend that Plaintiff cannot recover treble

4   damages because he has not asserted a claim that supports treble damages.

5          In the Ninth Circuit, courts are not authorized under Federal Rule of Civil

6   Procedure 12(f) to "strike a claim for damages on the ground that such damages are

7   precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971

8   (9th Cir. 2010).

9          Paragraph 32 states, "Plaintiff is informed and believes, and based thereon alleges,

10  that certain members of the Class are 'senior citizens' or 'disabled persons' as defined in

11  California Civil Code section 1761(f) and (g), and therefore are entitled to treble damages

12  under California Civil Code Section 3345."  To the extent Defendants seek to strike

13  Paragraph 32 because Plaintiff failed to bring any claims which would support such

14  damages and is therefore not entitled to them as a matter of law, the motion to strike is

15  denied.  *See Whittlestone*, 618 F.3d at 971.  To the extent Defendants seek to strike

16  Paragraph 32 because the factual allegations are immaterial or impertinent, the Court is

17  not persuaded that the content has no bearing upon this litigation.  *See Chan*, 2011 WL

18  5924281, at *2.  Accordingly, the Motion to Strike is **DENIED**.

19                                    **CONCLUSION**

20         Defendant EQR and ERP-Op's Motion to Dismiss is **DENIED**.  Defendant ERM's

21  Motion to Strike is **DENIED**.  Defendant ERM's Motion to Dismiss is **GRANTED**.

22  Counts II, III, and IV are **DISMISSED**.  However, Plaintiff is granted leave to file a

23  Second Amended Complaint ("SAC") on or before **February 15, 2016**.  If Plaintiff does

24  not file an SAC, Defendants shall file an Answer to the FAC on or before **February 22,**

25  **2016**.

26         **IT IS SO ORDERED.**

27  Dated: January 22, 2016

28                                    HON. ROGER T. BENITEZ
                                      United States District Judge

15cv1057

# EXHIBIT 3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Homan Razuki,<br><br>                                    Plaintiff,<br><br>v.<br><br>Equity Residential Management, LLC et al.,<br><br>                                    Defendants. | Case No.:  15-cv-01057-BEN-JLB<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **March 22, 2016**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1.     Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **April 29, 2016**.

2.     Plaintiff's motion for class certification must be filed by **June 6, 2016**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

15-cv-01057-BEN-JLB

3.     Should either party elect to rely on experts in connection with the class certification briefing, then disclosure of such experts – and those experts only – shall be governed as follows:

     a.  if Plaintiff intends to rely on any expert(s) in connection with his motion for class certification, Plaintiff shall disclose the identity of the anticipated expert(s) on or before **May 23, 2016**, and will provide a current copy of the expert(s) resume or C.V. and a brief written summary of all opinions the witness will express as part of the class certification briefing; and

     b.  if Defendants intend to rely on any expert(s) in connection with their opposition to the motion for class certification, Defendants shall disclose the identity of the anticipated expert(s) on or before **June 6, 2016**, and will provide a current copy of the expert(s) resume or C.V. and a brief written summary of all opinions the witness will express as part of the class certification briefing.

4.     Within **three** business days of receiving an order ruling on Plaintiff's motion for class certification, counsel for the parties shall place a **joint** call to the assigned magistrate judge's chambers to request the remainder of the schedule for this case.  The parties' request may be communicated to a law clerk, or by leaving a detailed voicemail message with the assigned magistrate judge's chambers.

5.     The parties must review the chambers' rules for the assigned district judge and magistrate judge.

6.     The dates and times set forth herein will not be modified except for good cause shown.

7.     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge.

/ / /

1  | Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents
2  | and a table of authorities cited.
3  |        8.      Plaintiff's counsel shall serve a copy of this order on all parties that enter
4  | this case hereafter.
5  |        **IT IS SO ORDERED.**
6  | Dated:  March 23, 2016
7  |
8  |                                            Hon. Jill L. Burkhardt
        United States Magistrate Judge
9  |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

15-cv-01057-BEN-JLB