Aaron T. Winn (SBN 229763)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-mail: atwinn@duanemorris.com

Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail: jfields@duanemorris.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, ANGELINA MAGANA, NORMA RODRIGUEZ, and DAVID BONFANTI individually and on behalf of others similarly situated,<br><br>   Plaintiffs,<br>v.<br><br>EQUITY RESIDENTIAL, a real estate investment trust, ERP OPERATING LIMITED PARTNERSHIP, a partnership, EQUITY RESIDENTIAL MANAGEMENT, L.L.C., EQR-WOODLAND PARK A LIMITED PARTNERSHIP, and EQR-WOODLAND PARK B LIMITED PARTNERSHIP,<br><br>   Defendants. | Case No. 4:16-cv-01225-JSW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Jeffrey S. White |

Defendants Equity Residential, ERP Operating Limited Partnership, Equity Residential Management, L.L.C., EQR-Woodland Park A Limited Partnership, and EQR-Woodland Park B Limited Partnership answer Plaintiffs' Second Amended Complaint, paragraph by paragraph, as follows:

## I. INTRODUCTION

1. California law speaks for itself; admit that EQR-Woodland Park A Limited Partnership and EQR-Woodland Park B Limited Partnership each owned roughly 1/4 of the real property that comprises the Woodland Park community; admit that Equity Residential Management, L.L.C. managed the apartment units owned by EQR-Woodland Park A Limited Partnership and EQR-Woodland Park B Limited Partnership; otherwise, deny.

2. California law speaks for itself; otherwise, deny.

3. Deny.

4. Deny.

5. Deny.

6. Admit that some of the Plaintiffs have resided at rental properties owned by EQR-Woodland Park A Limited Partnership and EQR-Woodland Park B Limited Partnership; otherwise, deny.

7. Who Plaintiffs wish to represent and what relief they wish to seek are matters that Defendants can neither admit nor deny.

## II. SUBJECT MATTER JURISDICTION AND VENUE

8. Admit that Defendants removed this action and that the Court has jurisdiction under CAFA; otherwise, deny.

9. Admit that venue is proper in this district; deny that venue is proper because all Defendants "reside" in this district.

## III. THE PARTIES AND PERSONAL JURISDICTION

10. Admit that Equity Residential is a real estate investment trust organized under the laws of the state of Maryland, with its principal executive offices located at

Two North Riverside Plaza, Chicago, Illinois; admit that Equity Residential is the sole general partner of ERP Operating Limited Partnership; otherwise, deny.

11. Admit that ERP Operating Limited Partnership is an Illinois limited partnership that is registered with the California Secretary of State to do business in California; otherwise, deny.

12. Admit that Equity Residential Management, L.L.C. is a Delaware entity with its principal place of business in Illinois, is registered with the State of California to do business in the state, and managed the apartment units where the named plaintiffs resided during certain periods of time; otherwise, deny.

13. Admit that EQR-Woodland Park A Limited Partnership and EQR-Woodland Park B Limited Partnership are both Delaware entities that were registered to do business within the State of California (but no longer conduct business in California or elsewhere), held title, from approximately December 2011 to February 2016, to the properties where plaintiffs Munguia-Brown, Magana, and Rodriguez resided; otherwise, deny.

14. Admit that Munguia-Brown was a tenant in an East Palo Alto apartment community; otherwise, deny.

15. Admit that Rodriguez was a tenant in an East Palo Alto apartment community; otherwise, deny.

16. Admit that Magana was a tenant in an East Palo Alto apartment community; otherwise, deny.

17. Admit that Bonfanti was a tenant in a Los Angeles-area apartment community; otherwise, deny.

### IV. FACTUAL BACKGROUND

18. Deny.

19. The terms of the contract speak for themselves; Defendants lack sufficient knowledge or information to form a belief as to the practices of "prior owners"; otherwise, deny.

20. The terms of the contract speak for themselves; Defendants lack sufficient knowledge or information to form a belief as to the practices of "prior owners"; otherwise, deny.

21. The terms of the contract speak for themselves; Defendants lack sufficient knowledge or information to form a belief as to the practices of "prior owners"; otherwise, deny.

22. Deny; the terms of the contract speak for themselves.

**A.** **Imposition of Excessive Late Fees**

23. California law speaks for itself; otherwise, deny.

24. The referenced lease speaks for itself; otherwise, deny.

25. The referenced lease speaks for itself; otherwise, deny.

26. The referenced lease speaks for itself; otherwise, deny.

27. The referenced lease speaks for itself; otherwise, deny.

28. California law speaks for itself; otherwise, deny.

29. California law speaks for itself; otherwise, deny.

30. California law speaks for itself; otherwise, deny.

**B.** **Successive Imposition of Excessive Late Fees on Small Balances**

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. The lease speaks for itself; otherwise deny.

|  |  |
|---|---|
| | **V.   CLASS ACTION ALLEGATIONS** |
| 42. | California and federal law speak for themselves; otherwise, deny. |
| 43. | Deny. |
| 44. | Deny. |
| 45. | Deny. |
| **A.** | **Numerosity of Class** |
| 46. | Deny. |
| **B.** | **Existence and Predominance of Common Questions** |
| 47. | Deny, including subparts (a)-(f). |
| 48. | Deny. |
| **C.** | **Typicality** |
| 49. | Deny. |
| 50. | Deny. |
| 51. | Deny. |
| **D.** | **Adequacy of Representation** |
| 52. | Deny. |
| **E.** | **Superiority of Class Action** |
| 53. | Deny. |
| 54. | Deny. |
| 55. | Deny. |

**FIRST CAUSE OF ACTION
UNLAWFUL LIQUIDATED DAMAGES
(California Civil Code § 1671)**

56. The answers to paragraphs 1 through 55, inclusive, and each of them, are re-alleged as if fully set forth herein.

57. Deny.

58. California law speaks for itself. There is no allegation to admit or deny.

59. Deny.

60. The referenced lease speaks for itself; otherwise, deny.

61. Deny.

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

62. The answers to paragraphs 1 through 61, inclusive, and each of them, are re-alleged as if fully set forth herein.

63. California law speaks for itself; otherwise, deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny that Plaintiffs are entitled to any relief.

70. Deny that Plaintiffs are entitled to any relief.

71. Deny that Plaintiffs are entitled to any relief.

72. Deny that Plaintiffs are entitled to any relief.

73. Deny that Plaintiffs are entitled to any relief.

74. Deny that Plaintiffs are entitled to any relief.

75. Deny that Plaintiffs are entitled to any relief.

76. Deny that Plaintiffs are entitled to any relief.

## DEMAND FOR JURY TRIAL

Defendants request a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the complaint without concession to any allegation or claim, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs.

/ / /

/ / /

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The complaint, and each and every purported cause of action therein, is barred to the extent the conduct in question occurred outside the applicable statute of limitations period, including without limitation Business and Professions Code § 17208, Civil Code § 1783, and Code of Civil Procedure §§ 337, 338, 339, 340, and 343.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs accepted, authorized, approved, and/or ratified Defendants' conduct and Defendants relied upon Plaintiffs' representations and conduct. Plaintiffs are thus estopped from asserting the claims described in the complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Assert Related Claims/Compulsory Counterclaims)

Plaintiffs' claims are barred because they were not raised in prior related litigation between the parties concerning the lease agreements that are the subject of the instant lawsuit.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs unreasonably delayed in providing notice of the purported claims described in the complaint, which unfairly prejudiced Defendants, and thus bars plaintiffs from any recovery against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' claims are barred to the extent Plaintiffs knowingly, voluntarily, and willingly waived the claims they assert in the complaint.

///

///

///

## SIXTH AFFIRMATIVE DEFENSE

### (Compromise and Release)

Plaintiffs' claims are barred by the prior settlements, stipulations, and releases executed by and between the parties.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset/Set-Off)

In the event Plaintiffs recover any monetary award, that award must be offset by the amounts plaintiffs owe or owed Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs are not entitled to the relief sought because of their own unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Contract Terms)

The complaint, and each purported claim or cause of action therein, is barred to the extent Plaintiffs have not fully complied with the terms and conditions of their lease and rental agreements.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

To the extent that Plaintiffs have sustained any injury or damage, which Defendants dispute, any such injury or damage could be adequately compensated in an action at law. Accordingly, Plaintiffs are not entitled to seek or obtain equitable relief, including any restitutionary or injunctive relief under Business & Professions Code § 17200, et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Abstention)

Plaintiffs' claims for relief should be denied under the doctrine of abstention.

///

## TWELFTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiffs expressly approved, authorized, participated in, and ratified the acts and transactions complained of and upon which recovery herein is sought. Plaintiffs are thus barred from asserting the claims described in the complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Valid Business Purpose)

Plaintiffs' claims are barred because the alleged conduct was at all times undertaken in the good faith exercise of a valid business purpose.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Misjoinder)

Equity Residential is a real estate investment trust. Its relationship to any other Defendant in this lawsuit does not cause or allow Equity Residential to have any liability to Plaintiffs, with whom Equity Residential has no relationship.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment Doctrine)

Because any money Plaintiffs allegedly paid to Defendants was paid voluntarily, with full knowledge of the facts, the voluntary payment doctrine bars Plaintiffs from recovering any money from Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Other Defenses)

Defendants reserve the right to allege additional affirmative defenses upon the discovery of facts that support those defenses.

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs take nothing by reason of the complaint;

2. For judgment in favor of the Defendants and against Plaintiffs on each and every claim in the complaint;

3. For Defendants' costs; and

4. For such other relief as the court may deem fair and equitable.

Dated: February 22, 2017              **DUANE MORRIS LLP**

By /s/ *Aaron T. Winn*
Aaron T. Winn
Justin J. Fields

Attorneys for Defendants
EQUITY RESIDENTIAL, ERP OPERATING LIMITED PARTNERSHIP, EQUITY RESIDENTIAL MANAGEMENT, L.L.C., EQR-WOODLAND PARK A LIMITED PARTNERSHIP, AND EQR-WOODLAND PARK B LIMITED PARTNERSHIP

DM2\7523521.1