1  Jason H. Tarricone (SBN 247506)
   jason@clsepa.org
2  Margaret McBride (SBN 294066)
   mmcbride@clsepa.org
3  COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
   1861 Bay Road
4  East Palo Alto, CA 94303
   Tel:  (650) 326-6440
5  Fax:  (866) 688-5204

6  Linda M. Dardarian (SBN 131001)
   ldardarian@gbdhlegal.com
7  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
8  William Jhaveri-Weeks (SBN 289984)
   wjhaveriweeks@gbdhlegal.com
9  Megan E. Ryan (SBN 264922)
   mryan@gbdhlegal.com
10 Katharine L. Fisher (SBN 305413)
   kfisher@gbdhlegal.com
11 GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
12 Oakland, CA 94612
   Tel:  (510) 763-9800
13 Fax:  (510) 835-1417

14 (*Additional Counsel for Plaintiffs listed on following page*)
   Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, ANGELINA MAGAÑA, NORMA RODRIGUEZ, and DAVID BONFANTI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUITY RESIDENTIAL, a real estate investment trust, ERP OPERATING LIMITED PARTNERSHIP, a partnership, EQUITY RESIDENTIAL MANAGEMENT, L.L.C., EQR-WOODLAND PARK A LIMITED PARTNERSHIP, and EQR-WOODLAND PARK B LIMITED PARTNERSHIP,<br><br>Defendants. | Case No.:  4:16-cv-01225-JSW-MEJ<br><br>CLASS ACTION<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**<br><br>Hon. Jeffrey S. White<br><br>Date:    October 27, 2017<br>Time:    9:00 a.m.<br>Dept:    Courtroom 5<br><br>Trial Date:   None Set |

Craig Nicholas (SBN 178444)
craig@nicholaslaw.org
Alex Tomasevic (SBN 245595)
alex@nicholaslaw.org
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
(619) 325-0492
(619) 325-0496

Attorneys for Plaintiffs

1  TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on October 27, 2017 at 9:00 a.m., or as soon thereafter as the
3  matter may be heard, in the Courtroom of the Honorable Jeffrey S. White, located at 1301 Clay Street,
4  Oakland, CA 94612, Plaintiffs Javanni Munguia-Brown, Angelina Magaña, Norma Rodriguez, and David
5  Bonfanti ("Plaintiffs") will and hereby do seek an Order certifying this case as a class action under
6  Federal Rule of Civil Procedure 23.

7  In this action, Plaintiffs allege that Defendants Equity Residential and its corporate affiliates,
8  ERP Operating Limited Partnership, Equity Residential Management, L.L.C., EQR-Woodland Park A
9  Limited Partnership, and EQR-Woodland Park B Limited Partnership, which own and operate
10 residential leased properties in California (or did during the Class Period), have charged their tenants
11 late fees that violate California Civil Code Section 1671(d) ("Section 1671(d)") and the California
12 Unlawful Competition law, Cal. Bus. & Prof. Code § 17200 *et seq*.  Under Section 1671(d), such late
13 fees are "void" unless the landlord proves both: (1) it is "impracticable or extremely difficult" to
14 determine the actual damages caused by a late payment of rent; and (2) the landlord arrived at the late
15 fee amount by making a "reasonable endeavor … to estimate a fair average compensation for any loss
16 that may be sustained" by the late payment of rent.  *See Garrett v. Coast & S. Fed. Savings & Loan
17 Assoc.*, 9 Cal. 3d 731, 738-39 (1973).  If the landlord fails to make either of these showings, the late
18 fees paid by tenants must be returned to them.  However, the amounts returned may be reduced, or
19 "offset," by the amount of any actual costs that the landlord succeeds in proving that it suffered as a
20 result of tenants' late payment of rent.

21 In this Motion, Plaintiffs assert that class certification is appropriate under Federal Rule of
22 Civil Procedure 23(a) because: 1) the classes of California tenants that Plaintiffs seek to certify are so
23 numerous that joinder of all members is impracticable; 2) there are questions of law or fact that are
24 common to the class members; 3) the claims of the representative Plaintiffs are typical of the claims of
25 the classes they seek to represent; and 4) the representative Plaintiffs and their counsel will fairly and
26 adequately protect the interests of the proposed classes.  Plaintiffs also assert that class certification is
27 appropriate under Federal Rule of Civil Procedure 23(b)(3) because: 1) the questions of law or fact
28 common to class members predominate over any questions affecting only individual members; and

2) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

Therefore, Plaintiffs move the Court for an Order pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) that:

1. Certifies this case as a class action for all causes of action and claims for monetary relief alleged in Plaintiffs' Second Amended Complaint;

2. Certifies a **Standard Late Fee Class** defined as:

> All Equity Residential tenants in California from September 3, 2010 until the date of class certification who were charged one or more late fee(s) under Equity Residential's standard late fee provision:   5% of the outstanding balance owed (capped at 5% of the total amount of monthly recurring charges) or $50, whichever is greater.

3. Certifies a **Woodland Park Preexisting Lease Class** defined as:

> All Equity Residential tenants in the Woodland Park Property from December 1, 2011 until Defendant sold the property in February 2016 who were charged one or more late fee(s) of $50 under Equity Residential's policy of charging a flat $50 late fee to tenants on pre-existing non-EQR leases.

4. Appoints Plaintiff David Bonfanti as class representative for the Standard Late Fee Class, and Plaintiffs Javanni Munguia-Brown, Angelina Magaña, and Norma Rodriguez as class representatives for the Woodland Park Preexisting Lease Class.

5. Appoints Plaintiffs' counsel—Goldstein, Borgen, Dardarian & Ho, Community Legal Services in East Palo Alto, and Nicholas & Tomasevic, LLP—as class counsel.

6. Approves the proposed class notices submitted herewith, and orders that the notices be issued to the proposed class members.

7. Grants such other and further relief as the Court deems appropriate.

Plaintiffs also move the Court, in the alternative, to certify, under Federal Rule of Civil Procedure 23(c)(4), the issue of whether Defendants' late fees charged to the two classes violate Section 1671(d), if the Court declines to certify the case as a class action under Rule 23(b)(3) for all causes of action and claims for monetary relief.

This Motion is based upon this Notice; the Memorandum of Points and Authorities in support thereof; the Declarations of Linda M. Dardarian, Craig Nicholas, Jason Tarricone, Megan E. Ryan, the

four Proposed Class Representatives, and a Compendium of Declarations of proposed class members filed herewith; the exhibits attached to such declarations; the Proposed Order; the files and records of the Court in this action; the arguments of counsel to be presented at the hearing; and such other information as the Court may find it appropriate to consider.

A proposed Order is submitted herewith.

Dated:  August 18, 2017                            Respectfully submitted,

                                                   GOLDSTEIN, BORGEN, DARDARIAN & HO

                                                   */s/ Linda M. Dardarian*
                                                   Linda M. Dardarian

                                                   Attorneys for Plaintiffs