IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, ANGELINA MAGANA, NORMA RODRIGUEZ, nad DAVID BONFANTI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY RESIDENTIAL, ERP OPERATING LIMITED PARTNERSHIP, EQUITY RESIDENTIAL MANAGEMENT, LLC, EQR-WOODLAND PARK A LIMITED PARTNERSHIP, and EQR-WOODLAND PARK B LIMITED PARTNERSHIP,<br><br>Defendants. | No. C 16-01225 JSW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Now before the Court is the motion for reconsideration filed by Defendants Equity Residential, ERP Operating Limited Partnership, Equity Residential Management, LLC, EQR-Woodland Park A Limited Partnership, and EQR-Woodland Park B Limited Partnership (collectively "Defendants"). Defendants seek to modify the class notices approved by the Court on October 23, 2017 and distributed to class members on December 4, 2017. Having carefully reviewed the parties' papers, considered their arguments, and the relevant legal authority, and good cause appearing, the Court DENIES Defendants' motion for reconsideration.

Under Northern District Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. N.D. Civ. L.R. 7-9(c).

Although they failed to make a specific objection about the class notices during briefing on Plaintiffs' motion for class certification, Defendants now contend that the class notices fail to identify the class claims "clearly and concisely." Fed. R. Civ. P. 23(c)(2)(b). Defendants argue that the notices, by pointing the potential class members to the complaint, suggest that all of the claims in the complaint were certified for class treatment, when in fact, the allegations concerning "unfair" business practices, as opposed to "unlawful" business practices under the unfair competition law were not certified for class treatment.

The Court, in approving the class notice, indicated that should the Plaintiffs prevail on their claim for violation for California Civil Code Section 1671(d), which governs late fees in residential leases, they will have established an unlawful predicate that will give rise to liability under California's Unfair Competition Law and will entitle Plaintiffs to the remedy of restitution. The Court certified both causes of action – under both Section 1671(d) and the UCL – for class treatment. The alternative theory of liability under the UCL, for unfair business practices, does not amount to a separate claim, but rather a separate theory of liability for the same claim. The Court does not find the notices to be insufficient.

Second, Defendants contend that the class notices improperly promise potential class members that "Defendants cannot recover any money from you in this case." Defendants argue that the promise is premature because even if Defendants' late provision is void, residents who failed to make timely rent payments may still be liable to Defendants for their damages, including costs incurred to collect on the unpaid rent. *See Garrett v. Coast & S. Fed. Sav. & Loan Ass'n*, 511 P.2d

1197, 1203 (Cal. 1973). Defendants argue that the notices should inform potential class members that they may end up owing money to Defendants should they elect to file counterclaims. This case seeks to challenge the legality of Defendants' late fees policy, and there remain no counterclaims filed by Defendants in which they seek affirmative relief to enforce the leases against the tenants who have breached the lease agreements. Because there is no counterclaim for relief which would likely necessitate a further class certification and notice process, and only a possible offset for the amount of restitution owed, the Court finds that Plaintiffs' current notice is not misleading.

For the foregoing reasons, Defendants' motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: April 6, 2018



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE