IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, ANGELINA MAGANA, NORMA RODRIGUEZ, and DAVID BONFANTI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY RESIDENTIAL, ERP OPERATING LIMITED PARTNERSHIP, EQUITY RESIDENTIAL MANAGEMENT, LLC, EQR-WOODLAND PARK A LIMITED PARTNERSHIP, and EQR-WOODLAND PARK B LIMITED PARTNERSHIP,<br><br>Defendants. | No. C 16-01225 JSW<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Now before the Court is Plaintiffs' motion for partial summary judgment on the basis that the Standard Late Fee of five percent of rent, minimum of $50, is a liquidated damages provision subject to California Civil Code section 1671(c)(2) ("Section 1671") and that Defendants failed to engage in a reasonable endeavor to estimate a fair average compensation for any loss sustained as a result of class members' late payments of rent when it adopted the Standard Late Fee, thereby rendering the provision void. On this basis, Plaintiffs move for summary judgment in their favor on count one for

violation of Section 1671 and, in conjunction, on count two for violation of the California Unfair Competition Law ("UCL"), Business and Professions Code section 17200 *et seq.* by engaging in unlawful business act or practice of charging the void late fees. Plaintiffs also move for partial summary judgment on the seventh affirmative defense on offset/set off and for a final determination on issue regarding the possible calculation of damages as well as twelve other affirmative defenses. The Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for partial summary judgment.

## BACKGROUND

In 2008, Defendant Equity Residential and its subsidiaries changed the terms of their standard California residential lease agreement to increase the fee for late payment of rent from a late fee of $50 to a late fee based on 5% of the tenant's outstanding balance with a minimum of $50 (the "Standard Late Fee"). Plaintiffs contend that Defendants failed to engage in a reasonable effort to estimate the damages caused by its tenants' late payment of rent. Accordingly, Plaintiffs argue, the Standard Late Fee is an unlawful liquidated damages provision under Section 1671 and constitutes an unlawful business practice under the UCL.

Plaintiffs move for partial summary judgment on the basis that the late fee changes were void under California Civil Code section 1671(d) which requires that (1) it would be "impracticable or extremely difficult" to determine actual damages caused by late rental payments; and (2) the late fee is the product of a "reasonable endeavor . . . to estimate a fair average compensation for any loss that may be sustained" by the breach. *See* Cal. Civ. Code § 1671(d). Plaintiffs contend that when Defendants adopted the adjusted standard late fee provision, they failed to engage in a reasonable endeavor to estimate a fair average compensation for any loss Defendants would sustain as a result of the Plaintiffs' late payment of rent. On this basis, Plaintiffs contend that the Standard Late Fee is void as a matter of law.

On the basis that the revised provision is void, Plaintiffs contend that they are entitled to judgment as a matter of law on their claim for violation of the UCL because Defendants engaged in the unlawful practice of charging the void Standard Late Fee.

2

Plaintiffs also move for partial summary adjudication on Defendants' seventh affirmative defense of "Offset/Set-Off" defense asserted in Defendants' answer to the Second Amended Complaint. (*See* Dkt. No. 47 at 7.) This defense provides that "[i]n the event Plaintiffs recover any monetary award, that award must be offset by the amounts plaintiffs owe or owed Defendants." Specifically, in this motion, Plaintiffs contend that Defendants cannot recover any collection agency fees or attorneys' fees, or computer system costs, personnel costs for property-level Community Managers, and instances of late payment of rent for which Defendants waived the fee.

Lastly, Plaintiffs also seek summary adjudication as to twelve of the remaining affirmative defenses listed in Defendants' answer.

Defendants contend the record is rife with disputed issues of fact regarding the efforts they engaged before determining whether to adopt to revised late fee provision and the issues of limitations of damages is premature.

The Court shall address other relevant facts as necessary in the remainder of its order.

**ANALYSIS**

**A.     Legal Standard on Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may

3

affect the outcome of the case. *Id.* at 248. Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"); *see also* Fed. R. Civ. P. 56(e). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(e)(3).

## B. Analysis of Late Fee Claim.

Liquidated damages provisions, like the Standard Late Fee, are only allowed in residential lease agreements if the landlord setting the fee proves: (1) it is "impracticable or extremely difficult" to determine the actual damages caused by a late payment of rent; and (2) the late fee is the product of a "reasonable endeavor . . . to estimate a fair average compensation for any loss that may be sustained" by the breach. *See* Cal. Civ. Code § 1671(d); *Garrett v. Coast Southern Fed. Sav. & Loan, Ass'n*, 9 Cal. 3d 731, 738-39 (1973). Otherwise, the liquidated damages clause will be considered void as an unlawful penalty. *Id.* The proponent of a liquidated damages provision in a residential lease bears the burden of proving its validity under Section 1671. *See Garrett*, 9 Cal. 3d at 738. While presumptively invalid, liquidated damages may be imposed "when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage" caused by a breach. *See* Cal. Civ. Code § 1671(d). Then, "the parties may agree . . . upon an amount which shall be presumed to be the amount of damage sustained by the breach." *Id.*

Courts will look beyond the language of the contract itself to determine the actual circumstances of a liquidated damages clause. *See Del Monte Properties & Investments, Inc. v. Dolan*, 26 Cal. App. 5th 20, 23 (2018) (citing *Garrett*, 9 Cal. 3d at 737). "Agreement to an invalid liquidated damages clause does not insulate it from attack under Civil Code § 1671. The losses caused by late payment of residential rent are limited to interest and administrative costs of

4

collecting and accounting for the late rent." *Id.* (citing *Orozco v. Casimiro*, 121 Cal. App. 4th Supp. 7, 11 (2004)).

In addition, a late fee that violates Section 1671(d) also constitutes an unlawful business act or practice in violation of the California Unfair Competition Law, Business and Professions Code Section 17200, *et seq. See Hauk v. JP Morgan Chase Bank U.S.*, 552 F.3d 1114, 1122 (9th Cir. 2009).

Here, Plaintiffs contend that the evidentiary record demonstrates that Defendants failed to meet their burden to demonstrate that the late fee was "the result of a reasonable endeavor to approximate actual losses caused by late payment of rent." *See Del Monte Properties*, 26 Cal. App. 5th at 24. In order to be considered valid under Section 1671, "a liquidated damages clause must be the result of a reasonable endeavor to approximate actual losses caused by the breach being compensated." *Id.* (citing *In re Cellphone Termination Fee Cases*, 193 Cal. App. 4th 298, 322 (2011)). Setting the liquidated damages to a percentage of the contract price demonstrates a purpose other than compensating losses. *Id.* (citing *Garrett*, 9 Cal. 3d at 740). "Some analysis of actual losses is required prior to setting the amount." *Id.* (citing *Util. Consumers' Action Network, Inc. v. AT&T Broadband of Southern California, Inc.*, 135 Cal. App. 4th 1023, 1031 (2006)). "Post-hoc rationalization will be rejected." *Id.* (citing *In re Cellphone*, 193 Cal. App. 4th at 328).

If a late fee provision is found to be void under Section 1671(d), the late fees paid by tenants must be returned to them. *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1898-1401 (1991); *see also* Cal. Bus. & Prof. Code § 17203. A landlord may offset or reduce the amount it is to return to the tenants by the amount of actual damages it succeeds in proving were proximately caused by the tenants' late payment of rent. *See Garrett*, 9 Cal. 3d at 740-41.

Here, the Court finds that the evidence in the record regarding Defendants' efforts to approximate actual losses caused by late payment of rent when setting the new provision in the standard lease is mixed. Such disputes of fact preclude the grant of summary judgment. The record indicates that Defendants considered the increase in the late fees in 2008 for over a month's time, after consideration of the increase in labor costs, administrative costs related to the collection of unpaid rent, property operations costs, alignment with competitors' late fees charges, and review of

analyses done by their legal team, including reference to a guidance to tenants published by the Los Angeles County's Department of Consumer and Business Affairs. (*See, e.g.,* Declaration of Denise Beihoffer ¶¶ 10-20;[1] Declaration of Aaron Winn ("Winn Decl."), Ex. 1 (Beihoffer deposition) at 139:2-144:8; Ex. 2 (Mickey Cummings deposition) at 55:3-57:12, 58:16-68:12, 69:12-70:12, 90:18-91:9, 95:2-96:24, 118:25-119:7; Ex. 3 (James Fiffer deposition) at 117:1-13, 120:10-121:21, 122:2-25, 125:6-127:11, 141:6-143:7, 149:16-25, 152:1-17, 161:23-162:11, 164:4-20; Ex. 7 (Mayra Villaneuva deposition) at 138:11-23, 139:11-22.)

The Court finds that whether the analysis undertaken by Defendants was sufficient is a matter of disputed fact, and therefore not amenable to resolution at this procedural posture. Accordingly, Plaintiffs' motion for summary adjudication on the question whether the late fee complies with California Civil Code section 1671(d) is DENIED.

Because the second claim for relief for violation of Section 17200 of the UCL is entirely dependent upon the violation of the Civil Code, the Court similarly DENIES Plaintiffs' motion for the second claim as well.

## C.  **Analysis of Certain Damages Offsets.**

In the second part of their motion for partial summary judgment, Plaintiffs seek to have the Court exclude certain categories of damages as a matter of law. In their seventh affirmative defense, Defendants claim that in the event Plaintiffs recover any monetary award, that award must be offset by the amounts Plaintiffs may owe Defendants. Specifically, Plaintiffs contend that they cannot owe any fees relating to collection agencies or attorneys hired by Defendants in an effort to collect late rental payments, as well as computer and personnel costs that are not increased as a result of the late payment of rent. Lastly, Plaintiffs seek a ruling as a matter of law regarding instances of late payments for which Defendants waived the late fee.

If a late fee provision is found to be void under Section 1671(d), the late fees paid by tenants must be returned to them. *See Beasley*, 235 Cal. App. 3d at 1398-1401. However, a landlord may reduce or offset the amount it must return to the tenants by the amount of actual damages it succeeds

---

[1] The Court has received Plaintiffs' objections to the declaration and Defendants' response and has considered her earlier testimony as well as her declaration for purposes of deciding this motion.

6

1 in demonstrating were proximately caused by the tenants' late payment of rent. *See Garrett*, 9 Cal.
2 3d at 740-41.

3 Plaintiffs argue that the lease agreements contain a separate provision in the case in which a
4 tenant defaults on the contract altogether, rather than when the tenant fails to pay the rent timely, but
5 eventually does pay the rent. The Court perceives this issue as a fact-intensive inquiry; that is, if the
6 tenant has defaulted then the default remedies clause in the lease agreement may come into play.
7 But, if the tenant remains in the unit, abides by the contract, and only pays the rent late, the late fees
8 are assessed under the late fee provision. Although the Court agrees that Defendants would not be
9 entitled to double recovery under both provisions, the Court is not persuaded by the contention that
10 any damages incurred after the expiration of the three-day notice-to-quit should not be considered an
11 offset in the event any particular plaintiff pays the rent. As long as a tenant remains in possession of
12 the rental unit, Defendants' efforts to collect the late, unpaid rent would be considered damages
13 resulting from the default. Although the expiration of the three-day notice may allow Defendants to
14 file an unlawful detainer action or commence collection efforts, it does not automatically divest the
15 tenant of possession. Indeed, if tenants pay the rent after the three-day notice has expired or after the
16 eviction has commenced, these damages would remain possible offsets in the context of the late fee
17 provision of the lease agreement.

18 Plaintiffs also contend that Defendants cannot offset the recovery owed to Plaintiffs in the
19 event the late fees provision is void, with damages incurred for fixed overhead and personnel costs
20 which are unaffected by the late payment of rent. *See Beasley*, 235 Cal. App. 3d at 1403 (holding
21 that evidence proving offset damages under *Garrett* must establish "a direct causal link between the
22 breaches underlying the litigation and the actual damages caused by those breaches."). Proposing
23 the hypothetical to include an undisputed factual predicate that the overhead and personnel costs are
24 fixed and unaffected by the late payment of rent would indeed satisfy the standard to preclude an
25 offset of this amount. However, Defendants contend that the overhead computer costs and personnel
26 costs incurred to collect on late rent are indeed affected by the late payments. Should Defendants be
27 able to demonstrate that certain overheard and personnel costs are affected by Plaintiffs' late
28 payments, they would be entitled to prove such an offset. However, because there is a dispute of

7

fact regarding whether the overhead and personnel costs are or are not affected by the collection of late rental payments, the Court cannot grant summary adjudication on this offset issue.

Lastly, Plaintiffs contend that in any particular case in which Defendants have waived the late fee, they should not be able to recover that amount as an offset. Although a setoff may be subject to waiver, the Court does not have a record of any particular undisputed waivers granted by Defendants. In addition, if the late fee was waived and therefore never paid, it is unclear how that particular plaintiff would be considered a member of the class seeking restitution of late fees that they had never actually paid. At this procedural posture, the Court cannot determine that any waiver is valid (or invalid) as a defense offset.

Accordingly, Plaintiffs' motion for partial summary judgment on the offset defense is DENIED.

**D.     Defendants' Remaining Affirmative Defenses.**

Finally, Plaintiffs move for partial summary judgment on Defendants' first, second, fourth, fifth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth affirmative defenses as lacking in sufficient basis in law and fact. Plaintiffs allocate anywhere from a portion of a paragraph to a page of argument regarding each of these various twelve defenses. It is unclear whether Defendants intend to rely on any particular affirmative defense in the resolution of this case.

However, the Court finds that there remains disputed facts regarding whether the Standard Late Fee class can borrow the statute of limitations for the Woodland Park class to resurrect claims that the statute might otherwise bar. Accordingly, the Court DENIES Plaintiffs' motion for partial summary judgment on the first affirmative defense of statute of limitations defense.

Plaintiffs move for summary adjudication as the equitable defenses of estoppel, waiver, and consent. They argue that the defenses are not available should the Court impose a penalty in violation of Section 1671(d). The "public policy expressed in Civil Code section 1670 and 1671 *may not be circumvented by words used in a contract.*" *Purcell v. Schweitzer*, 224 Cal. App. 4th 969, 975 (2014) (citation omitted; emphasis in original). A party cannot waive the protections of the consumer statute merely by consenting to the original payment. Defendants contend they are entitled to assert equitable defenses because Plaintiffs seek equitable relief. This argument may

8

prevail in the context of the affirmative defenses of unclean hands and laches, but any damages so incurred would be accounted for by the offset amounts. Accordingly, the Court GRANTS Plaintiffs' motion as to affirmative defenses two, four, five, eight, and twelve.

Plaintiffs seek summary adjudication as to the ninth affirmative defense for failure to comply with contract terms and the thirteenth affirmative defense for valid business purpose. Plaintiffs contend that they do not allege a breach of contract claim, but rather that a contract term regarding late fees in the lease agreement is invalid as a matter of law under Section 1671(d) and the UCL. Should the late fee provision be found to be an invalid clause in the lease agreements, there would be no defense to that finding in the failure to comply with contract terms or support for the defense of valid business purpose. Accordingly, the Court GRANTS Plaintiffs' motion as to affirmative defenses nine and thirteen.

Plaintiffs seek summary adjudication as to the tenth affirmative defense for adequate remedy at law. However, this defense does not apply where Plaintiffs seek restitution and injunctive relief. Because these are authorized equitable remedies, the Court finds that it is irrelevant whether there is an adequate remedy at law. Accordingly, the Court GRANTS Plaintiffs' motion as to Defendants' tenth affirmative defense.

Plaintiffs seek summary adjudication as to the eleventh affirmative defense of abstention. There are no grounds for this defense; nor do Defendants argue there are. The Court GRANTS summary adjudication as to this affirmative defense.

Plaintiffs seek summary adjudication as to the fourteenth affirmative defense for misjoinder. Federal Rule of Civil Procedure 20(a) permits the joinder of parties in a single action where plaintiffs assert any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences, and there are common questions of law or fact. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). In the body of their motion on their substantive claims, Plaintiffs request that the Court attach liability to three of five named defendants (Equity Residential, ERP Operating Limimted Partnership, and Equity Residential Management, LLC). However, as the Court has denied the motion on the substantive claims, this request is also denied. The relationship amongst the various defendant entities and their participation in the setting,

9

collection, and retention of the late fees is a matter of disputed fact, precluding summary judgment. Accordingly, the Court DENIES summary adjudication as to the fourteenth affirmative defense of misjoinder.

Lastly, Plaintiffs also seek summary adjudication as to the fifteenth affirmative defense under the voluntary payment doctrine. The voluntary payment doctrine requires a further adjudication of factual disputes as well regarding Plaintiffs' full knowledge of the facts and whether the payment of the late fees was voluntary or involuntary. Accordingly, the Court DENIES Plaintiffs' motion for partial summary judgment on the fifteenth affirmative defense.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial summary judgment is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: August 12, 2019

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE