UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EQUITY RESIDENTIAL, et al., <br><br> Defendants. | Case No. 16-cv-01225-JSW (TSH) <br><br> **DISCOVERY ORDER** <br><br> Re: Dkt. No. 165 |

The Court has reviewed the parties' joint discovery letter brief at ECF No. 165 and has some questions:

1. What law governs the waiver of attorney-client privilege here? Plaintiffs assert two claims for relief, both under California law, so you'd think that California law governs the waiver of privilege. *See* Fed. R. Evid. 501. Yet Plaintiffs assert without explanation that Illinois law applies. Rule 501 says that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." The idea is to line up the law of privilege with the rule of decision. Is there any authority for the notion that a court would look to one state's laws for the rule of decision but apply *a different state's* law of privilege?

2. To Plaintiffs: If California law applies to the privilege waiver, has there been a waiver? Defendants briefed California law on this issue, but you didn't.

3. Leaving aside the issue of waiver, does the work product doctrine apply to these documents at all? The redaction log claims only attorney-client privilege and doesn't say anything about work product. *See* Fed. R. Civ. Proc. 26(b)(5)(A)(i) (party must "expressly make the claim"). The privilege log does not expressly state any basis for withholding, but since each item is an email, which is a form of communication, and the attorney involved in each communication is identified, the Court can infer that Defendants are impliedly claiming attorney-client privilege. But nothing in the privilege log purports to show that these documents were "prepared in

anticipation of litigation or for trial," Fed. R. Civ. Proc. 26(b)(3)(A), and when a party "withholds information otherwise discoverable by claiming that the information is . . . subject to protection as trial-preparation material," the privilege log is supposed to "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Have Defendants even claimed work product protection here? And if so, have they established it?

4. Plaintiffs ask for four things:

> (1) the production of all documents listed on the privilege log without redactions (see Exhibit C); (2) a further search to determine if there are other documents connected to the 2008 adoption of the Standard Late Fee and Defendants' regular monitoring responsive to Plaintiff Brown's Request for Production Nos. 22-28, 32-41, and 45-46, (such as legal memoranda, or the fee charts referenced in the titles of some of the emails on the privilege log); and (3) a search for and production of documents and attorney communications related to the prior litigation on which Defendants partly rely; and (4) reopening of the depositions of Denise Beinhoffer and James Fiffer so that Plaintiffs may seek their testimony regarding every aspect of the decision to impose the Standard Late Fee and Defendants' regular monitoring of its late fee.

The Court understands requests 1 and 4. But what is the deal with 2 and 3? How is a potential finding of subject matter waiver related to the idea of additional searches? And what is Defendants' response?

5. To Defendants: It looks like you partially disclosed attorney-client communications in paragraphs 17, 18 and 20 of the Beinhoffer declaration and on page 152 lines 1-17 of the Fiffer deposition, and Judge White cited both of those things (among other evidence) in the key paragraph of his summary judgment ruling in your favor. Why aren't you on the hook for a subject matter waiver?

Within seven days, the parties shall file a joint discovery letter brief, not to exceed five pages, answering these questions.

**IT IS SO ORDERED.**

Dated: May 19, 2020

THOMAS S. HIXSON
United States Magistrate Judge