UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVANNI MUNGUIA-BROWN, et al.,

Plaintiffs,

v.

EQUITY RESIDENTIAL, et al.,

Defendants.

Case No. 16-cv-01225-JSW (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 222

We are here on a dispute over how many additional hours of deposition time Plaintiffs should have for discovery in this case. ECF No. 222. The Court held a hearing on December 21, 2020 and now issues this order.

First, let's recognize the contours of the dispute. Plaintiffs want an additional 121 hours of deposition time, made up of 91 hours of fact witness depositions and 30 additional hours of Rule 30(b)(6) depositions. Defendants do not resist having some increase in the number of deposition hours but think that 121 additional hours is unnecessary, especially given the 11 depositions that have already taken place. Defendants offered to stipulate to 60 additional hours. So, the dispute is not over whether there should be more deposition hours, but how many more hours there should be.

Rule 26(b)(2)(a) allows the Court to alter the number or length of depositions otherwise permitted by Rule 30. In so doing, the Court considers the normal factors governing proportionality spelled out in Rule 26(b)(1). Several of those factors counsel in favor of broad discovery, such as the amount of late fees paid and the number of tenants and properties at issue. Other factors temper the need for such broad discovery, including the likelihood of repetitive testimony. One of the factors mentioned in Rule 26(b)(1) is a comparison of burden versus

benefit. An important burden factor is that in a case that has been pending for several years, Plaintiffs waited until shortly before Christmas to request 121 additional hours of deposition time – equivalent to about 17 seven-hour depositions – when the fact discovery cutoff is March 5, 2021. This is a last minute request to add the equivalent of 17 full depositions in the last two months of fact discovery. Moreover, the request is framed in terms of deposition hours (instead of numbers of depositions) because Plaintiffs want to depose at least 22 additional people. Merely scheduling those depositions will be a headache at this point.

The Court discussed the various categories of witnesses with the parties during the December 21 hearing. The Court will briefly summarize its rulings here, without repeating everything that was said on the record, and notes that a transcript of the hearing will show the Court's reasoning more fully.

The first category of witnesses are individuals who were involved in adopting or monitoring EQR's late fee. Plaintiffs identify six such people and request 33 deposition hours for them. The Court thinks this amount of time is excessive. This testimony is likely to be repetitive, both between these witnesses and with prior depositions already taken. Half a day for each of these witnesses is appropriate, for a total of 21 hours.

Next is Jeff Leedom. Plaintiffs have justified four hours for his deposition.

For outside eviction counsel, Plaintiffs clarified at the hearing that this is three people, not six as stated in the letter brief. Plaintiffs say they have 2-3 documents to use with each witness. That justifies no more than a two-hour deposition for each, for a total of six additional hours.

For the property-level employees, Plaintiffs say they want to ask how late rent is collected. The Court expects the answers will describe the general process each property follows, which will not take much time to describe and which is likely to be repetitive across the properties. These 12 depositions merit only two hours each, for a total of 24 hours.

Finally, the proposed 30(b)(6) topics merit an additional 10 hours, not 30 as requested by Plaintiffs. A 30(b)(6) deposition is not supposed to be a substitute for an expert report and is not an effective way to take discovery into legal contentions, the data topic could be worked out by stipulation, and once these proposed topics are viewed appropriately, 10 hours should be sufficient

to cover them.[1]

Summarizing the above, the Court orders that Plaintiffs may take an additional 65 hours of deposition testimony.[2] Note that although the Court arrived at this total by estimating how many hours are appropriate for each category of deposition, the Court's order is simply that Plaintiffs get an additional 65 hours of depositions. The efficiency of an hours-based cap would be destroyed if the Court specified that each category of deposition was subject to a separate cap within the 65 hours. The whole idea behind the cap is that if the deposition of, for example, a particular property-level employee looks like it doesn't need two hours, Plaintiffs should be incentivized to end the deposition early so they can use that time elsewhere. Also, the Court's process of estimating how many hours are appropriate for each category of deposition does not constitute a ruling on how long any particular deposition can be, i.e., the Court is not saying that the deposition of a property-level employee cannot exceed two hours. The 65 hours is just an overall number to be spread across all these additional depositions.

**IT IS SO ORDERED.**

Dated: December 22, 2020

_____
THOMAS S. HIXSON
United States Magistrate Judge

---

[1] Defendants complain that some of these topics are duplicative of prior 30(b)(6) testimony. The Court expresses no view on that issue because it has not been briefed.

[2] The previously ordered depositions of Jim Fiffer and Denise Beihoffer do not count toward this total.