UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>EQUITY RESIDENTIAL, et al.,<br><br>　　　　　　　　Defendants. | Case No. 16-cv-01225-JSW (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 281 |

The parties have filed a joint discovery letter brief at ECF No. 281. They have a dispute concerning Defendants' claim of attorney-client privilege and work product over four documents, numbered 7, 13, 18 and 23 on the privilege log. They want this dispute resolved quickly so that Plaintiffs can use any documents Defendants are ordered to produce at the March 31, 2021 deposition of James Fiffer. Accordingly, the Court will truncate its legal discussion to get out an order quickly. The Court has reviewed the documents *in camera*.

The Court assumes familiarity with its prior orders at ECF Nos. 171, 196 and 273. Briefly, the Court found a subject matter waiver of the attorney-client privilege as to legal advice from outside counsel and in-house counsel concerning the legality of the late fee. The Court also found a waiver of work product protection but interpreted the "same subject matter" requirement in Federal Rule of Evidence 502(a)(2) to exclude legal advice made squarely in the defense of this lawsuit. The current dispute is over a claim of work product related to a prior lawsuit, but the Court's view remains the same: "The Court understands that in the course of defending litigation, counsel must be able to candidly advise their clients." ECF No. 273 at 9.

That is enough to resolve this dispute. Documents 13, 18 and 23 are outside counsel work product generated in the course of defending litigation. So are Christopher Healey's handwritten

notes on document 7.  The Court orders Defendants to produce document 7 with Healey's notes redacted.[1]  The balance of this motion to compel is denied.

**IT IS SO ORDERED.**

Dated: March 23, 2021

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] During the hearing, Defendants stated that the underlying data in document 7 had been produced elsewhere, so there was no need to produce a redacted version of the document, as doing so would only indicate what items counsel commented on.  Defendants subsequently clarified that the underlying data had not been produced, and they offered to produce document 7 with redactions.

2