Linda M. Dardarian (SBN 131001)
ldardarian@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
Anne P. Bellows (SBN 293722)
abellows@gbdhlegal.com
Katharine L. Fisher (SBN 305413)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel: (510) 763-9800 | Fax: (510) 835-1417

*Attorneys for Plaintiffs and the Certified Classes*
*(Additional Counsel for Plaintiffs listed on the following page)*

Aaron T. Winn (SBN 229763)
atwinn@duanemorris.com
Justin J. Fields (SBN 259491)
jfields@duanemorris.com
DUANE MORRIS LLP
750 B Street, Suite 2900
San Diego, CA 92101-4681
Tel: (619) 744-2200 | Fax: (619) 744-2201

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, et al. individually and on behalf of others similarly situated, | **CLASS ACTION** |
| | Case No.:  4:16-cv-01225-JSW-TSH |
| Plaintiffs, | |
| vs. | **JOINT DISCOVERY LETTER RE: DISCOVERY DISPUTE ABOUT MRI DATA FOR PUTATIVE CLASS MEMBERS SUBJECT TO PLAINTIFFS' MOTION TO MODIFY THE CLASS CERTIFICATION ORDER** |
| EQUITY RESIDENTIAL, et al. | |
| Defendants. | |
| | Hon. Thomas S. Hixson |

822309.16

Craig Nicholas (SBN 178444)
craig@nicholaslaw.org
Alex Tomasevic (SBN 245595)
alex@nicholaslaw.org
Shaun Markley (SBN 291785)
smarkley@nicholaslaw.org
Ethan T. Litney (SBN 295603)
elitney@nicholaslaw.org
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
Tel: (619) 325-0492 | Fax: (619) 325-0496

Jason H. Tarricone (SBN 247506)
jason@clsepa.org
Margaret McBride (SBN 294066)
mmcbride@clsepa.org
COMMUNITY LEGAL SERVICES
 IN EAST PALO ALTO
1861 Bay Road
East Palo Alto, CA 94303
Tel: (650) 326-6440 | Fax: (866) 688-5204

Pursuant to the Discovery Standing Order for Magistrate Judge Thomas S. Hixson, undersigned counsel hereby attest that they met and conferred by telephone on March 25, 2021, in a good faith attempt to resolve their disputes prior to filing the below joint letter.  They have also met and conferred by email several times in the preceding weeks.

Dated: April 12, 2021                    Respectfully submitted,


                                         GOLDSTEIN, BORGEN, DARDARIAN & HO

                                         _/s/ Anne P. Bellows_____
                                         Anne P. Bellows

                                         *Attorneys for Plaintiffs and the Certified Classes*


Dated: April 12, 2021                    DUANE MORRIS LLP

                                         _/s/ Aaron T. Winn_____
                                         Aaron T. Winn


                                         *Attorneys for Defendants*

822309.16

## **ATTESTATION**

I, Anne P. Bellows, hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated: April 12, 2021

_/s/ Anne P. Bellows_
Anne P. Bellows

_Attorneys for Plaintiffs and the Certified Classes_

822309.16

# I.    PLAINTIFFS' POSITION

## A.    Relevant Factual and Procedural Background

This class action challenges the legality of the fee for late payment of rent imposed by Equity Residential, et al. ("EQR") on its California tenants under California Civil Code section 1671(d) and California Business and Professions Code section 17200 *et seq*. On October 23, 2017, Judge White certified the "Standard Late Fee Class," consisting of current and former EQR California tenants who were charged EQR's "Standard Late Fee" of 5% of outstanding rent, with a minimum of $50, between September 3, 2010 and October 23, 2017. The Standard Late Fee Class seeks restitution of unlawful fees paid by class members through the present. EQR seeks to offset any restitution based on its damages caused by class members' late payment of rent, including personnel costs related to late rent collection.

Currently pending before Judge White are Plaintiffs' motions to amend the complaint and modify the class certification order to include EQR tenants in California who were charged and/or paid EQR's Standard Late Fee for the first time after October 23, 2017, with a cut-off date of 75 days before trial ("putative class members"). ECF Nos. 198, 199. Plaintiffs filed those motions on October 20, 2020, and they were taken under submission on January 19, 2021. ECF No. 240. The expanded class would continue to assert the same claims based on the same late fee against the same defendants.[1]

## B.    The Parties' Discovery Dispute Regarding Putative Class Member Data

On January 22, 2021, Plaintiffs served on EQR Plaintiff Munguia-Brown's Request for Production No. 89 ("RFP 89"), which seeks certain tenant data from EQR's MRI database relevant to the issues in this action. Ex. 1. Specifically, Plaintiffs seek the following datasets: RMLEDG (tenant ledger data showing all tenant charges and payments), selected RMNOTES according to the Parties' existing compromise (records showing employee activity related to collecting and accounting for late rent), RMLEASE (data regarding leases), and EQR_LEGAL (data regarding legal proceedings). EQR already produced this data for existing class members pursuant to earlier requests. RFP 89 simply seeks the same data for putative class members—but EQR refuses to make the production.

Plaintiffs request an order requiring EQR to (1) produce anonymized RMLEDG and relevant RMNOTES for all California tenants who were charged or paid the Standard Late Fee for the first time after October 23, 2017,[2] and (2) if the Court expands the class, produce the EQR_Legal and RMLEASE tables and name and contact information for all class members within 7 days of the Court's order.

Plaintiffs seek MRI data for putative class members for two compelling reasons. First, this data is essential to the claims of the putative class, should the Court grant Plaintiffs' pending motion to expand the class. Second, regardless of how the Court rules on that motion, Plaintiffs need the data to ensure that any offset damages sought by EQR are limited to damages traceable to late payments by current class members as opposed to all California tenants who, after October 2017,

---

[1] The proposed amended class definition also includes tenants who paid the late fee because EQR's ledger system assigns a late fee charge to only one member of a household. EQR narrowly construed the original class definition in creating the class list and therefore unduly excluded tenants who were subject to a late fee and required to pay it. *See* ECF 200 at 4. EQR has already produced anonymized data for "roommates" of existing class members. *See id.*

[2] The data can be anonymized with the use codes that identify individual tenants (NAMEID) and groups of tenants on a shared lease (RESIDENTID). The Parties' previously negotiated agreement on which entries on the RMNOTES are appropriate for production should continue in place.

paid rent late. EQR has already produced similar data for the certified classes and doing so again is not burdensome.

**C.      The Requested Data Is Highly Relevant to the Claims of the Putative Class.**

Because the putative class asserts the exact claims as the already certified class, Plaintiffs anticipate that the Court is likely to grant the pending motions expanding the case to cover all affected tenants. The MRI data showing late fees charged, late fees paid, and other information such as late rent activity is highly relevant to the claims of the expanded class, both to establish the restitution owed to the putative class members and to provide a factual basis for analyzing EQR's offset claim for damages it has incurred from tenants' late rent payment. Because the Court has set fact discovery and motion to compel deadlines of April 5 and 12, respectively, Plaintiffs must move now to compel this information.

Discovery of information about putative class members is commonplace even early in litigation when discovery is focused on class certification. *See, e.g.*, *Lindell v. Synthes USA*, 2013 U.S. Dist. LEXIS 85636, at *18 (E.D. Cal. June 18, 2013) (ordering pre-certification production of wage statements and reimbursement documents for putative class members). In this case, there are fewer barriers to such discovery because Plaintiffs already represent two certified classes and merits discovery is coming to a close. *Willner v. Manpower, Inc.*, 2012 WL 4902994, at *6 (N.D. Cal. Oct. 16, 2012). Courts may require production of substantive data about putative class members prior to class certification where plaintiffs make "a prima facie showing" that Rule 23 requirements are met. [3] *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Coleman v. Jenny Craig, Inc.*¸ 2013 U.S. Dist. LEXIS 82815, at *24-25 (S.D. Cal. June 12, 2013) (requiring production of time cards, work schedules, and other data for putative class members).

Defendants' authorities for their position are inapposite. In *Lifeguard Licensing Corp. v. Kozak*, 2016 U.S. Dist. LEXIS 68724, at *7 (S.D.N.Y. May 23, 2016),  the court rejected discovery related Defendants' as-yet-unfiled answer because discovery on unpled claims was beyond the scope of Rule 26. Similarly, in *Altman v. HO Sports Co.*, 2010 U.S. Dist. LEXIS 133280, at *5-6 (E.D. Cal. Dec. 2, 2010), the Court's statement about discovery was "prohibited" on the new claims appears to address the period before they were pled. Here, Plaintiffs have already pled putative class members' claims in the amended complaint, and with the close of fact discovery and the approaching deadline for motions to compel, they cannot wait any longer to seek this data.

**D.      The Requested Data Is Necessary to Accurately Allocate EQR's Offset Damages.**

Second, Plaintiffs seek the RMLEDG and RMNOTES data reflecting late rent payments and late rent activity for tenants who are not current class members because even if the Court declines to modify the class definition, information about their late rent payments is necessary to establish what portion of EQR's costs of collecting and accounting for late rent is attributable to current class members. Any offset of damages EQR has incurred must be limited to EQR's costs of late rent collection from certified class members only—and must not sweep in any time that EQR personnel spent on late rent payments by non-class members. *See* Order, ECF No. 142 at 5, and 6-7, *citing Garrett v. Coast S. Fed. Sav. & Loan*, 9 Cal. 3d 731, 740-41 (1973) ("a landlord may offset or reduce the amount it is to return to the tenants by the amount of actual damages it succeeds in proving were proximately caused by the tenants' late payment of rent."). If EQR presents an offset based in any part on its cost of collecting late rent after October 2017, Plaintiffs should be entitled to show what

---

[3] The certification of the current Standard Late Fee class, whose members are subject to the same late fee and who are comparable to the putative class members in all respects except for the time period, satisfies Plaintiffs' prima facie showing that the Rule 23 requirements are satisfied with respect to the new class. *See* ECF No. 91 (order granting certification of the Standard Late Fee class); ECF No. 199 (explaining why the class certification order should be modified).

proportion of late paying tenants are class members are which are not, to ensure that any offset is limited to damages caused by class members.

A complete set of RMNOTES data including more recent tenants is necessary to determine the proportion of 3-day notices, phone calls, and emails related to late rent that are traceable to class members, as opposed to other tenants. Similarly, the RMLEDG data (*i.e.*, ledger data) for the putative class is necessary to test EQR's contention that is devotes more time to collecting rent from tenants with higher outstanding balances, and, if that is correct, to allocate offset damages based on the amount owed. These analyses may all be done on an aggregate basis—but they must be based on complete data.

### E.      **Production of Anonymized Data Does Not Raise Privacy Concerns or Cause Prejudice.**

EQR has not voiced any privacy concerns about RFP 89. Even if it had, Plaintiffs' need for the data (outlined above) outweighs the minimal privacy interests in this kind of anonymized information. Data about rental payments and late fees, like similar data that is required to be produced prior to class certification, "must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories." *Willner*, 2012 WL 4902994, at *6.

EQR complains that Plaintiffs' request would divert time from trial preparation. Plaintiffs first requested this data nearly three months ago, and EQR has already successfully pulled comparable datasets for the existing classes. It can modify those same queries to pull the data at issue here.

### F.      **Plaintiffs' Proposed Compromise.**

EQR opaquely offered to produce "some post-class data" to address our concerns about allocating damages, but gave no details about this proposal and did not offer the data sets we request. Plaintiffs are willing to receive anonymized RMLEDG and RMNOTES data for putative class members, allowing EQR to withhold names and the EQR_Legal and RMLease tables pending the Court's ruling on Plaintiffs' request to modify the class definition.

### II.      DEFENDANTS' POSITION

Although Judge White has not yet granted leave to permit Plaintiffs to file an amended complaint, Plaintiffs are seeking discovery regarding their *potential* new claims. Plaintiffs do not cite *any* authority to support their extraordinary demand. This is probably because it is "well-established" that Rule 26 does not permit discovery of "potential" or even "likely" claims or defense. *See, e.g., Lifeguard Licensing v. Kozak*, No. 15CIV8459LGSJCF, 2016 WL 3144049 (S.D.N.Y. May 23, 2016).

### A.      **Equity did not "unduly exclude" anyone from the class list.**

Plaintiffs argue that Equity "narrowly construed" the class definition and "unduly excluded" tenants from the class list. Not true. The scope of the potential class was specifically briefed during Plaintiffs' class certification motion. To avoid individualized inquiries regarding who actually *paid* a late fee (which can get complicated in roommate situations), Plaintiffs argued that the class should be defined as those who were *charged* a late fee, regardless of who paid it. (ECF. No. 63-3, at pp. 17-24, fn. 6.) The Court certified the class using *Plaintiffs'* proposed class definition.

Now, Plaintiffs have sought leave to file a new complaint, that asserts new claims (including an injunctive relief claim that was *disclaimed* during the original class certification briefing), and have asked the Court to certify a *new* class. But no one has been "unduly excluded"; rather, the question is whether Plaintiffs are entitled to conduct discovery regarding *potential* new claims and a *potential* new class *before the Court has even granted leave to amend.*

B.    **Discovery regarding potential new claims and parties is neither relevant nor proportionate to the needs of the case.**

The "plain language of [Rule 26(b)(1)] does not provide for discovery of 'likely,' 'anticipated,' or 'potential' claims or defenses." *Lifeguard Licensing Corp. v. Kozak*, No. 15CIV8459LGSJCF, 2016 WL 3144049, at *2 (S.D.N.Y. May 23, 2016). Rather, discovery must be relevant to *actual* claims or defenses *and* be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiffs' proposed discovery is neither.

Here, Plaintiffs are seeking discovery regarding *potential* claims. Specifically, Plaintiffs have sought leave to amend their complaint to (1) add a new party (plaintiff Shannah Smith), (2) add new injunctive relief claims, and (3) create a new proposed class. *See* ECF 198. Thus, the proposed amended complaint does not—as Plaintiffs argue—merely assert the "exact same claims" as the operative complaint. It seeks to add a new party, add new claims, and redefine the proposed class.

Moreover, because Plaintiffs request for leave to amend came *four years* after the Court's deadline to amend the pleadings and because Plaintiffs' new proposed complaint is inconsistent with the basis for their original class certification motion, there are ample grounds for the Court to deny their request for leave to amend. *See, e.g., Osakan v. Apple Am. Grp.*, 2010 U.S. Dist. LEXIS 53830, at *13-14 (N.D. Cal. May 3, 2010) (denying motion to amend brought shortly before discovery cut-off because of undue delay and prejudice).

And again, it is "well-established" that information regarding *potential* claims is generally beyond the scope of permissible discovery. *See Lifeguard Licensing Corp.*, 2016 WL 3144049, at *2; FRCP 26(b)(1). As the court observed in *Altman v. Ho Sports Co., Inc.*, No. 1:09-CV-1000 AWI JLT, 2010 WL 4977761, at *2 (E.D. Cal., Dec. 2, 2010), the Rules "prohibit" discovery regarding new causes of action pled in a *proposed* amended complaint before the Court has actually granted leave to amend. Yet this is precisely what Plaintiffs are demanding here.

Plaintiffs' request for discovery regarding *potential* new claims is also disproportionate to the needs of the case because "it would be a waste of resources to devote discovery to issues that may never be addressed in the litigation." *Lifeguard Licensing Corp.*, 2016 WL 3144049, at *3. Further, requiring new discovery on *potential* claims as fact discovery is closing would create "significant prejudice" to Equity. *Altman,* 2010 WL 4977761, at *2, *4.

C.    **None of plaintiffs' authorities authorize discovery regarding potential claims.**

While Plaintiffs argue that they are entitled to conduct discovery regarding *potential* claims, all of their authorities deal with a distinctly different scenario: pre-certification discovery concerning *actual* claims asserted in an operative complaint. Plaintiffs' cases stand for the basic rule that pre-certification discovery may be appropriate if it is necessary to "substantiate class allegations and to meet the certification requirements under Rule 23." *See Willner v. Manpower, Inc.*, No. C 11-2846 JSW MEJ, 2012 WL 4902994, at *6. (N.D. Cal. Oct. 16, 2012); *Khalilpour v. CELLCO Partnership*, No. C 09-02712 CW MEJ, 2010 WL 1267749, at * 2. (N.D. Cal. Apr. 1, 2010) (ordering production of putative class members contact information because it "is relevant to and reasonably calculated to lead to the discovery of evidence relevant to class certification issues"); *Lindell v. Synthes USA*, No. 1: 11-cv-02053-LJO-BAM, 2013 U.S. Dist. LEXIS 85636, at *18 (E.D. Cal. June 18, 2013) (permitting discovery regarding class certification and merits of actual claims*); Coleman v. Jenny Craig, Inc.,* No. 11-cv-1301-MMA (DHB), 2013 U.S. Dist. LEXIS 82815, at *24-25 (S.D. Cal. June 12, 2013) (finding that discovery regarding the commonality and typicality requirements of Rule 23 is permissible).

But here, Plaintiffs are not seeking discovery to support a motion for certification; *they've already filed that motion*. Rather, Plaintiffs are seeking discovery regarding *potential* claims before the Court has actually granted leave to amend. That's at least one step too far. *See, e.g., Altman*, 2010 WL 4977761, at *2.

Even in the pre-certification context, courts deny requests for discovery that is not relevant to class certification. *See, e.g., In re Facebook Privacy Litig.*, No. 5:10-CV-02389-RMW, 2015 WL 3640518, at *3 (N.D. Cal. June 11, 2015) (plaintiff was "not entitled to information about Facebook's advertising revenue and profit because she failed to substantiate how such information is relevant to class certification"); *Mandrigues v. World Savings, Inc.*, No. C 07-4497 JF (RS), 2008 WL 11388759, at *2, 2008 U.S. Dist. LEXIS 134780, at *6-7 (N.D. Cal. June 20, 2008) (denied the disclosure of class contact information at the pre-certification stage because it "does not appear that the identities of class members are required to enable plaintiffs to file a motion for class certification."). And since Plaintiffs have already filed their motion for class certification, even Plaintiffs do not contend that the information they seek is relevant to certification.

This Court should thus wait until Judge White rules on Plaintiffs' pending motions before opening the door to discovery regarding *potential* claims. *See Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (district court did not abuse its discretion in refusing to grant plaintiff's request for additional discovery); *In re Rail Freight Fuel Surcharge Antitrust Litig.* (D DC 2009) 258 FRD 167, 170, 175 (when determining whether to postpone discovery, court must balance the need to promote effective case management, prevent potential abuse, and protect parties' rights).

**D.    Discovery regarding residents who are not class members is irrelevant and prejudicial.**

Plaintiffs also argue that their last-minute request for individual ledgers for each *potential* new class member is necessary to get a "complete picture" of the *current* class members' late rent damages. But Equity has already produced *ten years of data* regarding the existing class. That's more than enough to provide a "complete picture" of damages resulting from late rent.

Moreover, while Equity agrees that the damages attributable to each instance of late rent vary widely (and that those damages are extremely difficult to calculate), Plaintiffs' suggestion that they must individually analyze each resident's ledger (including the ledgers of residents who are *not* class members!) is inconsistent with Plaintiffs' promise that the claims and defenses in this action could be adjudicated using common proof. Nor does the data Plaintiffs request show the actual damages Equity incurred from any particular instance of late rent.

Compelling discovery regarding potential new claims is also prejudicial. Plaintiffs' focus on third-party privacy rights is merely one of the concerns at issue. In addition to privacy concerns, Plaintiffs are asking the Court to require defendants to spend significant time combing through years of data to pull individualized ledgers for *thousands* of residents across more than 170 properties. This is a significant undertaking that will divert resources away from expert discovery and trial preparation and interject new issues into the litigation *after discovery has closed*.

**E.    Defendants' proposed compromise.**

Defendants agreed to produce anonymized data regarding tenants who are *not* class members so that Plaintiffs can confirm that Equity's damages are tied to class members' failure to pay rent. But Plaintiffs want more. As a result, Defendants propose that the parties wait for Judge White's rulings on the pending motions. Once the Court rules on the motions, the parties can meaningfully assess what additional discovery (if any) is relevant, necessary, and proportionate to any new claims.

If this Court believes, however, that Plaintiffs are entitled to conduct discovery regarding their *potential* claims before Judge White rules on the pending motion for leave to amend, Equity requests at least 30 days to respond to Plaintiffs' new requests for information as Plaintiffs are seeking data for thousands of third-party residents spread over nearly 200 properties.

Exhibit 1

Jason H. Tarricone (SBN 247506)
jason@clsepa.org
Margaret McBride (SBN 294066)
mmcbride@clsepa.org
COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
1861 Bay Road
East Palo Alto, CA 94303
Tel:   (650) 326-6440
Fax:  (866) 688-5204

Linda M. Dardarian (SBN 131001)
ldardarian@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
Anne P. Bellows (SBN 293722)
abellows@gbdhlegal.com
Katharine L. Fisher (SBN 305413)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel:   (510) 763-9800
Fax:  (510) 835-1417

Attorneys for Plaintiffs and the Certified Classes
(*Additional Counsel for Plaintiffs and the Certified Classes listed
on following page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, ANGELINA MAGAÑA, NORMA RODRIGUEZ, and DAVID BONFANTI individually and on behalf of others similarly situated,<br><br>             Plaintiffs,<br><br>vs.<br><br>EQUITY RESIDENTIAL, a real estate investment trust, ERP OPERATING LIMITED PARTNERSHIP, a partnership, EQUITY RESIDENTIAL MANAGEMENT, L.L.C., EQR-WOODLAND PARK A LIMITED PARTNERSHIP, and EQR-WOODLAND PARK B LIMITED PARTNERSHIP,<br><br>             Defendants. | **CLASS ACTION**<br><br>Case No.:  4:16-cv-01225-JSW-TSH<br><br>**PLAINTIFF MUNGUIA-BROWN'S TWELFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS EQUITY RESIDENTIAL, ERP OPERATING LIMITED PARTNERSHIP, EQUITY RESIDENTIAL MANAGEMENT, L.L.C., EQR-WOODLAND PARK A LIMITED PARTNERSHIP, AND EQR-WOODLAND PARK B LIMITED PARTNERSHIP** |

795699.3

Craig Nicholas (SBN 178444)
craig@nicholaslaw.org
Alex Tomasevic (SBN 245595)
alex@nicholaslaw.org
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
Tel:  (619) 325-0492
Fax:  (619) 325-0496

Attorneys for Plaintiffs and the Certified Classes

795699.3

**PROPOUNDING PARTY:**   Plaintiff Javanni Munguia-Brown

**RESPONDING PARTY:**   Equity Residential, ERP Operating Limited Partnership, Equity

Residential Management, L.L.C., EQR-Woodland Park A Limited

Partnership, EQR-Woodland Park B Limited Partnership

**SET NUMBER:**   Twelfth (12)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Munguia-Brown requests that Defendants provide responses in writing to the following requests for production of documents at the offices of Goldstein, Borgen, Dardarian & Ho, 155 Grand Avenue, Suite 900, Oakland, CA 94612, within thirty (30) days from the date of service of these Requests for Production of Documents.  These document requests are ongoing and require timely supplementation up to and through the completion of trial in this action.

## DEFINITIONS

The following definitions will apply to each of the following Requests for Production of Documents:

1.   "ACTION" means *Munguia-Brown et al. v. Equity Residential, et al.*, Case No.:  4:16-cv-01225-JSW-TSH (N.D. Cal.).

2.   "ALL" means any and all.

3.   "COMMUNICATION" means any and all transfers or exchanges of information, whether verbal, written, telephonic, or through the use of any MEDIUM without limitation, including but not restricted to correspondence through the United States Postal Service, correspondence through any private courier (including but not limited to FEDEX, DHL, UPS), correspondence through facsimile transmission, writings attached to any electronic message, email through any internet service provider, instant messaging, messages transmitted on any personal digital device including smartphones, text messages, online social media, notes, videotapes, compact discs, CD-ROMS, DVDs, Blu-Ray discs, audio-cassettes, recordings of telephonic conversations, message pads, diaries, journal entries, memoranda chronicling any conversation, post-its, index cards, printouts of any and all online

commentary, annotations on business cards, pictures, photographs (film or digital), and any and all other forms of tangible expression.

4.    "DEFENDANT" or "DEFENDANTS" shall refer to all of the defendants in this ACTION collectively, and their respective officers, agents, servants, employees, independent contractors, attorneys, predecessors, successors and assigns, representatives, and all other persons acting or who have acted on their behalf.

5.    "DOCUMENT" shall have the most expansive possible meaning under the Federal Rules of Civil Procedure, and shall be construed broadly to include any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the following, whether printed, typewritten, recorded, filmed or reproduced by any mechanical process or written or produced by hand, and whether an original, master or copy, and whether or not claimed to be privileged from discovery, including: worksheets, agreements, books, records, letters, accounts, notes, summaries, forecasts, appraisals, surveys, estimates, diaries, desk calendars, reports, communications (including intra-company communications), correspondence, facsimiles, electronic mail messages, telegrams, memoranda (including intra-company memoranda), summaries, notes and records of telephone conversations (including voicemail messages), meetings, and conferences, notes in reference to personal conversations or interviews, contracts, notices, drafts of any document, business records, charts, schedules, diaries, computer printouts, computer-stored data (including e-mails), computer tapes or computer disks, microfilm, microfiche, photographs, slides, negatives, motion pictures, video recordings, tape or other voice recordings and transcriptions thereof, data compilations from which information can be obtained or translated and any other information contained on paper, in writing, in graphical media, in any computer readable media, or in any other physical form in your actual or constructive possession, custody or control.

6.    "MEDIUM" or "MEDIA" shall mean and refer to any and all modes of COMMUNICATION regardless of mode of publication, transmission or broadcast; channels or systems of COMMUNICATION or information; and objects in which information may be stored and retrievable, including but not limited to books, magazines, newspapers, newsletters, other periodicals,

795699.3

e-books, i-pods, i-pads, computers, cell phones, photocopies, Photostats, photocopies, and faxed sheets.

7.     "STANDARD LATE FEE" shall mean Equity Residential's standard late fee provision: 5% of the outstanding balance owed (capped at 5% of the total amount of monthly recurring charges) or $50, whichever is greater.

8.     "STANDARD LATE FEE MONETARY RELIEF CLASS" shall mean all Equity Residential tenants in California from September 3, 2010 through 75 days before the commencement of trial who were charged and/or paid one or more late fee(s) under Equity Residential's standard late fee provision: 5% of the outstanding balance owed (capped at 5% of the total amount of monthly recurring charges) or $50, whichever is greater.

9.     "WOODLAND PARK PREEXISTING LEASE CLASS" shall mean all Equity Residential tenants in the Woodland Park Property from December 1, 2011 until Defendant sold the property in February 2016 who were charged and/or paid one or more late fee(s) of $50 under Equity Residential's policy of charging a flat $50 late fee to tenants on pre-existing non-EQR leases.

## **INSTRUCTIONS**

The following instructions apply to each of the Requests for Production of Documents:

1.     These discovery requests are being made pursuant to the Federal Rules of Civil Procedure, including, without limitation, Rules 26 and 34.  Accordingly, Defendants' responses to such Requests for Production of Documents must comply with the requirements set forth in the Rules, which are referred to and incorporated herein by reference.

2.     In responding to these Requests for Production of Documents, you are requested to furnish all information, items and documents known or available to Defendants regardless of whether such information, items and documents are directly in Defendants' possession or that of Defendants' agents, representatives or experts.  These Requests for Production of Documents include production of all responsive information, items and documents in the possession, custody or control of Defendants' agents, representatives or other persons directly or indirectly retained by Defendants, or anyone else acting on Defendants' behalf or otherwise subject to Defendants' control.

795699.3

**REQUEST FOR PRODUCTION NO. 89**

Please produce a copy of DEFENDANTS' MRI database in native format, including RMLedg data, RMNotes data, RMLease data, EQR_Legal data, and ALL other data pertaining to ALL members of the STANDARD LATE FEE MONETARY RELIEF CLASS and ALL members of the WOODLAND PARK PREEXISTING LEASE CLASS. To the extent production of this data will be accomplished by query, Plaintiffs request that DEFENDANTS use the ResidentID field to identify and extract the responsive data.

**REQUEST FOR PRODUCTION NO. 90**

Please produce All DOCUMENTS, including but not limited to interview notes and recordings, that memorialize or summarize interviews, surveys, or conversations that DEFENDANTS and/or any of their agents or anyone else acting on DEFENDANTS' behalf conducted or had with personnel employed at any of DEFENDANTS' California residential properties regarding time spent on tasks related to the collection of tenants' late rent payments.

Dated: January 22, 2021                     GOLDSTEIN, BORGEN, DARDARIAN & HO

Andrew P. Lee

*Attorneys for Plaintiffs and the Certified Classes*

795699.3

**PROOF OF SERVICE**

Case:    *Munguia-Brown v. Equity Residential*

Case No.:  4:16-cv-01225-JSW

STATE OF CALIFORNIA      )
                                                  )  SS
COUNTY OF ALAMEDA      )

I have an office in the county aforesaid.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 155 Grand Avenue, Suite 900, Oakland, California 94612.

I declare that on the date hereof I served a copy of

**PLAINTIFF MUNGUIA-BROWN'S TWELFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS EQUITY RESIDENTIAL, ERP OPERATING LIMITED PARTNERSHIP, EQUITY RESIDENTIAL MANAGEMENT, L.L.C., EQR-WOODLAND PARK A LIMITED PARTNERSHIP, AND EQR-WOODLAND PARK B LIMITED PARTNERSHIP**

SEE SERVICE LIST BELOW

☒    **By Electronic Service:**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service address(es) as set forth below

☒    (***State***)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California on January 22, 2021

Jacqueline Thompson
_____
Printed Name                                          Signature

**SERVICE LIST**

DUANE MORRIS LLP

Aaron Winn (atwinn@duanemorris.com)
Justin Fields (jfields@duanemorris.com)
Karen L. Alexander
(klalexander@duanemorris.com)

*Counsel for Defendants*

BAKER & HOSTETLER LLP

Shareef Swamy Farag (sfarag@bakerlaw.com)
John S. Letchinger (jletchinger@bakerlaw.com)

*Counsel for Defendants*

795785.1

1   Aaron T. Winn (SBN 229763)
**DUANE MORRIS LLP**
2   750 B Street, Suite 2900
San Diego, CA 92101-4681
3   Telephone: 619.744.2200
Facsimile: 619.744.2201
4   E-mail: atwinn@duanemorris.com

5   Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
6   One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1127
7   Telephone: 415.957.3000
Facsimile: 415.957.3001
8   E-mail: jfields@duanemorris.com

9   Attorneys for Defendants

10             **UNITED STATES DISTRICT OF COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12                **OAKLAND DIVISION**

13

14   JAVANNI MUNGUIA-BROWN,
ANGELINA MAGANA, and NORMA
15   RODRIGUEZ, and DAVID BONFANTI,
individually and on behalf of others similarly
16   situated,

17              Plaintiffs,

18       v.

19   EQUITY RESIDENTIAL, a real estate
investment trust, ERP OPERATING
20   LIMITED PARTNERSHIP, a partnership,
EQUITY RESIDENTIAL MANAGEMENT,
21   L.L.C., EQR-WOODLAND PARK A
LIMITED PARTNERSHIP, and EQR-
22   WOODLAND PARK B LIMITED
PARTNERSHIP,

23

24             Defendants.

Case No. 16-cv-01225-JSW

**DEFENDANTS' RESPONSES TO
PLAINTIFF MUNGUIA-BROWN'S
TWELFTH SET OF REQUESTS
FOR PRODUCTION**

Judge:    Hon. Jeffrey S. White

25

26

27

28

Equity has any non-privileged, responsive documents in its possession, custody and control that have not already been produced, Equity will produce them.

**REQUEST FOR PRODUCTION NO. 88:**

Please produce ALL DOCUMENTS upon which DEFENDANTS have relied and/or will rely to demonstrate and/or calculate their administrative costs from their California tenants' late payment of rent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Objection, this request is overbroad, unduly burdensome, and may seek information covered by the attorney-client or attorney work product privileges. Subject to and without waiving these objections, Equity responds as follows: to the extent Equity has any non-privileged, responsive documents in its possession, custody and control that have not already been produced, Equity will produce them.

**REQUEST FOR PRODUCTION NO. 89:**

Please produce a copy of DEFENDANTS' MRI database in native format, including RMLedg data, RMNotes data, RMLease data, EQR_Legal data, and ALL other data pertaining to ALL members of the STANDARD LATE FEE MONETARY RELIEF CLASS and ALL members of the WOODLAND PARK PREEXISTING LEASE CLASS. To the extent production of this data will be accomplished by query, Plaintiffs request that DEFENDANTS use the ResidentID field to identify and extract the responsive data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Equity objects that the Request is unduly burdensome, harassing, and duplicative. The parties, after significant meet & confer and discussion, have already agreed to parameters for production of information from the MRI database, and those productions have already occurred. The MRI database in native format will not be provided.

1   Aaron T. Winn (SBN 229763)
    Karen L. Alexander (SBN 596629)
2   **DUANE MORRIS LLP**
    750 B Street, Suite 2900
3   San Diego, CA 92101-4681
    Telephone:  619.744.2200
4   Facsimile:  619.744.2201
    E-mail:  atwinn@duanemorris.com
5               klalexander@duanemorris.com

6   Justin J. Fields (SBN 259491)
    **DUANE MORRIS LLP**
7   One Market, Spear Tower, Suite 2200
    San Francisco, CA 94105-1127
8   Telephone: 415.957.3000
    Facsimile: 415.957.3001
9   E-mail: jfields@duanemorris.com

10
    Attorneys for Defendants
11

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14                    **OAKLAND DIVISION**

15

16   JAVANNI MUNGUIA-BROWN, et al.          Case No.  16-cv-01225-JSW

17          Plaintiffs,

18          v.                              **DECLARATION OF SERVICE**

19   EQUITY RESIDENTIAL, a real estate
     investment trust, ERP OPERATING
20   LIMITED PARTNERSHIP, a partnership,
     EQUITY RESIDENTIAL PROPERTIES
21   MANAGEMENT CORPORATION, and
     DOES ONE through TWO HUNDRED         Judge:     Hon. Jeffrey S. White
22   AND FIFTY inclusive,

23          Defendants.

24

25          I am employed in the County of San Diego, State of California.  I am over the

26   age of 18 and not a party to the within action; my business address is **750 B Street,**

27   **Suite 2900, San Diego, CA 92101.**

28

On **March 8, 2021,** I served the document described as:

**DEFENDANTS' RESPONSES TO PLAINTIFF MUNGUIA-BROWN'S TWELFTH SET OF REQUESTS FOR PRODUCTION**

on all counsel listed below by the following means**:**

| | |
|---|---|
| Jason H. Tarricone<br>Margaret McBride<br>COMMUNITY LEGAL SERVICES IN EAST PALO ALTO<br>1861 Bay Road<br>East Palo Alto, CA 94303<br>Phone: 650.326.6440<br>Facsimile: 866.688.5204<br>Email: jason@clsepa.org<br>     mmcbride@clsepa.org | Attorneys for Plaintiffs |
| Linda M. Dardarian<br>Andrew P. Lee<br>Anne P. Bellows<br>Katharine Fisher<br>GOLDSTEIN,BORGEN, DARDARIAN & HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612<br>Phone: (510) 763.9800<br>Facsimile: (510) 835.1417<br>Email: ldardarian@gbdhlegal.com<br>     alee@gbdhlegal.com<br>     abellows@gbdhlegal.com<br>     kfisher@gbdhlegal.com | Attorneys for Plaintiffs |
| Craig M. Nicholas<br>Alex Tomasevic<br>NICHOLAS & TOMASEVIC, LLP<br>225 Broadway, 19th Floor<br>San Diego, CA 92101<br>(619) 325-0492<br>(619) 325-0496<br>Email:craig@nicholaslaw.org<br>     alex@nicholaslaw.org | Attorneys for Plaintiffs |

☐ **(BY PERSONAL SERVICE) [C.C.P. § 1011]**  I caused to be delivered such envelope by hand via messenger service, Cal Express, to the parties listed above and left the envelope with the party, the receptionist or person in charge thereof between the hours of 9:00 a.m. and 5:00 p.m.

☐ **(BY MAIL) [C.C.P. § 1013(a)(3) Business Practice to Entrust Deposit to Others]** I placed such envelope for collection, deposit and mailing with the United States Postal Service following ordinary business practices at my place of business.  I am readily familiar with the business practice of my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  I am aware that, on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☐ **(BY FACSIMILE) [C.C.P. § 1013(e), (f)]**  I caused a true copy of the document(s) to be transmitted via facsimile to a facsimile machine maintained by the person on whom the document(s) is served.  Facsimile service has been agreed upon by the parties.  I am aware that the service is complete at the time of transmission, but any period of notice shall be extended after service by facsimile transmission by two court days.

☐ **(BY FEDEX) [C.C.P. § 1013(c)]**  I deposited such envelope in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by this express service carrier to receive documents in an envelope or other package designated by this express service carrier, with delivery fees paid or provided for.

☒ **(BY ELECTRONIC MAIL):**  I attached a true and correct copy of the above-entitled document(s) to each of the listed counsel in the email addresses noted above.

☐ **(BY ELECTRONIC SERVICE):**  I attached a true and correct copy of the above-entitled document(s) to the Lexis/Nexis website Court service system.

☐ **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1    ☒    **FEDERAL:**  I declare that I am employed in the office of a member of

2    the bar of this Court at whose direction the service was made.

3    Executed on **March 8, 2021**at San Diego, California.

4

5                                          */s/Anita D. La Fuze*

6                                          Anita D. La Fuze

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28