UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY RESIDENTIAL, et al.,<br><br>Defendants. | Case No. 16-cv-01225-JSW<br><br>**ORDER RESOLVING OUTSTANDING MOTIONS AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 194, 195, 198, 199, 218, 228, 248 |

Now before the Court are the following seven outstanding motions for resolution: (1) Plaintiffs' motion to dismiss Defendants' debt collection set-off claims (Dkt. No. 194); (2) Defendants' motion for summary judgment, or in the alternative for partial summary judgment (Dkt. No. 195); (3) Plaintiffs' motion for leave to file a third amended complaint (Dkt. No. 198): (4) Plaintiffs' motion to certify the class (Dkt. No. 199); (5) Plaintiffs' administrative motion to file documents under seal (Dkt. No. 218); (6) Plaintiffs' administrative motion to strike, or alternatively for leave to file a response to Defendants' objections (Dkt. No. 228); and (7) Defendants' motion to modify class certification order to exclude managerial employees (Dkt. No. 248).

Due to Court resources and the parties' inundation of filings, the Court shall address each of the motions briefly in turn as they were filed, with the intention to move the matter along to resolution. The Court and the parties are familiar with the facts and the procedural posture of the case, and they will not be repeated here.

**A.    Motion to Dismiss Defendants' Debt Collection Set-Off Claims.**

Plaintiffs move to dismiss the Defendants' set-off claims contained in their seventh affirmative defense under Federal Rule of Civil Procedure 12(b)(1). The Court finds that it has original jurisdiction over the Plaintiffs' claims under the Class Action Fairness Act. 28 U.S.C. § 1332(a). However, it declines to exercise supplemental jurisdiction over the broad range of Defendants' individualized claims for set-offs for members of the class who broke their lease early and may have caused property damage in excess of their security deposits. The debts Defendants seek to introduce into the case – such as cleaning charges imposed upon move out, fees and charges for early lease termination, attorneys' fees and court costs, unpaid rent and other monthly fees – will so compound this case that it will be rendered untenable. These debts, incurred as a result of other provisions in the lease, are sufficiently unrelated to Plaintiffs' claim about the validity of the late rental fees. *See, e.g., Lyon v. Whisman,* 45 F.3d 758, 763 (3d Cir. 1995). The Court will not exercise jurisdiction over them in the class action context. *See, e.g., Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997)

The Court finds that, consistent with its prior rulings in this matter and under governing California law, the late fees in dispute in this case may be set off only by the damages Defendants incurred from lost use of funds and the additional costs incurred in collecting and accounting for late rent. *See Garrett v. Coast and Southern Federal Saving and Loan Ass'n*, 9 Cal. 3d 731, 740-41 (1973); *see also* Dkt. No. 142, Order dated August 12, 2019 re Motion for Summary Judgment ("Order re MSJ") at 6-8.

Accordingly, the Court GRANTS Plaintiffs' motion to dismiss Defendants' other debt collection set-off claims.

///

///

**B.    Defendants' Motion for Summary Judgment or Partial Summary Judgment.**

Defendants move for summary judgment as to Plaintiff David Bonfanti on the grounds that he knowingly and voluntarily paid the late fees on his past due rent fifteen times and is therefore not entitled to recoup losses should the Court find the provision in his rental agreement to be unlawful.  Defendants move for summary judgment of Mr. Bonfanti's claims on the basis of the voluntary payment doctrine and their proffer that Mr. Bonfanti knew about the late fees and paid them voluntarily.

In response to the motion for summary judgment as to Plaintiff Bonfanti and the voluntary nature of his payments of the late fees, Plaintiffs contend that the Court should find the voluntary payment doctrine does not apply to residential tenants who pay fees required by their landlord which themselves would violate the consumer protective purposes of California Civil Code Section 1671(d) and California's Unfair Competition Law.  Without citation to binding authority, Plaintiffs seek a ruling from the Court that the voluntary payment doctrine is an inapplicable defense in this consumer protection context.

However, this Court has already declined to make new law and instead has held that the "voluntary payment doctrine requires further adjudication of factual disputes as well regarding Plaintiffs' full knowledge of the facts and whether the payments of the late fees was voluntary or involuntary." (Order re MSJ at 10.)  The Court again declines to make a ruling regarding what the California Supreme Court may hold regarding the applicability of the voluntary payment defense in the consumer protection arena.

However, the Court is now presented with the evidence to adjudicate the factual dispute regarding Plaintiff Bonfanti's knowledge of the facts and whether the payments he made of the late fees were in fact voluntary.  On the evidence proffered, the Court finds that there is a dispute of fact regarding voluntariness based on whether Mr. Bonfanti had full knowledge regarding whether the late fee charges he paid were excessive or illegal.  The defense of voluntariness must be premised upon a fully informed consumer understanding the validity of the payment. *See, e.g., Brink v. Raymond James & Assocs., Inc.*, 341 F. Supp. 3d 1314, 1320 (S.D. Fla. 2018) (holding that when "a plaintiff makes the allegedly excessive payments without the knowledge of the

1   factual circumstances rendering them excessive or illegal, the voluntary payment affirmative
2   defense does not apply"); *see also American Oil Serv. v. Hope Oil Co.*, 194 Cal. App. 2d 581, 586
3   (1961) ("it is elementary that an excessive payment made in ignorance of the fact that it is
4   excessive is recoverable"); *Rodman v. Safeway, Inc.*, 125 F. Supp. 3d 922, 941 (N.D. Cal. 2015)
5   (holding that the voluntary payment doctrine bars the recovery of money that was voluntarily paid
6   with full knowledge of the facts and whether any particular plaintiff knew her payment was
7   excessive at the time of payment is to be judged in light of the facts that were known to plaintiff).

8   Accordingly, the Court DENIES Defendants' motion for partial summary judgment as to
9   Plaintiff David Bonfanti's claims.[1]

### C.  Plaintiffs' Motion for Leave to File Third Amended Complaint.

Plaintiffs move for leave to file a third amended complaint: (1) to add Shannah Smith, a current EQR tenant with standing to seek injunctive relief; (2) to modify the definitions for both the Standard Law Fee Class and the Woodland Park Preexisting Lease Class from those already certified include all tenants "who were charged and/or paid one or more late fee(s)" as discovery has disclosed that the fees were at times paid by roommates of the tenants; and (3) to extend the Standard Late Fee Class Period to 75 days before trial (instead of the previous end date of October 23, 2017).

Plaintiffs move to amend pursuant to the liberal pleading standard under Federal Rule of Civil Procedure 15(a). That Rule provides that the Court should freely give leave to amend when justice so requires.

Based on the submissions of the parties and the record in this matter, the Court finds that amendment should be granted to allow a current tenant to represent the plaintiff class and to allow potential recovery up to 75 days before trial of this matter. The Court does not find persuasive Defendants' contentions regarding prejudice or delay. Ever since the original complaint was filed, Plaintiffs have consistently raised the same claims and causes of action under the same general set of operative facts and on behalf of generally the same people seeking the same relief against the

---

[1] The Court also GRANTS Plaintiffs' motion to file portions of their opposition papers under seal. (Dkt. No. 218.)

4

1  same defendants.  The changes in representative plaintiff and the extension of the period for

2  compensation due to the continued implementation of the policy does not change the central theme

3  of this case.  Plaintiffs continue to seek restitution of potentially excessive late fees collected from

4  California tenants, as well as injunctive and declaratory relief should the late fees be deemed

5  unlawful.  The Court finds that Plaintiffs have satisfied the liberal standard for seeking to amend

6  their complaint to add a new representative plaintiff and to extend the time for relief.

7  However, the Court does not find that Plaintiffs have satisfied their burden to amend the

8  complaint to include persons who were not contractually obligated to pay the late fees but

9  nevertheless may have paid those fees.   The primary dispute in this matter is whether the

10  contractual obligation in the residential rental agreements providing for late fees is unlawful.

11  (Dkt. No. 45, Second Amended Complaint at ¶ 45.)  Plaintiffs do not persuasively contend that

12  possible roommates or others who paid the late fees but were not contractually charged for being

13  late on their rent are subject to the same contractual obligations and therefore entitled to join the

14  suit. *See, e.g. Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 930-32 (1985); *see also*

15  *Krzyzanowsky v. Orkin Exterminating Co.*, 2009 WL 481267, at *14 (N.D. Cal. Feb. 24, 2009)

16  (holding that plaintiff did not risk future harm where written policy did not threaten their rights).

17  Accordingly, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs motion for

18  leave to file their third amended complaint.[2]

19  **D.     Plaintiffs' Motion to Certify the Class.**

20  Based on the proposed amendments to the complaint in this matter, Plaintiffs seek to

21  modify the Court's order granting certification of the class.  Based on the same reasons for

22  permitting Plaintiffs to file an amended complaint to add Shannah Smith and to extend the

23  Standard Late Fee Class Period to 75 days before trial, the Court GRANTS Plaintiffs' motion to

24  amend the class definition as to these changes.  The Court DENIES Plaintiffs' motion to modify

---

[2] The Court has reviewed the administrative motion to strike or for leave to file a response to the reply declaration associated with the motion for leave to amend the complaint.  (Dkt. No. 228.) The Court finds the administrative motion extraneous and DENIES it.  Regardless, the Court has reviewed all of the materials submitted by both parties in resolving the outstanding motions, including the reply and sur-reply evidence submitted in conjunction with the motion for leave to amend the complaint.  (Dkt. Nos. 224, 228-1.)

the class certification to include persons, such as roommates, who may have paid the late fees but were not so contractually obligated. The Court finds that these potential new plaintiffs lack commonality and typicality with the class.

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion to modify the Court's class certification order.

### E.   Defendants' Motion to Modify Class Certification to Exclude Managerial Employees.

Defendants move to exclude from the class those management-level employees who also lived at an Equity property during the class period and were charged a late fee. Defendants contend that approximately 40 individuals would be removed from the class as a result of their conflict managing the policy they object to. (Dkt. No. 248-1, Declaration of Denise Beihoffer.)

The Court finds that there is no serious or irreconcilable conflict that requires exclusion of current members of the class who also work for Equity. *See, e.g., Nucci v. Rite Aid Corp.*, No. 19-cv-01434-LHK, 2020 WL 3187335, at *18 (N.D. Cal. June 14, 2020) (holding that class representatives fail to meet the adequacy standard when the conflicts between the class members are serious and irreconcilable). Citing other courts making similar findings, "[s]imply because the team managers implemented [Defendants'] allegedly unlawful policies does not mean" that there is a conflict of interest because "[t]here is no indication that Plaintiffs are placing legal blame on the team managers' shoulders." *Id.* (citing *Vasquez v. Leprino Foods Co.*, 2020 WL 1527922, at *111 (E.D. Cal. Mar. 31, 2020 (collecting cases)).

The Court finds that the approximately 40 individuals who were both employees of Defendants and residents in the properties do not create a conflict sufficiently serious to support their exclusion from the class. Accordingly, the Court DENIES Defendants' motion to modify this Court's prior orders to exclude managerial employees.

### F.   Case Management Conference.

At the parties' request and in order to set further case management deadlines, the Court SETS a further case management conference for November 12, 2021 at 11:00 a.m. The parties shall submit a joint case management statement by no later than November 5, 2021 setting out agreed-upon and available pretrial and trial dates as well as alternative dispute resolution options.

The Court has already addressed no fewer than 12 substantive motions for relief filed by the parties in this matter. Going forward, the Court admonishes the parties to respect the limitations on the Court's resources, both of the undersigned and the assigned Magistrate Judge.

**IT IS SO ORDERED.**

Dated:   October 25, 2021

_____
JEFFREY S. WHITE
United States District Judge