UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, et al., <br><br>Plaintiffs,<br><br>v.<br><br>EQUITY RESIDENTIAL, et al.,<br><br>Defendants. | Case No. 16-cv-01225-JSW<br><br>**ORDER DENYING MOTION TO CERTIFY THE CLASS, DENYING MOTION TO EXCLUDE EXPERT TESTIMONY, AND DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 334, 335, 343, 366, 367, 374, 376, 381, 382, 383 |

Now before the Court are multiple motions: (1) motion to decertify the class filed by Defendants; (2) motion to exclude the opinion testimony of Mark J. Hosfield filed by Plaintiffs; (3) motion for sanctions against Defendants also filed by Plaintiffs; and (4) several motions to seal documents.[1]

For the reasons stated herein, these substantive motions are DENIED.

**BACKGROUND**

Plaintiffs are current and former tenants in Equity's California properties who were charged a late fee when they breached their lease agreements by failing to timely pay rent.

---

[1] With reference to the various motions to seal, the Court DENIES the request at Docket No. 334 and GRANTS the requests at Docket Nos. 343, 367, 374, 376, 381, and 382.

1    Plaintiffs claim that the late fee was an unlawful liquidated damages provision; Equity disagrees.
2    The Court has certified two separate classes for a Standard Late Fee set of residents and a
3    Woodland Park Pre-Existing Lease set of residents.
4        Due to Court resources and the parties' multiple filings, the Court shall address each of the
5    motions briefly, with the intention to move the matter along to resolution.  The Court and the
6    parties are familiar with the facts and the procedural posture of the case, and they will not be
7    repeated here.  Other additional relevant facts shall be addressed in the remainder of the Court's
8    order.

## ANALYSIS

### A.   Motion to Decertify the Classes.

On October 23, 2017, this Court certified the Standard Late Fee and Woodland Park Pre-Existing Leases Classes.  (*See* Dkt. No. 91, Order Granting Motion to Certify.)  Defendants filed a motion for permission to appeal the Court's order granting class certification, which was denied. (Dkt. Nos. 97, 103.)  On October 25, 2021, the Court recertified the Standard Late Fee Class for the purpose of extending the class period until 75 days before trial and to add Plaintiff Shannah Smith as a class representative.  (Dkt. No. 315.)  The Court also certified an injunctive relief class pursuant to Federal Rule of Civil Procedure 23(b)(2).

The Court has therefore concluded that Plaintiffs have satisfied the requirements of certification pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) on two separate occasions.  The class-wide liability determination predominates over any individualized damages issues. (Dkt. No. 91, Order at 10.)  The Court again finds that the possibility that Equity may be able to offset certain costs against the late fees paid by the classes is a separate damages issue which does not defeat predominance.  *See Pulaski & Middleman, LLC v. Google*, 802 F.3d 979, 988 (9th Cir. 2015) (holding that damages calculations for Rule 23(b)(3) classes do not defeat predominance).  The Court found that Equity will be able to "generate the documentation which would enable them to determine these offset amounts."  (Dkt. No. 91, Order at 7.)  The Court further finds that Plaintiffs' experts have analyzed the restitution and offset damages amounts and claim they are fully capable of calculation based on common data and common methodology.

2

In order to prevail on their motion for decertification, Defendants must demonstrate there are changed circumstances – either in fact or in law – that merit the decertification of the classes. The Court finds, again, that Defendants' uniform late fee gives rise to predominant common questions of liability. In order to prevail on its motion, Equity would have to show that the twice-certified classes now lack numerosity, typicality, adequacy of representation, or common questions of law or fact or that the classes no longer fit into the three categories required by Rule 23(b). The Court previously concluded: "common questions regarding Equity's liability and right to offset the potential restitution of late fee charges predominate over questions of individual class members under Section 1671(d) and the attendant Section 17200 analysis." (*Id.*, Order at 10.) In addition, Plaintiffs have sufficiently demonstrated that class member recoveries do not require individualized inquiries and may be determined based on common evidence, including "documentation and records of the late payments and fees assessment as well as actual costs incurred for late payment of rent and actual costs it incurred as a result of the late payments." (*Id.*)

With respect to the voluntary payment defense, the Court has held that it "must be premised on a fully informed consumer understanding the validity of the payment." (Dkt. No. 315, Order at 3.) Defendants have still not met their burden to demonstrate that individual inquiries are necessary to adjudicate this defense. Defendants' voluntary payment defense will turn largely on whether class members were fully informed of the facts bearing on the validity of the late fee pursuant to Section 1671(d).

The Court finds that Defendants have failed to meet their burden to present the Court with additional new facts or law that would justify the decertification of the Standard Late Fee or the Woodland Park classes. Accordingly, the Court DENIES Defendants' motion for decertification of the classes.

**B.     Motion to Exclude Expert Opinion of Mark J. Hosfield.**

Plaintiffs move to exclude the proffered expert opinion of Mark. J. Hosfield. Plaintiffs contend that Hosfield's employee cost calculations pursuant to the "cost incurred method" as well as the "cost savings method" should be excluded pursuant to Federal Rule of Evidence 702 and the holding of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

3

1    Under Federal Rule of Evidence 702, scientific, technical, or otherwise specialized
2    knowledge is admissible if it will assist the trier of fact to understand the evidence or determine a
3    fact in issue. Fed. R. Evid. 702. The evidence must be relevant and reliable, and its evidentiary
4    reliability must be based on scientific validity. *See Daubert*, 509 U.S. 590. *Daubert* sets forth a
5    two-part test governing the admission of expert testimony: "[(i)] the expert testimony must consist
6    of 'scientific knowledge'—that is, the testimony must be supported by appropriate validation; and
7    [(ii)] the evidence or testimony must 'assist the trier of fact to understand the evidence or to
8    determine a fact in issue.'" *United States v. Dorsey*, 45 F.3d 809, 813 (4th Cir. 1995) (quoting
9    *Daubert*, 509 U.S. at 590-91). *Daubert* requirements are also applicable in considering whether to
10   admit expert testimony in non-scientific fields. *Kumho Tire Co. v. Carmichael*, 526, U.S. 137,
11   147-49 (1999).

12   Under *Daubert* there are four factors trial courts should consider when evaluating
13   reliability: (i) whether the theory or technique the expert uses can be, and has been, tested; (ii)
14   whether the theory or technique has been subjected to peer review and publication; (iii) the known
15   or potential rate of error of the method used; and (iv) the degree of the method's or conclusion's
16   acceptance within the relevant scientific community. *Daubert*, 509 U.S. at 593-94. The
17   proponent of the expert evidence bears the burden of proving reliability: "A proffer must also
18   include sufficient information regarding the bases for the expert's opinion." *United States v.*
19   *Rincon*, 28 F.3d 921, 924-25 (9th Cir. 1994); *United States v. Jordan*, 924 F. Supp. 443, 447
20   (W.D.N.Y. 1996).

21   In this case challenging the fees that Equity collects from its California residents for the
22   late payment of rent, should the late fee provision be found void, the late fees paid must be
23   returned, less any amount in actual damages including personnel costs that Equity succeeds in
24   proving were proximately caused by those tenants' late payment of rent. (*See, e.g.,* Dkt. No. 142
25   at 6-7.) Expert witness Hosfield purports to calculate the costs to Equity of collecting tenants' late
26   rental payments. Hosfield calculated these costs by asking a small representative group of
27   Equity's property level employees to estimate the amount of time they spent on collection of late
28   rent in the past, converting those estimates into a percentage of their total time at work, and then

4

1   applying that percentage to extrapolate the compensation received by all employees at the
2   company.
3         The Court agrees with Defendants in that the bulk of Plaintiffs' contentions are challenges to the weight of the proffered expert's conclusions and not to their admissibility. Especially in this matter which will be tried to the bench, the Court finds that Plaintiffs' misgivings about the methodology used by the expert can be explored in cross-examination and, as fact-finder, the Court can accord it the proper weight. The Court does not find that the proffered expert's methodologies and computations are unacceptably imprecise. The Court agrees that it must look at the "aggregate costs that are directly linked to the collection of delinquent rent." (Dkt. No. 377-1, Declaration of Mark J. Hosfield at ¶ 23.) To the extent the Court deems it appropriate to accord less weight to the testimony, the Court can make its reliability and admissibility determinations during the trial. *See, e.g., United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018). Accordingly, the Court DENIES Plaintiffs' motion to exclude Hosfield's testimony.

### C.      Motion for Sanctions.

Lastly, Plaintiffs move for an order under Federal Rule of Civil Procedure 16(f) imposing monetary sanctions in the amount of $114, 441.40 incurred by Plaintiffs allegedly as a result of Equity's multiple violations of the Court's Scheduling Orders. Rule 16(f) allows the Court to impose sanctions for failure to obey a scheduling or other pretrial order.

Plaintiffs argue that Equity represented that it had stopped charging late fees during the pandemic and that its costs from March 2020 forward were not relevant. However, Equity had resumed imposing late fees in California briefly in August 2020 and then more permanently starting in February 2021. Defendants contend that their costs during the pandemic time period only became relevant once Plaintiffs had successfully moved the Court to extend the class period to 75 days prior to trial. Equity alleges that they provided Plaintiffs with information about their pandemic era late fees and policies once that information became relevant. Just as they had advised both Plaintiffs and the Court, if the class and time period expanded, Equity would need to produce new cost data and rework its expert analysis. Once the Court expanded the class time period, Equity provided Plaintiffs with the offset data accounting for that added time period. The

5

Court does not find fault with Equity's addition of discoverable materials pertaining to the expanded class. Accordingly, the Court DENIES Plaintiffs' motion for sanctions.

## CONCLUSION

For the reasons stated herein, the Court DENIES Defendants' motion for decertification of the classes. The Court DENIES Plaintiffs' motion to exclude the expert opinion of Mark J. Hosfield. Finally, the Court DENIES Plaintiffs' motion for sanctions against Defendants.

**IT IS SO ORDERED.**

Dated: January 24, 2023

_____
JEFFREY S. WHITE
United States District Judge