Margaret McBride (SBN 294066)
mmcbride@clsepa.org
COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
1861 Bay Road
East Palo Alto, CA 94303
Tel: (650) 326-6440
Fax: (866) 688-5204

Linda M. Dardarian (SBN 131001)
ldardarian@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
Anne P. Bellows (SBN 293722)
abellows@gbdhlegal.com
Katharine L. Fisher (SBN 305413)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Attorneys for Plaintiffs and the Certified Classes
(*Additional Counsel for Plaintiffs and the Certified Classes listed on following page*)

UNITED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, ANGELINA MAGAÑA, NORMA RODRIGUEZ, DAVID BONFANTI, and SHANNAH SMITH individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>EQUITY RESIDENTIAL, a real estate investment trust, ERP OPERATING LIMITED PARTNERSHIP, a partnership, EQUITY RESIDENTIAL MANAGEMENT, L.L.C., EQR-WOODLAND PARK A LIMITED PARTNERSHIP, and EQR-WOODLAND PARK B LIMITED PARTNERSHIP,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No.: 4:16-cv-01225-JSW-TSH<br><br>**THE PARTIES' JOINTLY PROPOSED FINDINGS OF FACT**<br><br>Before: Hon. Jeffrey S. White<br><br>Trial Date: June 8, 2023 |

Craig Nicholas (SBN 178444)
craig@nicholaslaw.org
Alex Tomasevic (SBN 245595)
alex@nicholaslaw.org
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
Tel: (619) 325-0492
Fax: (619) 325-0496

Attorneys for Plaintiffs and the Certified Classes

# THE PARTIES' JOINTLY PROPOSED FINDINGS OF FACT

## A. Liquidated Damages

1. The Standard Late Fee and Woodland Park $50 Late Fee are liquidated damage provisions that are subject to the requirements of California Civil Code section 1671(d).

## B. The Parties

### 1. Plaintiff Shannah Smith

2. Plaintiff Shannah Smith is a current tenant of Riva Terra II, one of Equity's residential properties located in Redwood City, California. ECF No. 454 at 16 (Stip. No. 5).

3. Plaintiff Smith has resided at the Riva Terra II property since December 2004, when it was owned by a different landlord. ECF No. 454 at 16 (Stip. No. 6).

4. Plaintiff Smith first entered into a lease agreement with Equity on March 20, 2013. That lease agreement, and each of her subsequent lease agreements with Equity, stated that her rent was due on the first of the month, and if she failed to pay her rent by the end of the day (11:59 p.m.) on the fourth of the month, she would be charged a late fee of "5% on the 5th – minimum of $50." ECF No. 454 at 16-17 (Stip. No. 7).

5. Plaintiff Smith's current Equity lease signed in the week before trial commenced in this case on June 8, 2023, also provides that her rent is due on the first of the month with a grace period of four days, after which Equity would charge her the Standard Late Fee for the late payment of rent. 1 Tr. 60:19-25.

6. For purposes of this litigation, Plaintiff Smith's tenant ledger (Trial Exhibit ("Ex.") 1514) accurately reflects all late fee charges to and payments made by Plaintiff Smith. ECF No. 454 at 17 (Stip. No. 8).

7. In the roughly 10 years that Plaintiff Smith has resided at her current property under Equity's ownership, she has only incurred one late fee. 1 Tr. 56:25-57:3, 61:1-7; ECF No. 454 at 17 (Stip. No. 8).

873916.1
DM2\18194000.1

8. On January 4, 2015, Plaintiff Smith attempted to transmit payment of her $2,648 monthly rent to Equity, but her bank denied the payment for insufficient funds. 1 Tr. 61:1-7, 61:24-62:11; Ex. 1514 at 1514-7.

9. On January 8, 2015, Equity charged Plaintiff Smith a $132.40 late fee for that late rent payment. 1 Tr. 61:24-62:11; Ex. 1514 at 1514-7.

10. On January 9, 2015, Plaintiff Smith paid Equity the $132.40 late fee, along with her monthly rent payment and a $25 Not Sufficient Funds fee. 1 Tr. 61:1-62:11, 63:13-15 & Ex. 1514 at 1514-7.

11. Plaintiff Smith plans to continue living in her current Equity apartment for the foreseeable future. 1 Tr. 57:11-14.

**2. Plaintiff David Bonfanti**

12. Between October 2014 and July 2017, Plaintiff David Bonfanti was a tenant of Bella Vista, one of Equity's residential properties in Woodland Hills, California. ECF No. 454 at 17 (Stip. No. 9); Ex. 1564; 2 Tr. 338:11-12.

13. While at Bella Vista, Mr. Bonfanti signed 3 lease agreements. Exs. 41, 43, 1152.

14. Plaintiff Bonfanti first entered into a lease agreement with Equity on October 11, 2014. Plaintiff Bonfanti renewed his lease with Equity in July 2015 and again in July 2016. ECF No. 454 at 17 (Stip. Fact No. 10).

15. Each of Plaintiff Bonfanti's lease agreements with Equity stated that rent was due on the first of the month, and if Bonfanti did not pay his rent by the end of the day (11:59 p.m.) on the fourth of the month, he would be charged a late fee of "5% on the 5th – minimum of $50." ECF No. 454 at 17 (Stip. No. 11).

16. For purposes of this litigation, Plaintiff Bonfanti's tenant ledger (Ex. 1564) accurately reflects all late fee charges to and payments made by Plaintiff Bonfanti. ECF No. 454 at 17 (Stip. No. 12).

17. While at Bella Vista, Bonfanti failed to timely pay rent roughly 15 times, and was charged a late fee each time. Ex. 1564; 2 Tr. 328:15-19; Ex. 1564 (Bonfanti Resident Statement). He paid each of the 15 late fees. ECF No. 454 at 17 (Stip. No. 12).

### 3. **Plaintiff Javanni Munguia-Brown**

18. Plaintiff Javanni Munguia-Brown was a tenant of Defendants' Woodland Park property in East Palo Alto, California throughout the time Equity owned it from December 2011 to February 2016. ECF No. 454 at 17 (Stip. No. 13).

19. Plaintiff Munguia-Brown moved into her apartment at that property prior to Defendants' ownership. ECF No. 454 at 17 (Stip. No. 14).

20. Equity acquired Plaintiff Munguia-Brown's building as of December 1, 2011. Equity and Munguia-Brown both assumed the terms of her pre-existing lease. ECF No. 454 at 17 (Stip. No. 15).

21. For purposes of this litigation, Plaintiff Munguia-Brown's tenant ledger (Ex. 1561) accurately reflects all late fee charges to and payments made by Plaintiff Munguia-Brown. ECF No. 454 at 17-18 (Stip. No. 16).

### 4. **Plaintiff Norma Rodriguez**

22. Plaintiff Norma Rodriguez was a tenant of Defendants' Woodland Park property in East Palo Alto, California throughout the time Equity owned it from December 1, 2011 to February 2016. ECF No. 454 at 18 (Stip. No. 17).

23. Plaintiff Rodriguez moved into her apartment at that property prior to Defendants' ownership. ECF No. 454 at 18 (Stip. No. 18).

24. Equity acquired Plaintiff Rodriguez's building as of December 1, 2011. Equity and Rodriguez both assumed the terms of her pre-existing lease. ECF No. 454 at 18 (Stip. No. 19).

25. For purposes of this litigation, Plaintiff Rodriguez's tenant ledger (Ex. 1562) accurately reflects all late fee charges to and payments made by Plaintiff Rodriguez. ECF No. 454 at 18 (Stip. No. 20).

### 5. **Plaintiff Angelina Magaña**

26. Plaintiff Angelina Magaña was a tenant of Defendants' Woodland Park property in East Palo Alto, California during the time Equity owned it from December 2011 to February 2016. ECF No. 454 at 18 (Stip. No. 21).

27. Plaintiff Magaña moved into her apartment at that property prior to Defendants' ownership. ECF No. 454 at 18 (Stip. No. 22).

28. Equity acquired Plaintiff Magaña's building as of December 1, 2011. Equity and Magaña both assumed the terms of her pre-existing lease. ECF No. 454 at 18 (Stip. No. 23).

29. For purposes of this litigation, Plaintiff Magaña's tenant ledger (Ex. 1563) accurately reflects all late fee charges to and payments made by Plaintiff Magaña. ECF No. 454 at 18 (Stip. No. 24).

### C. **Equity's California Properties Communities and Operations**

30. Between September 3, 2010 and December 31, 2021, Equity has owned and operated nearly 200 residential communities in California, with approximately 100 to 150 properties in its California portfolio at a given time.

31. Equity owned Woodland Park from December 2011 until February 2016. 4 Tr. 733:15-17.

32. Woodland Park was made up of approximately 1800 units. 4 Tr. 733:18-20.

### D. **Equity's Standard Leases**

33. The Standard Lease that Equity currently uses, and has used throughout the Class Period, for its California properties has generally consisted of three parts: (1) a two-page Term Sheet, which contains blank fields for the start and end dates of the tenancy, the rental rate, the Standard Late Fee, and other charges; (2) a California-specific "Terms and Conditions" document; and (3) potential addenda that address terms other than the monthly tenant's rental rate, and the Standard Late Fee. ECF No. 454 at 19 (Stip. No. 26).

34. In the Standard Leases used in California during the Class Period, the Term Sheet states:

> **Late Fees:** Your rent is due on the 1st of each month. If we do not receive your rent and other recurring charges, in person before the close of business, or electronically by 11:59 pm local time[], on day [X], you will be charged a late fee as follows: 5 percent on [day X+1] – minimum of $50.

ECF No. 454 at 19 (Stip. No. 27).

### E. The Adoption of the Standard Late Fee

35. Around June 2008, Equity changed its late fee in California from a flat $50 to the Standard Late Fee of 5% or $50. ECF No. 454 at 19 (Stip. No. 28).

36. Equity continues to charge the Standard Late Fee to its California tenants if they do not pay their rent by the expiration of the grace period specified in their lease, which is typically the end of the day (11:59 p.m.) on the fourth day of each month. ECF No. 454 at 19 (Stip. No. 29).

37. The employees involved in the decision to adopt the Standard Late Fee included Senior Vice President and Deputy General Counsel James Fiffer, First Vice President – Legal Denise Beihoffer, Executive Vice Presidents David Santee and Frederick Tuomi, Vice President of Financial Planning Christopher Jenkins, and the two Senior Vice Presidents responsible for the California portfolio, Mickey Cummings and Bruce Lavine. ECF No. 454 at 19 (Stip. No. 30).

38. From approximately 1999 until his retirement in 2019, James Fiffer worked as deputy general counsel for Equity Residential. 3 Tr. 445:2-11; 577:10-21.

39. Since 2006, Denise Beihoffer has held the title of First Vice President in Equity's legal department. 4 Tr. 741:17-24, 742:10-12.

40. Ms. Beihoffer provided general legal advice to Equity's property operations and property management teams in 2008. 4 Tr. 659:5-8.

41. In 2008, Ms. Beihoffer reported to Equity's Deputy General Counsel and Senior Vice President, Jim Fiffer. 4 Tr. 742:13-19.

42. In May 2008, Equity sought input from Equity's local eviction counsel in California, Jamie Sternberg of Kimball Tirey & St. John, regarding the requirements for late fees under California law. Ex. 61; 4 Tr. 680:24-682:13.

873916.1
DM2\18194000.1

43. Ms. Beihoffer also conducted her own legal research during the 2008 fee review, including review of (1) California's statute addressing liquidated damages, (2) guidance from the California Apartment Association ("CAA"), and (3) the Los Angeles County Department of Consumer Affair's ("DCBA") publication on residential late fees, and (4) input from Ms. Sternberg. 4 Tr. 751:5-14.

44. Ms. Beihoffer had previously reviewed a background paper from the CAA, and then reviewed it again in June 2008 when Mr. Cummings emailed it to her. Exs. 71-72, 4 Tr. 692:17-693:3.

45. Ms. Beihoffer was also familiar with the reasonable endeavor concept during the 2008 California late fee review. 4 Tr. 774:25-775:4.

### F. Prior Court Case

46. In 1998, Equity was sued in California for allegedly charging a late fee that did not comply with Civil Code section 1671(d). The action was filed in the Superior Court of the State of California, County of San Diego, entitled *Consumer Justice Foundation, Inc. v. Equity Residential Properties Trust, et al.*, San Diego Superior Court Case No. 718159 ("1998 Late Fee Lawsuit"). ECF No. 454 at 19 (Stip. No. 31).

47. In February 2000, the parties settled the 1998 Late Fee Lawsuit. ECF No. 454 at 19 (Stip. No. 32).

### G. Exemplar Exhibits

48. For purposes of this litigation only, the Parties stipulated that the following trial exhibits are representative exemplars of documents used by Equity throughout the class period unless a different time period is specifically indicated. The Parties entered into this Stipulation only with respect to the portions of the exemplar exhibits that are material and relevant to issues before the Court in this Action for the Standard Late Fee Class and Injunctive Relief Class:

    a. Equity's Standard Lease (Exs. 6, 83, 85);

    b. Equity's Residential Lease – Term Sheet (Ex. 147);

    c. Equity's Three-Day Notice to Pay Rent or Quit (Ex. 47);

    d. Equity's Pre-Eviction Settlement Agreement (Ex. 39);

e. Equity's Job Descriptions for selected property level employees (Exs. 17, 18, 26, 27, 32, 105, 107, 1088); the Parties agreed that these exhibits are generally representative of the job descriptions for the stated positions.

ECF No. 454 at 15-16 (Agreement No. 8).

Dated: July 28, 2023     Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Anne P. Bellows*
Anne P. Bellows

Attorneys for Plaintiffs and the Certified Classes

Dated: July 28, 2023     DUANE MORRIS LLP

*/s/ Karen L. Alexander*
Karen L. Alexander

Attorneys for Defendants

## SIGNATURE ATTESTATION

The e-filing attorney hereby attests that concurrence in the content of the document and authorization to file the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-file document.

Dated: July 28, 2023     */s/ Anne P. Bellows*
Anne P. Bellows