UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY RESIDENTIAL, et al.,<br><br>Defendants. | Case No. 16-cv-01225-JSW<br><br>**ORDER RE INJUNCTIVE RELIEF, FINAL DAMAGES AMOUNT, AND ENTRY OF JUDGMENT** |

By entry of its Findings of Fact and Conclusions of Law ("Findings"), the Court has determined that the Standard Late Fee provision in Equity's residential lease in California is null and void. Before the Court enters final judgment, however, the parties must further brief, or stipulate to, a couple of issues. The Court ORDERS Plaintiffs to brief or stipulate to the issues that follow, by no later than May 3, 2024. Equity may file a response by no later than May 24, 2024, taking into account the findings of fact and conclusions of law made in the Court's Findings. Plaintiffs' reply shall be due no later than June 7, 2024.

First, the Plaintiffs seek an injunctive relief that (1) permanently precludes Equity from charging or collecting the Standard Late Fee; (2) permanently precludes Equity from including the Standard Late Fee or any percentage-based late fee in any future leases; and (3) for three years following judgment limits the amount of any late fee that Equity may charge during this period to a reasonable amounts based on this Court's findings regarding Equity's actual damages proximately caused by late rent, based on the evidence presented at trial.

Before the Court may issue a permanent injunction, Plaintiffs must demonstrate "(1) that

[they] have suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

The Court finds that the factors for issuance of an injunction have not been fully briefed, including the amount that Equity may charge instead of the $50 or 5 percent of the outstanding rent.

Second, the Court requires that Plaintiff proffer the final judgment amount. This number shall not include the late-added $815,000 or prejudgment interest. This number must be updated to include post-trial numbers. In performing these calculations, the parties must use Mr. Breshears' methods for calculating total late fee charges and payments. In calculating Equity's offset damages, the parties are instructed that this number is limited to a portion of their claimed employee costs, as determined utilizing Mr. Schwarz's multiple regression analysis, and Equity's lost use of funds figures must be determined utilizing Mr. Breshears' methodology.

**IT IS SO ORDERED.**

Dated: April 8, 2024

_____
JEFFREY S. WHITE
United States District Judge