Aaron T. Winn (SBN 229763)
Justin J. Fields (SBN 259491)
Karen L. Alexander (SBN 265926)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:  619.744.2200
atwinn@duanemorris.com
jfields@duanemorris.com
klalexander@duanemorris.com

John Sheldon Letchinger (*Pro Hac Vice*)
**Baker & Hostetler LLP**
One N. Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: 312.416.6200
jletchinger@bakerlaw.com

Attorneys for Equity Residential

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY RESIDENTIAL, et al.,<br><br>Defendants. | Case No.  16-cv-01225-JSW<br><br>**EQUITY RESIDENTIAL'S (1) OBJECTION TO PLAINTIFFS' REPLY; (2) REQUEST FOR LEAVE TO FILE A SURREPLY, OR TO STRIKE PORTIONS OF PLAINTIFFS' REPLY; AND (3) REQUEST FOR EVIDENTIARY HEARING**<br><br>Hon. Jeffrey S. White<br>Courtroom 5, 2nd Floor |

1

EQUITY'S OBJECTION, REQUEST FOR LEAVE TO FILE SURREPLY OR STRIKE NEW CONTENT, AND REQUEST FOR EVIDENTIARY HEARING                    CASE NO. 16-CV-01225-JSW

## I. Objection to Plaintiffs' Post-Trial Reply Brief

On August 26, 2024, Plaintiffs filed a 34-page Reply brief regarding post-trial restitution and injunctive relief that cited numerous new federal and state cases and other authorities. (ECF No. 565.) The Reply also made new factual arguments in "response" to the Declaration of Jenay Carnley that mischaracterized and misstated the facts. (*See id.*)

But new evidence and arguments are improper on reply. Generally, "reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Burnham v. City of Rohnert Park*, No. C 92-1439, 1992 WL 672965, at *1 n. 2 (N.D. Cal. May 18, 1992) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

Including new evidence or argument in a reply brief is improper because it does not allow the defendant an adequate opportunity to respond. *See Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (citations omitted).

## II. Request for Leave to File Surreply Or to Strike New Content

The Court should either strike these new arguments or give Equity leave to file a surreply. *Id.* (citations omitted); *accord. Dytch v. Yoon*, No. C-10-02915-MEJ 2011 WL 839421, at *3 (N.D. Cal., Mar. 7, 2011 (striking reply that raised new arguments for the first time).

Although generally disfavored, granting leave to file a surreply is warranted when "the movant raises new arguments in its reply brief." *Afifeh v. Ahmadabadi*, No. 2:22-CV-00928-SB-AFM) 2022 WL 3016147, at *1 (C.D. Cal., July 5, 2022); *Hill v. England*, No. CVF-05869-RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (internal quotations omitted).

2

EQUITY'S OBJECTION, REQUEST FOR LEAVE TO FILE    CASE NO. 16-CV-01225-JSW
SURREPLY OR STRIKE NEW CONTENT, AND
REQUEST FOR EVIDENTIARY HEARING

Courts in this district have repeatedly allowed surreply briefs to respond to new authorities raised for the first time in a moving party's reply. *E.g., Century Theaters, Inc. v. Travelers Property Cas. Co. of America*, No. C-05-3146 JCS) 2006 WL 708667, at *5 (N.D. Cal., Mar. 20, 2006) (granting request for leave to file surreply to address new authorities cited in reply brief).

For the reasons outlined above, the Court should similarly grant Equity leave to file a surreply or strike the new evidence and arguments Plaintiffs included for the first time in their reply brief.

### III. Request for Evidentiary Hearing

In its Opposition, Equity produced evidence in the form of a sworn declaration from Jenay Carnley showing that Equity has fully complied with this Court's post-trial findings of fact and that no injunction is necessary. In their Reply, Plaintiffs for the first time asserted objections to Ms. Carnley's declaration and made new factual arguments about purported post-trial conduct that Equity proposes to address in its surreply. (ECF No. 565, pp. 4-5 and n. 1-2.)

For the reasons set forth in Equity's Opposition and Equity's concurrently-filed proposed surreply, this Court should overrule Plaintiffs' evidentiary objections, reject Plaintiffs' arguments based on purported post-trial conduct, and deny Plaintiffs' request for a permanent injunction, particularly one that does anything more than enjoin Equity from charging the Standard Late Fee.

But if this Court is inclined to consider Plaintiffs' request for a permanent injunction that dictates the amount of Equity's future late fees or that prescribes what Equity can say to its residents, the Court should hold (and Equity therefore requests)

an evidentiary hearing regarding those issues. *See Charlton*, 841 F.2d at 989 (9th Cir. 1988) (reversing entry of a permanent injunction because "the injunction should not have been issued without a hearing on the merits"); *United States v. Microsoft Corp.*, 253 F.3d at 101 (D.C. Cir. 2001) (same).

Dated: September 4, 2024    **DUANE MORRIS LLP**

By: */s/Aaron T. Winn*
    Aaron T. Winn
    Justin J. Fields
    Karen L. Alexander
    John Sheldon Letchinger
    Attorneys for Defendants
    EQUITY RESIDENTIAL