Margaret McBride (SBN 294066)
mmcbride@clsepa.org
COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
1861 Bay Road
East Palo Alto, CA 94303
Tel:  (650) 326-6440
Fax:  (866) 688-5204

Linda M. Dardarian (SBN 131001)
ldardarian@dhkl.law
Andrew P. Lee (SBN 245903)
alee@dhkl.law
Katharine L. Fisher (SBN 305413)
kfisher@dhkl.law
DARDARIAN HO KAN & LEE
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel:  (510) 763-9800

Attorneys for Plaintiffs and the Certified Classes
(*Additional Counsel for Plaintiffs and the
Certified Classes listed on following page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAVANNI MUNGUIA-BROWN, ANGELINA MAGAÑA, NORMA RODRIGUEZ, DAVID BONFANTI, and SHANNAH SMITH individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>EQUITY RESIDENTIAL, a real estate investment trust, ERP OPERATING LIMITED PARTNERSHIP, a partnership, EQUITY RESIDENTIAL MANAGEMENT, L.L.C., EQR-WOODLAND PARK A LIMITED PARTNERSHIP, and EQR-WOODLAND PARK B LIMITED PARTNERSHIP,<br><br>        Defendants. | Case No.: 4:16-cv-01225-JSW-TSH<br><br>**CLASS ACTION**<br><br>**[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:      February 6, 2026<br>Time:     9:00 a.m.<br>Dept:      Courtroom 5<br>Before:  Hon. Jeffrey S. White<br><br>Trial Date:  June 8, 2023 |

Craig Nicholas (SBN 178444)
craig@nicholaslaw.org
Alex Tomasevic (SBN 245595)
alex@nicholaslaw.org
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
Tel:   (619) 325-0492
Fax:  (619) 325-0496

Attorneys for Plaintiffs and the Certified Classes

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:16-CV-01225-JSW-TSH

## [~~PROPOSED~~] ORDER

This matter comes before the Court upon consideration of Plaintiffs Javanni Munguia-Brown, Angelina Magaña, Norma Rodriguez, David Bonfanti, and Shannah Smith's ("Plaintiffs'") Motion for Preliminary Approval of Class Action Settlement. Having read the papers submitted, including the Settlement Agreement ("Settlement") attached as Exhibit A to the Declaration of Linda M. Dardarian in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and carefully considered the arguments and relevant legal authority, and for good cause appearing, the Court GRANTS Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Extension of Standard Late Fee Class Period** – Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court GRANTS Plaintiffs' motion to modify the Court's orders granting class certification (ECF No. 91) and extending the class period (ECF No. 315), to further extend the Standard Late Fee Class's recovery period to April 30, 2024. The Standard Late Fee Class is defined as:

> All Equity Residential tenants in the State of California who were first charged one or more late fee(s) under Equity Residential's "Standard Late Fee" provision: 5% of the outstanding balance owed (capped at 5% of the total amount of monthly recurring charges) or $50, whichever is greater, from September 3, 2010 through October 28, 2022.

The class membership period remains September 3, 2010 to October 28, 2022, as it was previously certified. ECF No. 388. This order extends the Standard Late Fee Class's recovery period, so it now covers late fees Equity charged to Standard Late Fee Class Members from September 3, 2010 to April 30, 2024, when Defendants stopped charging the Standard Late Fee.

2. The Court finds that the extension of the Standard Late Fee Class recovery period does not alter the Court's prior findings under Rule 23(a): the members of the Standard Late Fee Class remain so numerous that their joinder in the Action would be impracticable; (b) there continue to be questions of law and fact common to the Standard Late Fee Class which predominate over any individual questions; (c) Plaintiffs' claims remain typical of the claims of the Standard Late Fee Class; (d) Plaintiffs have fairly and adequately represented the interests of the Standard Late Fee Class and

1

947886.7

will continue to do so; and (e) Plaintiffs and the Standard Late Fee Class continue to be represented by qualified, reputable counsel who are experienced in prosecuting complex class actions.

3.      The Court finds that the requirements of Fed. R. Civ. P. 23(b)(3) continue to be met under the extended Standard Late Fee Class recovery period, because: (a) questions of law or fact common to the Standard Late Fee Class continue to predominate over any questions affecting only individual members; and (b) a class action remains superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      The Woodland Park Preexisting Lease Fee Class definition remains unchanged, and is defined as:

> All Equity Residential tenants in the Woodland Park Property from December 1, 2011 until Defendant sold the property in February 2016 who were charged one or more late fee(s) of $50 under Equity Residential's policy of charging a flat $50 late fee to tenants on pre-existing non-EQR leases.

5.      "Class Members" as used in this Order shall refer to members of either the Standard Late Fee Class or the Woodland Park Preexisting Lease Class unless otherwise specified.

6.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement Agreement.  The Court finds on a preliminary basis that the Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable to all Class Members, subject to further consideration at the Fairness Hearing to be conducted as described below. It appears that extensive evaluation of the merits has occurred, including through an 8-day trial in this matter, extensive post-trial briefing, and through the Court's issuance of its post-trial findings of fact and conclusions of law, such that Counsel for the Parties are able to reasonably evaluate their respective positions.  It also appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as avoid the delay and the risks presented by further litigation, including appellate litigation.  It further appears that the Settlement was reached as the result of Class Counsel's good faith, serious, and non-collusive arms-length consideration, guided by their significant knowledge and experience.

7.      **Settlement Hearing** – The Court will hold a Fairness Hearing on [earliest date eighteen (18) weeks after entry of this Order], at _____ a.m. in Courtroom 5 – 2nd Floor of the United
June 26, 2026 at 9:00

2

947886.7

States Federal Courthouse located at 1301 Clay Street, Oakland, California. At the Fairness Hearing, the Court will (a) determine whether the proposed Settlement is fair, reasonable and adequate to the Classes and should be granted final approval by the Court; (b) determine whether judgment should be entered dismissing the Action against Defendants with prejudice; (c) determine whether the proposed plan of distributing restitution and applying credits to Class Members under the Settlement is fair and reasonable and should be approved; (d) determine whether to approve Plaintiffs' Motions for Reasonable Attorneys' Fees, Costs, and Expenses and Class Representative Service Awards; and (e) consider any other matters that may properly be brought before the Court in connection with the Settlement.

8. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Fairness Hearing by video conference without further notice to the Classes. Any Class Member (or their counsel) who wishes to appear at the Fairness Hearing should consult the Court's docket and/or the Settlement Website for any change in the date, time, or format of the hearing.

9. **<u>Class Notice</u>** – The Court hereby approves, as to form and content, the proposed Notices, attached as Exhibits 3 and 4 to the Settlement Agreement. The Court finds that the manner and form of distribution of the proposed Notices set forth in the Settlement Agreement meet the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). The Court further finds that the Notices are easily understandable to Class Members and contain the information recommended in this District's Procedural Guidance for Class Action Settlements. Specifically, the Court finds that the Notices are reasonably calculated under the circumstances to apprise Class Members of the resolution of the pending Action, of the effect of the proposed Settlement on Class Members, including the class release, of Plaintiffs' planned Motions for Reasonable Attorneys' Fees, Costs, and Expenses and Class Representative Service Awards, of Class Members' rights to opt out of the Classes or to object to the Settlement, and of their right to appear at the Fairness Hearing.

10. The Court finds that the notice provisions of the Settlement are the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court appoints CPT Group as the Settlement Administrator. The Settlement Administrator shall

submit a declaration to the Court [one (1) week] in advance of Class Counsel's motion for Final Approval of the Class Action Settlement confirming compliance with the Settlement's notice provisions.

11. Accordingly, the Court orders the Parties to effectuate the class notice program set forth in the Settlement Agreement and as follows:

a. Prior to issuing notice, the Settlement Administrator shall perform a national change of address ("NCOA") database review of Class Members' mailing addresses and an email change of address "("ECOA") database review of Class Members' email addresses.

b. Within ten (10) days of this Order, Equity shall provide to the Settlement Administrator and Class Counsel updated Woodland Park Preexisting Lease Class and Standard Late Fee Class lists, which shall include each Class Member's name, ResidentID, updated mailing addresses and e-mail addresses, and last known phone number(s) (to the extent such information is in Equity's existing records).

c. Within twenty-eight (28) days of this Order, the Settlement Administrator shall provide notice to Class Members. The notice will inform each Class Member about the estimated amount of their payment and/or credit.

d. Where a Class Member's email address is available, the Settlement Administrator shall send the summary notice via email.

e. Where the email containing the summary notice is returned undeliverable and the Class Member's physical address is available, or a Class Member's email address is not available but the Class Member's physical address is available, the Settlement Administrator shall send the postcard notice by U.S. mail, postage prepaid to the physical mailing address.

f. For any emails or mailed notices that are returned undeliverable, the Settlement Administrator shall promptly notify Class Counsel and attempt to locate the Class Member through a skip trace to identify an alternative electronic or physical mailing address by which to effectuate notice (in addition to sending the postcard notice to

4

947886.7

class members whose email notice is returned undeliverable, as described above). If the skip trace is successful, the Settlement Administrator shall attempt one (1) additional email and/or one (1) additional physical mail execution for each Class Member.

g.    Before the dissemination of the Class Notices, the Settlement Administrator shall also post the long-form, summary, and postcard notices to the Settlement Website. The Settlement Website shall be designed to permit Class Members to readily and easily obtain information regarding the Settlement. Specifically, the Settlement Website will: (i) notify Class Members about their rights to opt out or exclude themselves from the Classes; (ii) notify Class Members of their right to object to the Settlement; (iii) inform Class Members that they should monitor the Settlement Website for further developments; (iv) inform the Class Members of their right to attend the Fairness Hearing conducted by the Court; (v) include any required notice of any motion(s) made by Class Counsel for any attorneys' fees, costs, and expenses and Class Representative service awards (when available); (vi) include copies of the Settlement Agreement, Complaint, case-specific contact information for the Settlement Administrator and Class Counsel, and other Court filings and orders relating to the Settlement; and (vii) include any other information or materials that may be required by the Court and/or agreed to by the Parties.

12.    **Opting Out of the Settlement** – Class Members may elect to opt out of receiving restitution under the Settlement. Class Members may not opt out of receiving account credits for late fees that were charged but not paid as of April 30, 2024. To opt out of the Settlement, Class Members must mail or email their request to opt out to the Settlement Administrator and must include the: (a) case name and number, *Munguia-Brown, et al. v. Equity Residential et al.*, 4:16-cv-01225-JSW-TSH; (b) their full name and all other names while living at Equity properties; (c) their address, phone number, and email (if they have one); and (d) their signature (handwritten or typed). Any request for exclusion or opt-out must be postmarked or submitted no more than forty-five (45) days after the initial distribution of the Notice. Class Members must opt out of the Settlement Class individually.

947886.7

13.    **Failure to Opt Out of the Settlement** – Any Class Member who does not timely and validly request exclusion from the Settlement in the manner stated in this order: (a) shall be deemed to have waived their right to be excluded from the Classes; (b) shall be bound by the provisions of the Settlement and all proceedings, determinations, orders, and judgments in the Action; and (c) fully, finally, and forever release, relinquish, and discharge, any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action under common law or statutory law (federal, state, or local) of every nature and description whatsoever, accrued or unaccrued, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims, up to the Notice Date that were asserted or that could have been reasonably asserted in this Action against any or all of the Released Parties that arise out of or are related in any way to Equity Residential charging or collecting the Standard Late Fee or Woodland Park $50 Late Fee (except to the extent that such late fees are at issue in any Class Member's unlawful detainer action and have not been adjusted in accordance with this Settlement).

14.    **Objecting to the Settlement** – Any Class Member who does not opt out of the Settlement may object to any aspect of the Settlement.  A written objection to the Settlement must (i) clearly identify the case name and number; (ii) be submitted to the Court by filing the written objection through the Court's Case Management/Electronic Case Files ("CM/ECF") system, by mailing the written objection to the Class Action Clerk for United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Oakland, California 94612, or by filing the written objection in person at any location of the United States District Court for the Northern District of California; (iii) state whether it applies only to the objector, to a specific subset of the Classes, or to the entire Standard Late Fee Class or Woodland Park Preexisting Lease Class, and also state with specificity the grounds for the objection; (iv) be signed by the objector and state their full name and current address; and (iv) be filed, postmarked, or submitted in person no later than forty-five (45) days after initial distribution of the Notice.

15.    The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of

947886.7

any Class Member's objection to the Settlement, in accordance with the due process rights of all Class Members.

16.     **Case Schedule** – In accordance with the above, the Court adopts the following schedule:

a.     Within twenty-eight (28) days after entry of this Order, Notice in the form of the email notice attached as part of Exhibit 3 to the Settlement Agreement, shall be emailed to all Standard Late Fee Class Members, and Notice in the form of the email notice attached as part of Exhibit 4 to the Settlement Agreement shall be emailed to all Woodland Park Preexisting Lease Class Members.  Notice in the form of the postcard notice attached as part of Exhibit 3 to the Settlement Agreement shall be mailed to all Standard Late Fee Class Members with no known valid email address, and Notice in the form of the postcard notice attached as part of Exhibit 4 to the Settlement Agreement shall be mailed to all Woodland Park Preexisting Lease Class Members with no known valid email address, using the mailing and email addresses from Defendants' records or as provided by the National Change of Address Database or the Email Change of Address Database.  This date shall be known as the "Class Notice Date."

b.     By [the date thirty-eight (38) days after entry of this Order], Plaintiffs shall file a Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses, and a Motion for Class Representative Service Awards.  Any responses shall be due on [the date two (2) weeks after the filing of Plaintiffs' Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses, and a Motion for Class Representative Service Awards], and Plaintiffs' reply briefs shall be due on [the date one (1) week after Equity's response to Plaintiffs' Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses, and a Motion for Class Representative Service Awards].  The hearing on those Motions shall be concurrent with the Fairness Hearing.

c.    The deadline to object to the Settlement or to opt out of the Settlement Class shall be forty-five (45) days after the date on which Class Notice is initially issued.

d.    Plaintiffs shall file a Motion for Final Approval by [the date twelve (12) weeks after entry of this Order].  Any responses to Plaintiffs' Motion for Final Approval shall be due on [the date two (2) weeks after the filing of Plaintiffs' Motion for Final Approval], and Plaintiffs' reply shall be due on [one (1) week after Equity's response to Plaintiffs' Motion for Final Approval].  The Parties shall file responses to objections, if any, by [the date one week before the Final Fairness Hearing].

17.    In the event the Court does not grant final approval of the Settlement, then the Settlement and all orders and findings entered in connection with the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

18.    All other proceedings in this case, other than proceedings necessary to carry out or enforce the terms and conditions of this Settlement and the Preliminary Approval Order, are stayed pending the Fairness Hearing.

**IT IS SO ORDERED.**

Dated: ___February 2, 2026_____

_____
HON. JEFFREY S. WHITE
United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:16-CV-01225-JSW-TSH

947886.7